Michael E. Piston
Attorney for Plaintiff
Michael E. Piston, PC
4000 Livernois, Suite 110
Troy, MI 48098
(248) 524-1936

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

VENKATA MARAMJAYA
20 Quaker Drive, Apt. 12
West Warwick, RI 02893
(301)592-7303

        Plaintiff,

vs.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, an agency of the United States government,
20 Massachusetts Avenue, N.W.
Washington, D.C. 20529
(202) 272-1000

        Defendant.

Case No.:

COMPLAINT

COMPLAINT - 1

Michael E. Piston, P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

## COMPLAINT

1. This is an action brought pursuant to section 10b of the Administrative Procedure Act, 5 U.S.C. § 702, seeking review of a decision of the United States Citizenship and Immigration Services in file no. LIN 03 204 53548, denying Covansys Corporation's petition for immigrant worker upon behalf of plaintiff Venkata Maramjaya under section 203(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1153(b)(3).

2. This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq., and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

3. The defendant, United States Citizenship and Immigration Services (hereinafter USCIS), is an agency of the United States government residing in the District of Columbia.

4. The plaintiff, Mr. Venkata Maramjaya, is a citizen of India lawfully residing in the State of Rhode Island as a specialty

COMPLAINT - 2

Michael E. Piston, P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

occupation worker pursuant to the provisions of 8 U.S.C. 1101(a)(15)(H)(i)(B).

5. Pursuant to 28 U.S.C. § 1391(e), venue is proper in the District of Columbia, the residence of the defendant USCIS.

6. On June 19, 2003, Covansys Corporation filed a petition with the defendant USCIS to classify plaintiff Maramjaya as a professional or skilled worker under section 203(b)(3)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1153(b)(3)(A)(i).

7. Filed with the USCIS in support of this petition was, among other things, an application for alien employment certification offering employment as a Programmer Analyst to plaintiff Maramjaya, certified by the Secretary of Labor pursuant to section 212(a)(5)(A) of the Act, 8 U.S.C. § 1182(a)(5)(A) on Form ETA 750.

8. This certification indicated that the qualifications needed to fill the proffered position were a "Bachelor's or equivalent in Computer Sc., MIS or Engrg" and 1 year experience in the job offered or in the alternative occupations of "Systems Analysis &/or programming &/or S/W Engrg &/or Computer Consulting" and "Work expr. with Java and DB2".

COMPLAINT - 3

Michael E. Piston, P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

9. Also filed in support of this petition was evidence that plaintiff Maramjaya held a Diploma in Electronics and Communication Engineering from the State Board of Technical Education and that he had completed the Sections A & B Examinations of the Institution of Engineers (India) in 1995 and was so awarded Associate Membership in the Institution of Engineers (India).

10. Further submitted in support of this petition were foreign academic credentials evaluations from Foundation for International Services, Inc. and Multinational Educational and Information Services, Inc. concluding that plaintiff Maramjaya's completion of the Sections A & B Examinations of the Institution of Engineers (India) is equivalent to the award of a Bachelor of Engineering degree in Electronics Engineering from an accredited university in the United States.

11. Further submitted in support of this petition were letters from the following:

Government of India Ministry of Education and Social Welfare

COMPLAINT - 4

Michael E. Piston, P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

stating that the Government of India recognizes that the passing of Sections A&B examinations of the Institution of Engineers (India) is at par with a Bachelor's Degree in the appropriate field of Engineering from a recognized Indian University; The Assistant Registrar of Osmania University certifying that passing Sections A&B of this examination is equivalent to a B.E. of Osmania University; The Institution of Engineers (India) certifying that passing Sections A&B Examinations are equivalent to four-year Bachelor of Engineering or Bachelor of Technology degrees from Indian Universities; and a statement from said Institution's website listing the Indian Institutes and Universities that recognize Associate Membership in the Institution of Engineers (India) as equivalent to a Bachelor's degree in Engineering.

12. Finally, submitted in support of this petition was evidence that the plaintiff Maramjaya possessed all of the experience required for the proferred position at the time of the filing of the form ETA 750.

Michael E. Piston, P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

13. Nevertheless, on May 27, 2004 the Director of the USCIS's Nebraska Service Center issued a decision denying the petition on the grounds that "the petitioner has not demonstrated that the beneficiary met the minimum requirements at the time Form ETA-750 was accepted."

14. Upon information and belief, the USCIS issued this denial because it determined that Mr. Maramjaya's foreign education was not the equivalent of a U.S. bachelor's degree, merely because it was not obtained in a single 4 year baccalaureate degree program.

15. Although the petitioner subsequently appealed this decision to the USCIS's Administrative Appeals Office ("AAO"), it was affirmed by the AAO.

## COUNT I

### DEFENDANT USCIS'S DECISION IS NOT IN ACCORDANCE WITH THE LAW IN THAT IT IS INCONSISTENT WITH LEGACY INS PRECEDENTS AND POLICY

16. 5 U.S.C. § 706 provides that a court reviewing a final

COMPLAINT - 6

Michael E. Piston, P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

administrative decision shall—

(1) compel agency action unlawfully withheld or unreasonably delayed; and
(2) hold unlawful and set aside agency action, findings, and conclusions found to be—
(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
(B) contrary to constitutional right, power, privilege, or immunity;
(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
(D) without observance of procedure required by law;
(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.
In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

17. The Immigration and Naturalization Service, the agency predecessor to the defendant USCIS, repeatedly held that "experience may be substituted for formal education" for the purpose of establishing that a petition beneficiary had the equivalent of a U.S. baccalaureate degree. *See, e.g.* Matter of Sea, Inc., 19 I. & N. Dec. 817 (Com 1988), Matter of Caron International, Inc., 19 I&N Dec. 791 (Comm. 1988), Matter of Portugues Do

COMPLAINT - 7

Michael E. Piston, P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

Atlantico Information Bureau, Inc., 19 I&N Dec. 194 (Comm. 1984), Matter of Yaakov, 13 I&N Dec. 203 (R.C. 1969); Matter of Arjani, 12 I&N Dec. 649 (R.C. 1967); Matter of Sun, 12 I&N Dec. 535, (D.D. 1966), Matter of Bienkowski, 12 I&N Dec. 17 (D.D. 1966); and Matter of Devnani, 11 I&N Dec. 800 (Acting D.D. 1966).

18. Regulations promulgated by the Immigration and Naturalization Service to implement the changes to immigrant visa classifications set forth in the Immigration Act of 1990 expressly state that "[p]ersons formerly qualifying for third preference by virtue of education and experience equating to a bachelor's degree will qualify for the third employment category as skilled workers with more than two years of training and experience." 56 Fed.Reg. 60897, 60899-60900 (November 29, 1991).

19. Defendant USCIS's denial of Covansys Corporation's petition for immigrant worker upon behalf of Mr. Maramjaya is inconsistent with the aforementioned decisions and regulatory comments and therefore not in accordance with the law.

## COUNT II

### DEFENDANT USCIS'S DECISION IS NOT IN ACCORDANCE WITH THE LAW IN THAT IT IS INCONSISTENT WITH DOL POLICY

COMPLAINT - 8

4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

20. The plaintiff adopts by reference all of the foregoing averments.

21. The Department of Labor and the employer, not the USCIS, have the authority to set the requirements for the position proferred in the labor certification. Castaneda-Gonzalez v. Immigration & Naturalization Service, 183 U.S. App. D.C. 396 (D.C. Cir. 1977); Rosedale & Linden Park Co. v. Smith, 595 F. Supp. 829, 833 (D.C.D.C. 1984), Grace Korean United Methodist Church v. Chertoff, 437 F. Supp. 2d 1174 (D. Ore. 2005); Snapnames.Com, Inc. v. Chertoff, 2006 U.S. Dist. LEXIS 87199 (D. Ore. 2006).

22. Accordingly, Defendant USCIS's determination that Mr. Maramjaya's education could not be considered the equivalent of a U.S. Bachelor's degree because it was not obtained in a single four year degree program is not in accordance with the law in that it failed to interpret the requirements for this position in a manner consistent with Department of Labor, which rejected the claim that the requirement of a bachelor's degree in a particular field or its

COMPLAINT - 9

Michael E. Piston, P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

equivalent could only be satisfied by a single four year degree in *Syscorp International*, 89-INA-212 (BALCA 1991).

23. Further, Defendant USCIS's determination that Mr. Maramjaya's education could not be considered the equivalent of a U.S. Bachelor's degree because it was not obtained in a single four year degree program is not in accordance with the employer's intent in establishing the degree requirement, since it is apparent that the employer did not require that the degree requirement be satisfied only with a single four year degree.

## COUNT III

**DEFENDANT USCIS'S DECISION IS ARBITRARY, CAPRICIOUS AND AN ABUSE OF DISCRETION IN THAT IT IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE**

24. The plaintiff adopts by reference all of the foregoing averments.

25. The USCIS's decision denying this petition was arbitrary, capricious, an abuse of discretion and not in accordance with the law in that the record contained conclusive evidence that Mr.

COMPLAINT - 10

Michael E. Piston, P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

Maramjaya did in fact meet the minimum requirements for the proffered position at the time Form ETA-750 was accepted by the Department of Labor, and therefore the USCIS's conclusion to the contrary is not supported by substantial evidence.

## RELIEF REQUESTED

Therefore, it is respectfully requested that this court hold unlawful and set aside the decision of the defendant USCIS denying Covansys Corporation's petition for immigrant worker, file no. LIN 03 204 53548, upon behalf of Mr. Venkata Maramjaya under section 203(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1153(b)(3) on the grounds that it is arbitrary, capricious, an abuse of discretion and/or not in accordance with the law, direct the defendant to approve said petition, and grant the plaintiff such additional relief as may be appropriate.

COMPLAINT - 11

Michael E. Piston, P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

Dated this 11th day of December, 2006

_(signature)_

Michael E. Piston MI002
Michael E. Piston, P.C.
4000 Livernois Road, Ste. 110
Troy, MI 48098
(248)524-1936 telephone
(248)680-0627 facsimile
michael@piston.net

MARAMJAYA v. USCIS / Complaint

COMPLAINT - 12

Michael E. Piston, P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
VENKATA MARAMJAYA

## DEFENDANTS
U.S. CITIZENSHIP & IMMIGRATION SERVICES, an agency of the U.S. government

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael E. Piston
Michael E. Piston, P.C.
4000 Livernois, Suite 110, Troy, MI 48098
(248) 524-1936

CASE NUMBER  1:06CV02158

JUDGE: Royce C. Lamberth

DECK TYPE: Administrative Agency Rev.

DATE STAMP: 12/20/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S Government Plaintiff
- ● 2 U.S Government Defendant
- ○ 3 Federal Question (U.S Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ● C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

V. ORIGIN
⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE).
8 U.S.C.§1101 et seq., and 5 U.S.C.§701 et seq.; Seeking review of USCIS decision denying petition for immigrant worker.

VII. REQUESTED IN COMPLAINT    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ _____ JURY DEMAND:  YES ☐  NO ☒    Check YES only if demanded in complaint

VIII. RELATED CASE(S) IF ANY    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form

DATE 12/03/06    SIGNATURE OF ATTORNEY OF RECORD [signature]

12/19/06

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

JTC