# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
**VENKATA MARAMJAYA,**                  )
)
          **Plaintiff,**              )
)      **Civil No. 06-2158 (RCL)**
     **v.**                              )
)
**UNITED STATES CITIZENSHIP AND**       )
**IMMIGRATION SERVICES,**               )
)
        **Defendant.**              )
_____)

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant, United States Citizenship and Immigration Services ("USCIS"), by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves to dismiss this case, pursuant to Fed. R. Civ. P. Rule 12(b)(6) or, in the alternative, for summary judgment pursuant to Rule 56.  As set forth in the accompanying memorandum, plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted.  Alternatively, there are no genuine issues in dispute, and defendant is entitled to judgment as a matter of law. In support of this motion, defendant respectfully submits the attached Memorandum of Points and Authorities with Exhibits attached thereto, a Statement of Material Facts Not in Genuine Dispute, and a proposed Order.

Respectfully submitted,


 /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


 /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


 /s/
MARIAN L. BORUM
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
202-514-6531

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VENKATA MARAMJAYA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )    **Civil No. 06-2158 (RCL)** |
| **v.** | ) |
| | ) |
| **UNITED STATES CITIZENSHIP AND** | ) |
| **IMMIGRATION SERVICES,** | ) |
| | ) |
| **Defendant.** | ) |

## STATEMENT OF MATERIAL FACTS
## AS TO WHICH THERE IS NO GENUINE DISPUTE

Pursuant to Local Civil Rule 7(h), Defendant hereby provides the following Statement of Material Facts As to Which There Is No Genuine Dispute:

1. Plaintiff brought this case pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq., and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., seeking review of a decision of the United States Citizenship and Immigration Services ("USCIS").  Complaint at ¶ 1.

2. On June 19, 2003, plaintiff, Venkata Maramjaya, was the beneficiary on an Immigration Petition for Alien Worker ("I-140").  See Exhibit 1 (Immigration Petition for Alien Worker); Complaint at ¶ 6.

3. The I-140 was filed on plaintiff's behalf by Covansys Corporation (the "Corporation"), located in Farmington Hills, Michigan.  See Exhibit 1.

4. The Corporation sought to classify plaintiff as a professional or skilled worker pursuant to 203(b)(3)(A) of the Immigration and Nationality Act  ("INA"), 8 U.S.C. § 1153(b)(3), specifically as a Programmer/Analyst.  See id.

5.  Pursuant to Section 212(a)(5)(A) of the INA, 8 U.S.C. § 1182(a)(5)(A), the Corporation filed an Application for Alien Employee Certification ("ETA 750") with the Department of Labor for approval.  Complaint at ¶ 7; see Exhibit 2 (U.S. Department of Labor, Employment and Training Administration, Final Determination, dated November 18, 2002).

6.  Part of this application process required that the Corporation state the minimum acceptable requirements for the offered position.  See Exhibit 2.

7.  In support of this requirement, the Corporation indicated that the "minimum education, training, and experience" to perform the job was a four year college degree with a "Bachelor's or equivalent."  The major field of study was Computer Science or MIS Engineering. See Exhibit 2.  In addition, one year of experience was required in the job offered or a related occupation.  Id.  The related occupation could be "Systems Analysis &/or Programming &/or S/W Eng[ineering] &/or Computer Consulting."  Id.

8.  Pursuant to 20 C.F.R. 656 and the INA, the Department of Labor, Employment and Training Administration, certified the Corporation's ETA 750.  See Exhibit 3.  The Corporation was instructed to attach the ETA 750 to the I-140 petition, and file it with the Immigration and Naturalization Service, Nebraska Service Center.  See id.

9.  On May 27, 2004, the Nebraska Service Center of the INS denied the Corporation's I-140 petition because the Corporation had not demonstrated that plaintiff met the minimum requirement that he "have a Bachelor's or equivalent degree in Computer Services, MIS, or Engineering."  See Exhibit 4 (Immigration and Naturalization Service, Nebraska Service Center Decision, dated May 27, 2004).

2

10. On June 22, 2004, Covansys Corporation appealed the denial to the United States Department of Homeland Security, Bureau of Citizen and Immigration Services, Administrative Appeals Office.[1]  See Exhibit 5 (Notice of Appeal to the Administrative Appeals Unit).

11. On November 22, 2005, the Administrative Appeals Office ("AAO") affirmed the denial and dismissed the appeal.  See Exhibit 6 (U.S. Citizenship and Immigration Service Decision, dated November 22, 2005).  The AAO concluded that plaintiff had not established that the intended beneficiary met the requirements of the ETA.[2]

12. On January 3, 2007, plaintiff filed this action claiming *inter alia* that USCIS's denial of his I-140 petition was arbitrary, capricious, an abuse of discretion and not in accordance with the law.  See Complaint at ¶ 25.[3]

13. By letter dated March 7, 2007, the USCIS Nebraska Service Center informed plaintiff that the AAO was reopening his matter "for purposes of entering a new decision," pursuant to 8 C.F.R. § 103.5(a)(5)(ii).  See Exhibit 7 (U.S. Citizenship and Immigration Service Correspondence, dated March 7, 2007).

---

[1]"Pursuant to the Homeland Security Act of 2002, the Immigration and Naturalization Services was abolished.  6 U.S.C. § 271.  On March 1, 2003, most of the functions of the INS were transferred to the Department of Homeland Security.  Duncan v. Samuels, No. 07-1494, 2007 WL 1674551, at *1-2, n.2 (D.N.J. June 8, 2007) (citing Authority of the Secretary of Homeland Security; Delegations of Authority; Immigration Laws, 68 Fed. Reg. 10922 (March 6, 2003)).  U.S. Citizenship and Immigration Services assumed the Immigration and Naturalization Service's responsibilities concerning immigration related services and benefits.  Id.  See Castillo v. Ridge, 445 F.3d 1057 (8th Cir. 2006).

[2]The AAO also noted that the Corporation filed a prior I-140 petition on plaintiff's behalf which indicated that plaintiff's "1990 diploma in electronics and communication engineering . . . [received in] India [wa]s the equivalent of a U.S. high school [diploma] and associate's degree."  See id. at 3.  However, in the instant I-140 petition, the Corporation indicated that plaintiff's 1990 diploma was equivalent to a United States Bachelor's degree.  See id.

[3]Covansys Corporation did not file this action.

14.  The Corporation was "permitted a period of 30 days in which to submit a brief."  Id.

15.  By letter dated June 4, 2007, the AAO informed plaintiff that it appeared that the labor certification submitted by the Corporation contained a misrepresentation of material fact because it did not appear that plaintiff had "a four-year bachelor's degree in electronics and communications engineering as represented . . . ."  Exhibit 8 (Notice of Derogatory Information, dated June 4, 2007) at p. 3.

16.  Because plaintiff must resolve any inconsistencies in the record, plaintiff was provided thirty days to respond to the Notice of Derogatory information before the AAO rendered it final decision.  Id. at 4-5.[4]

<div style="margin-left: 40%;">

Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/_____
MARIAN L. BORUM, D.C. BAR #435409
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W. - Civil Division
Washington, D.C.  20530
202-514-6531
Counsel for Defendant

</div>

---

[4]The thirty days expire on July 5, 2007.  However, Plaintiff's Complaint challenges USCIS's denial of the I-140 petition submitted on his behalf by the Corporation.  See Complaint at ¶ 1. Therefore, regardless of the decision regarding the Notice of Derogatory Information, defendant's motion to dismiss or, in the alternative, for summary judgment, should be granted.  Decisions of USCIS regarding I-140 petitions require deference, and USCIS's actions were in accordance with the law.  See infra.

Of Counsel:

Allen Kenny
Service Center Counsel
U.S. Department of Homeland Security
Citizen and Immigration Services
Nebraska Service Center
P.O. Box 82521
Lincoln, Nebraska  68501

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

—————————————————————————
                                                    )
**VENKATA MARAMJAYA,**                              )
                                                    )
                    **Plaintiff,**                  )
                                                    )        **Civil No. 06-2158 (RCL)**
          **v.**                                    )
                                                    )
**UNITED STATES CITIZENSHIP AND**                   )
**IMMIGRATION SERVICES,**                           )
                                                    )
                    **Defendant.**                  )
—————————————————————————)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
**OF DEFENDANT'S MOTION TO DISMISS OR, IN**
**THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Plaintiff brought this action pursuant to the Immigration and Nationality Act, 8 U.S.C. §

1101 et seq., and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., seeking review of the

decision of the United States Citizenship and Immigration Services ("USCIS") denying an

Immigration Petition for Alien Worker ("I-140") which was filed on plaintiff's behalf.  Plaintiff

complains that the decision was arbitrary, capricious, an abuse of discretion and[] not in

accordance with the law . . . ."  See Complaint at p. 11.  However, the I-140 was properly denied.

USCIS decisions regarding the admission of aliens into the United States are entitled to

deference.  In addition, USCIS's actions were in accordance with the law, and were not arbitrary,

capricious or an abuse of discretion.

Accordingly, plaintiff's claims should be dismissed under Fed. R. Civ. P. 12(b)(6).  In the

alternative, summary judgment should be granted because there are no genuine issues of material

fact in dispute, and defendant is entitled to judgment as a matter of law.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Covansys Corporation's Submission of the I-140 Petition

Plaintiff, Venkata Maramjaya, is a citizen of India, who resides in Rhode Island.

Complaint ¶ 1.   On or about March 1, 1999, plaintiff became employed by the Covansys

Corporation (the "Corporation"), located in Famington Hills, Michigan.   See Exhibit 9 (ETA

Form 9089, U.S. Department of Labor, Application for Permanent Employment Certification, p.

7).  On June 19, 2003, the Corporation, on plaintiff's behalf, filed an I-140 petition with USCIS.

Complaint at ¶ 6, 7.  This petition sought plaintiff's "classif[ication] as a professional or skilled

worker under Section 203(b)(3)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. §

1153(b)(3)(A)(i)[, specifically as a Programmer Analyst.]  Id.

As required by applicable regulations, prior to filing the I-140 petition, the Corporation

submitted an Application for Alien Employee Certification ("ETA-750" or "labor certification")

with the Department of Labor ("DOL").[1]   See Exhibit 2.  As part of this application process, on

Part 14 of the ETA 750, the employer must "[s]tate in detail the MINIMUM education, training,

and experience for a worker to perform satisfactory (sic) the job duties . . . ."  Id.  In support of

this requirement, the Corporation indicated, on Part 14 of the ETA 750, that the minimum

education, training, and experience required to perform the job was a four year college degree

with a "Bachelor's or equivalent."   Id.  The major field of study was Computer Science or MIS

Engineering.  See id.  In addition, one year of experience was required in the job offered or a

related occupation.  Id.  The related occupation could be "Systems Analysis &/or Programming

&/or S/W Eng[ineering] &/or Computer Consulting."  Id.

_____

[1]This requirement by DOL ensures that United States workers are not displaced or their
working conditions diminished as a result of foreign recruitment.

On November 18, 2002, the Department of Labor, Employment and Training

Administration, approved the Corporation's ETA 750.  <u>See</u> Exhibit 3.  The Corporation was

instructed to attach the ETA 750 to the I-140 petition, and forward it to USCIS for review.  <u>See</u>

<u>id</u>.  Plaintiff filed the I-140, ETA 750 and evidence of plaintiff's foreign academic credentials

with USCIS.  Complaint at ¶¶ 9-12.

### B.  USCIS's Denial of the I-140 Petition

On May 27, 2004, USCIS denied the Corporation's I-140 petition.  <u>See</u> Exhibit 4.  The

denial was based upon the fact that "the petitioner ha[d] not demonstrated that the [plaintiff] met

the minimum requirements[, as stated in Part 14 . . . of the] ETA 750 . . . ."  <u>Id</u>.  USCIS noted

that the Corporation merely had "resubmitted a duplicate petition of a previously denied petition

on behalf of [plaintiff].  With th[e current petition,] the [Corporation] . . . submitted a new

foreign academic credential evaluation . . . ."  <u>Id</u>.[2]  This evaluation assessed plaintiff's academic

credentials and concluded that they were equivalent to a U.S. bachelor's degree.  However, the

previous petition indicated that plaintiff's academic credentials were equivalent to a U.S. high

school diploma and Associate's degree.  USCIS informed the Corporation that "where

inconsistencies appear in the record, it is incumbent on the petitioner to resolve or explain those

discrepancies by independent, objective evidence."  <u>Id</u>. (citing <u>Matter of Ho</u>, 19 I&N Dec. 582

(BIA 1988)).

### C.  Appeal to the Administrative Appeals Office

The Corporation appealed USCIS's denial of the petition to the Bureau of Citizen and

Immigration Services, Administrative Appeals Office ("AAO").  <u>See</u> Exhibit 5.  On November

---

[2]USCIS noted that "foreign credential[] assessments are non-binding evaluations."  <u>Id</u>.

22, 2005, the AAO affirmed the decision of USCIS, and dismissed the appeal.  See Exhibit 6.  In

its decision the AAO noted that, on December 27, 2002, the petitioner had filed a previous I-140

petition for plaintiff which was denied.[3]  For the current petition, the Corporation merely re-

submitted much of same evidence as that submitted with the December 27, 2002 petition.

       The Corporation argued that, although plaintiff did not have the required four years of

college culminating in a bachelor's degree, "the Indian government recognize[d] passage of

sections A and B of the Institution of Engineers examination as the equivalent of a bachelors

degree.  Id. at 4.  The Corporation also submitted two new credential evaluations.[4]  Nevertheless,

the AAO found that "[n]one of the [credential] evaluations submitted demonstrate[d] that

[plaintiff] ha[d] a U.S. bachelor's degree or an equivalent foreign degree."  Id.  "The various

submissions stating that the beneficiary's Associate Membership Certificate from the Institution

of Engineers in India is the equivalent of a U.S. bachelor's degree d[id] not demonstrate that it

[was], in fact, a bachelor's degree or a foreign equivalent degree."  Id.  The AAO stated that

---

[3]With the December 27, 2002 petition, the Corporation submitted, inter alia, an August 19, 1998 report from a credential evaluation service.  That report stated that:
> the petitioner's 1990 diploma in electronics and communication engineering from the State Board of Technical Education and Training in Andra Pradesh, India [was] the equivalent of a U.S. high school graduation and associates degree. [In addition, petitioner's] . . . Associate Membership Certificate from the Institution of Engineers in India was attained through [his] previous education and professional experience and an examination, and . . . it is the equivalent of a U.S. bachelor's degree.

Id. at 3.  This petition was denied because the evidence submitted did not establish that plaintiff actually had a United States bachelor's degree or an equivalent foreign degree.  In addition, it appeared that plaintiff's associate membership in the Institution of Engineers was attained, not through four years of college studies, but, in part, through education, experience and an examination.  Id.

[4]A credential evaluation, dated December 2, 2003, stated that the plaintiff's "passage of the A and B examinations of the Institution of Engineers is equivalent, in itself, to a bachelor's degree." Id.  A credential evaluation, dated January 2, 2004, stated that "the passage of those examinations and [plaintiff's] education, taken together, [were] the equivalent of a bachelor's degree."  Id.

plaintiff was "obliged to show, not that [plaintiff's] degree plus additional education and employment experience [were] the equivalent of a U.S. bachelor's degree, but that [plaintiff] ha[d] either a U.S. bachelor's degree or a foreign degree that [was] the equivalent of a U.S. bachelor's degree." Id. at 4-5. This was because the laws and regulations pertinent to the I-140 visa category did not sanction a substitution for a bachelor's degree. Id. at 5.

> The AAO held that:
>
> > To determine whether a beneficiary is eligible for [this] visa, the [USCIS] must ascertain whether [plaintiff] is in fact qualified for the certified job. In evaluating [plaintiff's] qualifications, [USCIS] must look to the [ETA 750 or] labor certification to determine the required qualifications for the position.

Id. Here, the ETA 750 plainly expressed that a four year college degree with a Bachelor's degree or equivalent was necessary to perform the job. "The Service may not ignore a term of the labor certification, nor may it impose additional requirements." Id. (citing Matter of Silver Dragon Chinese Rest., 19 I&N Dec. 401, 406 (Comm. 1986); Madany v. Smith, 696 F.2d 1008 (D.C. Cir. 1983); Stewart Infra-Red Commissary of Mass., Inc. v. Coomey, 661 F.2d 1 (1st Cir. 1981)). Therefore, plaintiff's I-140 petition for classification as a professional or skilled worker was denied.

## II.  STANDARD OF REVIEW

### A.      The Legal Standard for a Motion to Dismiss under Rule 12(b)(6)

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate if it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle [plaintiff] to relief." See Conley v. Gibson, 355 U.S. 41, 45-46, (1957); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). The Court must treat the Complaint's factual allegations as true, Leatherman v. Tarrant County

Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993), and must grant plaintiff

"the benefit of all inferences that can be derived from the facts alleged."  Schuler v. United

States, 617 F.2d 605, 608 (D.C. Cir. 1979); see Nix v. Hoke, 139 F.Supp.2d 125, 131 (D.D.C.

2001).  However, "the Court need not accept inferences drawn by the plaintiff if those inferences

are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's

legal conclusions."  Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1

(D.D.C. Oct. 31, 2000) (citing Nat'l Treasury Employees Union v. United States, 101 F.3d 1423,

1430 (D.C. Cir. 1996); Kowal v. MCI Comm. Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

Where matters outside the pleadings are presented to the court in support of a motion to dismiss

under Fed. R. Civ. P. 12(b)(6), the motion shall be treated as a motion for summary judgment

and disposed of under Fed. R. Civ. P. 56.

### B.  The Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate when the pleadings and evidence demonstrate that no

genuine issue of material fact exists such that the moving party is entitled to judgment as a matter

of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538,

1540 (D.C. Cir. 1995).  A genuine issue is one that could change the outcome of the litigation.

See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 243 (1986).  The evidence and the inferences

drawn therefrom must be considered in the light most favorable to the nonmoving party.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The party moving

for summary judgment need not prove the absence of an essential element of the nonmoving

party's case.  Celotex, 477 U.S. at 325.  Once the moving party has met its burden, the non-

movant may not rest on mere allegations, but must proffer specific facts showing that a genuine

issue exists for trial.  Matsushita, 475 U.S. at 586; Hayes v. Shalala, 902 F.Supp. 259, 263

(D.D.C. 1995) (opposition to summary judgment must consist of more than mere unsupported

allegations or denials); Johnson v. Digital Equip. Corp., 836 F.Supp. 14, 18 (D.D.C. 1993)

(evidence that is merely colorable or not sufficiently probative is insufficient to defeat summary

judgment); Baton v. Powell, 912 F.Supp. 565, 578 (D.D.C. 1996).

## IV.  ARGUMENT

### A.  Plaintiff's Claim for Relief is Moot

In his Complaint, plaintiff asks that defendant's decision denying the Corporation's I-140

petition be set aside, and that he be granted "additional relief as may be appropriate."  Complaint

at ¶ 11.  However, on December 17, 2004, plaintiff was no longer employed by Covansys

Corporation. See Exhibit 9, p. 7.  On January 11, 2007 Igate Mastech, in Pittsburgh,

Pennsylvania, filed an I-140 petition on plaintiff's behalf to classify plaintiff as a Skilled Worker,

specifically a programmer analyst.  See Exhibit 10 (I-140, Immigrant Petition for Alien Worker,

filed by Igate Mastech).  Igate Mastech specified that equivalent education, training or experience

*could be substituted for the bachelor's degree requirement*.  See Exhibit 9, p. 3.  Therefore, on

January 17, 2007, Igate Mastech's I-140 petition in the Skilled Worker classification was

approved. See Exhibit 10, p. 1.[5]

Here, plaintiff, not Covansys Corporation, has filed this Complaint.  See generally

Complaint.  No evidence has been presented that Covansys Corporation continues to seek the

employment of plaintiff as a programmer analyst, and requires the petitioned for I-140.

Currently, plaintiff is employed by a different corporation, and that corporation's I-140 petition

---

[5]The first I-140 Igate Mastech Corporation filed on plaintiff's behalf was denied because it
specified that the employee must have a bachelor's degree.  See Exhibit 11 (U.S. Citizenship and
Immigration Services Decision, dated August 8, 2006).

on behalf of plaintiff was granted.  See Exhibit 10, p. 1.  Therefore, to the extent that plaintiff

requests relief in the form of the granting of an I-140 petition, this has been done.  Therefore,

plaintiff's claim is moot.[6]

**B.  USCIS's Decisions Regarding the Admission of Aliens Requires Deference**

The APA empowers a court to "hold unlawful and set aside agency action, findings, and

conclusions found to be . . . arbitrary, capricious, as abuse of discretion, or otherwise not in

accordance with law" or "in excess or statutory jurisdiction, authority, or limitations, or short of

statutory right."  5 U.S.C. § 706(2)(A), (C).  See Citizens to Preserve Overton Park, v. Volpe,

401 U.S. 402, 413-15 (1971).  Although the judiciary bears the responsibility under the APA to

set aside agency decisions that meet this description, see MD Pharm., Inc. v. Drug Enforcement

Admin., 133 F.3d 8, 16 (D.C. Cir. 1998), "[t]he scope of review under the 'arbitrary and

capricious standard' is narrow and a court is not to substitute its judgment for that of the agency."

Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983); see also

IKEA U.S., Inc. V. INS, 48 F.Supp.2d 22, 23 (D.D.C. 1999), aff'd, 1999 WL 825428 (D.C. Cir.

1999).  Rather, the court's task is to determine whether the agency's decision is "within he

bounds of reasoned decision making."  Baltimore Gas & Elec. Co. v. Natural Res. Defendant.

Council, 462 U.S. 87, 105 (1983).  Agency action is arbitrary or capricious "only when it is so

implausible that it could not be ascribed to a difference in view or the product of agency

expertise."  Wilson v. U.S. Dep't of Agric., 991 F.2d 1211, 1215 (5th Cir. 1993), cert. denied, 510

U.S. 1192 (1994).  This highly deferential standard presumes the agency action to be valid.  See

---

[6]Indeed, it is highly questionable whether plaintiff has standing to bring this lawsuit.  Cf.
Blacker, et al v. Ridge, 436 F.Supp.2d 602, 606 (S.D.N.Y. 2006)(employer, not alien employee has
standing to challenge immigration officials' denial of employee's H1-B visa which employer had
filed on employee's behalf).

Kisser v. Cisneros, 14 F.3d 615, 619 (D.C. Cir. 1994); see also Int'l Bhd. of Teamsters v. United

States, 735 F.2d 1525, 1534 (D.C. Cir. 1984).

Furthermore, "[w]hen an agency interprets its own administrative regulation promulgated

under the statute charged to its administration, the court owes a high degree of deference."

Jersey Shore Broad. Corp. v. FCC, 37 F.3d 1531, 1536 (D.C. Cir 1994); see Lyng v. Payne, 476

U.S. 926, 939 (1986) ("agency's construction of its own regulations is entitled to substantial

deference"); Chevron v. Natural Res. Defendant. Council, Inc., 467 U.S. 837, 844 (1984).

"[T]he well-reasoned views of the agencies implementing a statute 'constitute a body of

experience and informed judgment to which courts and litigants may properly resort for

guidance.'" Bragdon v. Abbott, 524 U.S. 624, 642 (1998) (quoting Skidmore v. Swift & Co.,

323 U.S. 134, 139-140 (1944)).  Courts "have long recognized that considerable weight should

be accorded to an executive department's construction of a statutory scheme it is entrusted to

administer, and the principle of deference to administrative interpretations."  Chevron, 467 U.S.

at 844.  See Yellow Transp. Inc. v. Mich., 537 U.S. 36 (2002) (holding that the agency's

interpretation of the statue it was charged with implementing was a permissible reading of the

statutory language and reasonably resolved any ambiguities).

In visa petition proceedings, like an I-140 petition, the district court's review is limited.

The court is to examine the record to ensure that the Agency's decision "was based on a

consideration of the relevant factors and that the decision was not clear error."  IKEA U.S., Inc.,

48 F.Supp.2d at 23.  Courts have found that USCIS "abuses its discretion by making decisions

without rational explanation, departing inexplicably from established policies, or discriminating

invidiously against a particular race or group.  See Rodriguez-Rivera v. INS, 93 F.2d 169, 170

(8th Cir. 1993).  USCIS's interpretation of its regulations is accorded substantial deference and is

controlling "unless it is plainly erroneous or inconsistent with the regulation." Id. (citations omitted).

In Occidental Eng'r Co. v. INS, 73 F.2d 768 (9th Cir. 1985), the court held that INS's interpretation of the Immigration and Nationality Act is entitled to deference and should be accepted unless it is demonstrably irrational or clearly contrary to the plain meaning of the statute. In that case, the Court found that the petitioning business had failed to demonstrate that the agency's refusal to classify a particular alien as a professional under the INA was irrational. The court noted that the agency had chosen to construe the statute narrowly so that the alien's occupation as an editor/translator would not qualify as a member of the "professions." The Court concluded that "[t]he Service need not construe statutory language as broadly as possible." Id. at 769.

In this case, USCIS reviewed the statute and documentation submitted by plaintiff, and determined that the ETA 750 specifically indicated that the employee must have a four year degree with a Bachelor's degree or equivalent. Plaintiff did not establish that he possess[ed] a four year degree. Therefore, USCIS denied the I-140 petition. USCIS's decision is entitled to deference, and should be upheld.

### C. The USCIS's Action in Denying the I-140 Petition Was Not Arbitrary, Capricious or an Abuse of Discretion.

Plaintiff argues that "Defendant USCIS's determination that [his] education could not be considered the equivalent of a U.S. Bachelor's degree because it was not obtained in a single four year degree program is not in accordance with the law in that it failed to interpret the requirements for this position in a manner consistent with Department of Labor . . . ." Complaint at ¶ 22. Plaintiff claims the "USCIS's decision denying this petition was arbitrary, capricious, an

10

abuse of discretion and not in accordance with the law in that the record contained conclusive evidence that [plaintiff] did in fact meet the minimum requirements for the proffered position...." Id. at ¶ 25.  Plaintiff is incorrect.

In visa petition proceedings before INS, the burden is on the employer to establish by a preponderance of evidence that the beneficiary is fully qualified for the benefit sought.  Matter of Martinez, 21 I & N Dec. 1035 (BIA 1997); Matter of Patel, 19 I & N Dec. 774 (BIA 1988); Matter of Treasure Craft of California, 14 I & N Dec. 190 (BIA 1972); Matter of Brantigan, 11 I & N Dec. 493 (BIA 1966).

Pursuant to the Administrative Procedures Act, agency decisions may be set aside only if "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A); Madany v. Smith, 696 F.2d 1008, 1015 (D.C. Cir. 1983); Center for Biological Diversity v. Veneman, 335 F.3d 849, 853 (9th Cir. 2003).  See also, CDI Information Services, Inc. v. Reno, 101 F.Supp.2d 546, 549 (E.D. Mich. 2000), vacated on other grounds, 278 F.3d 616 (6th Cir. 2002) (citing Bodeux v. INS, 668 F.Supp. 1452, 1453 (D.Kan. 1987)).

The arbitrary and capricious standard is appropriate for resolutions of factual disputes implicating substantial agency expertise.  See Marsh v. Oregon Natural Res. Council, 490 U.S. 360, 376 (1989); Safari Aviation Inc. v. Garvey, 300 F.3d 1144, 1150 (9th Cir. 2002), cert. denied, 538 U.S. 946 (2003).  Review under the arbitrary and capricious standard is narrow and the reviewing court may not substitute its judgment for that of the agency.  See Marsh, 490 U.S. at 378; Safari Aviation Inc., 300 F.3d at 1150.

Agency action may be reversed under the arbitrary and capricious standard only if the agency has relied on factors that Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs

11

counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view of the product of agency expertise. Advocates for Highway and Auto Safety v. Fed. Motor Carrier Safety, 429 F.3d 1136(D.C. Cir. 2005).

The agency's factual findings are reviewed under the substantial evidence standard. Monjaraz-Munoz v. INS, 327 F.3d 892, 895 (9th Cir.), amended by 339 F.3d 1012 (9th Cir. 2003). The substantial evidence standard is "extremely deferential" and a reviewing court must uphold the agency's findings "unless the evidence presented would compel a reasonable fact-finder to reach a contrary result." See United Steelworkers of Am., AFL-CIO-CLC, Local Union 14534 v. N.L, 983 F.2d 240 (D.C. Cir.1993) citing INS v. Elias-Zacarias, 502 U.S. 478; Monjaraz-Munoz, 327 F.3d at 895. If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the agency. Id.; Bear Lake Watch, Inc. v. FERC, 324 F.3d 1071, 1076 (9th Cir. 2003).

1. To Qualify for Admission to the United States, Plaintiff Must Meet the Requirements Reflected on the Labor Certification (ETA 750).

Plaintiff appears to argue that the I-140 petition to classify him as a "professional" under Section 203(b)(3)(A)(ii) of the INA should not have been denied. See Complaint at ¶ 6. This is incorrect. Under 8 U.S.C. § 1153(b)(3)(A)(ii), a professional is defined as a "[q]ualified immigrant[] who hold[s a] baccalaureate degree[] and who [is a] member[] of the professions."

In order to establish that a beneficiary meets the definition of "professional," an employer must present:

> evidence that the alien holds a United States baccalaureate degree or a foreign equivalent degree and by evidence that the alien is a member of the professions. Evidence of a baccalaureate degree shall be in the form of an official college or university record showing the date the baccalaureate degree was awarded and the area of concentration of study. To show that the alien is a member of the

professions, the petitioner must submit evidence showing that the minimum of a baccalaureate degree is required for entry into the occupation.

8 C.F.R. 204.5(l)(3)(ii)(C) (emphasis added).

Based upon the evidence presented, plaintiff cannot establish that he is a professional because he does not hold a United States baccalaureate degree or a foreign equivalent degree. Therefore, plaintiff was not entitled to classification as a professional, and USCIS properly denied his I-140 petition on this basis. Moreover, USCIS properly denied plaintiff's I-140 petition because the ETA 750 submitted by the petitioning corporation specifically stated that the employee must have four years of college, a U.S. bachelor's degree in Computer Science or MIS Engineering or equivalent. See Exhibit 4. Plaintiff could not fulfill that requirement either.

Plaintiff next argues that the I-140 petition to classify him as a "skilled worker" professional under Section 203(b)(3)(A)(i) of the INA should not have been denied. See Complaint at ¶ 6. Under 8 U.S.C. 1153(b)(3)(A)(i), a skilled worker is defined as a:

> Qualified immigrant[] who [is] capable, at the time of petitioning for classification . . . of performing skilled labor (requiring at least 2 years of training or experience), not of a temporary or seasonal nature, for which qualified workers are not available in the United States.

8 U.S.C. 1153(b)(3)(A)(i). In order to establish that a beneficiary meets the definition of "skilled worker," and employer must present:

> evidence that the alien meets the educational, training or experience, **and** any other requirements of the individual labor certification, meets the requirements for Schedule A designation, or meets the requirements for the Labor Market Information Pilot Program occupation designation. The minimum requirements for this classification are at least two years of training or experience.

8 C.F.R. § 204.5(l)(emphasis added).[7]

---

[7]This requirement exists to uphold the integrity of the process in order to protect U.S. workers from unfair competition and discrimination.

Plaintiff's education, training or experience may qualify him as a skilled worker. Therefore, plaintiff appears to be arguing that because he cannot be classified as a professional because he does not possess a bachelor's degree, he should automatically be classified as a "skilled worker." However, to meet the definition of a skilled worker, and be qualified for admission pursuant to an I-140 petition, the statute requires that plaintiff meet "any other requirements of the individual labor certification." See id. As indicated supra, the ETA 750 completed by the Corporation indicated that the employee must have four years of college, a U.S. bachelor's degree in Computer Science or MIS Engineering or equivalent. See Exhibit 2. Plaintiff cannot fulfill that requirement.

Plaintiff next argues that "[u]pon information and belief, the USCIS . . . den[ied the I-140 petition] because it determined that [plaintiff's] foreign education was not the equivalent of a U.S. bachelor's degree, merely because it was not obtained in a single 4 year baccalaureate degree program." Complaint at ¶ 14. Plaintiff appears to argue that his training, experience and education together are "equivalent" to a bachelor's degree and should satisfy the requirement of the ETA 750. Id. at ¶ 23. This argument must fail because allowing such a substitution would violate the purpose of the labor certification process.

Department of Labor regulation 20 C.F.R. § 656.21(b)(5) requires that the employer set forth in its ETA-750 the "actual minimum requirements for the job opportunity." Under 8 U.S.C. 1182(a)(5)(A)/INA 212(a)(5)(A), the DOL must make two findings as part of the labor certification grant: (1) that qualified U.S. workers cannot be found at the time of filing the application and in the area of employment, who are available, willing, and able to fill the position being offered to the alien, and (2) that employment of the alien will not adversely affect wages and working conditions of similarly employed U.S. workers. Here, the Corporation's ETA 750

14

specified that the job offered to the beneficiary required, "*at a minimum,*"a bachelor's degree or

its foreign equivalent degree.  See Exhibit 2.  By requesting a labor certification for a position

that requires a bachelor's degree, the employer substantially limited the pool of potential U.S.

workers who might qualify for the job.  To allow education, experience and training to substitute

for the bachelor's degree requirement, and permit the employer to hire an alien who does not

meet its stated requirements in the ETA 750, would undermine the purpose behind the DOL

certification.  See 8 U.S.C. § 204.5(l)(3)(iii)(B).

The plaintiff argues there is support for his position that a bachelor's degree is not

required in the comments to the implementing regulations.  Specifically, he cites the following

excerpt:

> Persons formerly qualifying for third preference by virtue of education and
> experience equating to a bachelor's degree will qualify for the third employment
> category as skilled workers with more than two years of training and experience.
> These individuals as well as holders of baccalaureate degree will fall into the same
> preference category.

56 Fed. Reg. 60897, 60900 (November 29, 1991).  See Complaint at ¶ 18.

However, this excerpt must be examined in the context of the entire comment to the

implementing regulations.  Indeed, the language in the comments indicates that, after the change

in the regulations, an individual could no longer substitute education and experience to meet the

bachelor's degree requirement for the professional category.  These individuals could still be

employed in the United States.  However, they must be petitioned for under the "skilled worker"

category.  See 8 U.S.C. § 1153(b)(3)(A)(i).

Clearly, this does not equate to the assertion that anyone who fails to qualify as a

"professional" automatically qualifies as a "skilled worker."  Moreover, it also does not mean

that where a labor certification or ETA 750 requires a degree, an alien filing under the skilled

worker category is excused from possessing such a degree. The statute requires that the beneficiary meet all educational, training, or experience requirements set for in the labor certification, and those requirements must be met. See 8 C.F.R. 204.5(l)(3)(iii)(B).

In addition, the interpretation of the regulations relating to "skilled worker" must be read in the context of the regulations relating to other employment-based visas. Specifically, the regulations relating to the issuance of H-1b non-immigrant petitions do allow for substitution of education, training, or experience for a degree requirement. See 8 C.F.R. 214.2(h)(4)(iii)(C)-(D) (for H-1b Specialty Occupation petition) The absence of similar language in the regulations relating to immigrant petitions strongly supports the argument that a degree requirement cannot be met by substituting a combination of education, training, and experience. If substitution were allowed in the I-140 context, the statute or regulations would clearly state so. Indeed, if an employer wishes to pursue a "skilled worker" classification for a beneficiary, it could do so. However, the employer must do so at the beginning of the process when completing the ETA 750 rather than attempting to play "bait and switch" with DOL and USCIS when the petition is denied.

Plaintiff argues that USCIS's determination was "not in accordance with the law in that it failed to interpret the requirements for this position in a manner consistent with [the] Department of Labor . . . ." Complaint at ¶ 22. However, the role of the DOL in the labor certification is limited to a determination regarding whether there are U.S. workers available for the position, and whether hiring a foreign worker would adversely affect the conditions of U.S. workers. The role of determining whether the beneficiary meets the qualifications of the labor certification is reserved for USCIS. 8 U.S.C. 1154(b); Madany, 696 F.2d at 1015.

Where an employer is willing to accept other training, experience, and education to meet his stated degree requirement, he must do so by clearly explaining what experience, training, and education would be acceptable. When an employer fails to state that other training, experience and education is acceptable, USCIS "may not ignore [the clear] terms of the labor certification, nor may it impose additional requirements." In re [name not provided], AAU EAC 02 042 51325, 2004 WL 3457106 (AAO: Sep. 3, 2004) (citing Matter of Silver Dragon Chinese Rest., 19 I&N Dec. at 406). Therefore, the denial of plaintiff's I-140 petition under either the "skilled worker" or "professional" classification was proper because plaintiff could not meet the requirements established by the corporation in its own ETA 750.[8]

        2- USCIS's Interpretation of the Terms "Bachelor's or Foreign Equivalent" is Correct

Plaintiff argues that "[t]he USCIS's decision denying th[e] petition was arbitrary, capricious, an abuse of discretion and not in accordance with law [because] the record contained conclusive evidence that [plaintiff] . . . m[et] the minimum requirements for the position." Complaint at ¶ 25. Hence, plaintiff argues, USCIS's conclusion was "not supported by substantial evidence." Id. This too is incorrect.

An I-140 petition under either the "skilled worker" or "professional" classification must be accompanied by an approved labor certification (ETA-750) from the Department of Labor. See 8 C.F.R. §204.5(l)(3)(i); 204.5(k)(4)(i). In this case, the ETA 750 submitted by the Corporation specifically called for a U.S. bachelors degree or equivalent. See Exhibit 2. In Part 14 of the ETA 750, entitled "degree required," the Corporation indicated that "bachelor's or equivalent" was required. A plain reading of this language suggests that a U.S. bachelor's degree

---

[8]As set forth above, plaintiff's current employer was willing to accept experience in lieu of a four year degree and its application was approved on that basis. See infra at 20, n.9.

or some other degree that was equivalent to a bachelor's degree, such as a foreign degree, was required for the job.[9]

USCIS has consistently interpreted the term "bachelor's or equivalent" on a labor certification, in the absence of any definition provided on the labor certification, as meaning an actual U.S. bachelor's degree or foreign degree equivalent to a U.S. bachelor's degree. See, e.g., In re [name not provided], AAU EAC 02 042 51325, 2004 WL 3457106 (AAO: Sep. 3, 2004); In re [name not provided], AAU LIN 02 099 51384, 2004 WL 3455613 (AAO: April 19, 2004); In re [name not provided], AAU WAC 01 258 51569, 2004 WL 3455830 (AAO: Feb. 2, 2004; In re Powerfood Inc., A75 307 414 (AAU: June 30, 1997). Indeed, the AAO has noted that it was instructed by the Department of Labor to interpret the use of such terms in this manner. See In re [name not provided], 1999 WL 33600811 (AAO: Jan. 27, 1999).

Notwithstanding this common sense interpretation, and the guidance from DOL, plaintiff states that the employer intended the phrase "bachelor's or equivalent" to mean something entirely different. Specifically, plaintiff states that the employer meant to convey that it would accept a U.S. bachelor's degree, or in the alternative, any foreign credentials which were evaluated as being equivalent to a U.S. bachelor's degree. See Complaint at ¶ 23.

There are several problems with this argument. First, there is no evidence in the record to support plaintiff's claim regarding what the Corporation intended.[10] Second, USCIS must look to "the language of the labor certification job requirements" in order to determine what the beneficiary

---

[9]This interpretation is also supported by the fact that the language used by employer in the labor certification mirrored the language used in Federal Regulations when describing the requirements for a "professional" to wit, "a bachelor's or foreign equivalent." See 8 C.F.R. 204.5(k)(2)-(3), 204.5(l)(2)-(3)(ii)(C).

[10]Indeed, Covansys Corporation is not even a participant in this lawsuit.

must have to be found qualified for the position. <u>Madany</u>, 696 F.2d at 1015. The only rational manner by which USCIS can be expected to interpret the meaning of terms used to describe the requirements of a job in a labor certification is to "examine the certified job offer exactly as it is completed by the prospective employer." <u>Rosedale and Linden Park Co. v. Smith</u>, 595 F.Supp. 829, 833 (D.D.C. 1984)(emphasis added). USCIS's interpretation of the job's requirements, as stated on the labor certification, must involve "reading and applying <u>the plain language</u> of the [labor certification form]." <u>Id</u>. at 834 (emphasis added). USCIS cannot, and should not reasonably be expected to, look beyond the plain language of the labor certification form that DOL has formally issued, or otherwise attempt to discern the employer's intentions.

Third, adopting the plaintiff's interpretation of the words "bachelor's or equivalent" degree might create equal protection issues. Plaintiff suggests that what the employer really meant by the "bachelor's or equivalent" was that it would accept a worker who possessed a U.S. bachelor's degree, or in the alternative, any foreign academic credentials that were deemed equivalent to a U.S. bachelor's degree by a credentialing agency. This would create an impermissible double standard for the hiring of workers with U.S. credentials versus those with foreign credentials. Under this proposed interpretation, an individual with U.S. credentials must possess an actual bachelor's degree to be considered for the job. However, a foreign credentialed worker need not have an actual degree, but instead can meet the job requirements with other education, training, and experience deemed "equivalent" to a U.S. bachelor's degree. This standard unacceptably places U.S. workers at a disadvantage as compared to their foreign counterparts. This is contrary to the purpose of the labor certification and visa application process and procedures. <u>See</u> 8 U.S.C. 1182(a)(5)(A)(i). Here, the language used by the employer in the ETA 750, quite clearly required an actual degree.

19

The Corporation could have amended the labor certification application to define the meaning of "Bachelor's or equivalent," thereby removing all doubt regarding whether an actual degree was required for the position. However, the Corporation did not do so.[11]  A corporation cannot exploit the language used in the ETA 750 to narrow the applicant pool, and then demand that USCIS adopt the broadest possible definition of the language in order to accommodate the petition beneficiary.  See In re: [name not provided], AAU EAC 01 030 51820, 2003 WL 21000270, 3 (AAO: Jan. 17, 2003) (observing that where the labor certification states that a degree is required for the position, and the beneficiary whom the employer is willing to hire does not have an actual degree, "the question immediately arises as to why the labor certification lists inaccurate and/or inflated requirements").  Because USCIS acted in accordance with the plain language of the ETA 750, it cannot be said to have acted improperly in rejecting plaintiff's proposed alternative meaning.  See United Steelworkers of Am., AFL-CIO-CLC, Local Union 14534 v. N.L, 983 F.2d 240 (D.C. Cir.1993) (If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the agency.).

In light of the forgoing, USCIS's interpretation of "bachelor's or equivalent" was not arbitrary, capricious, an abuse of discretion or not in accordance with law.  In fact, it was a common sense interpretation of the plain language of the Corporation's own ETA 750.  See Madany, 696 F.2d at 1014 (court upheld INS's "common sense" interpretation of labor certification job requirement.)  Where an employer has indicated that the minimum education,

---

[11] This was exactly what was done by Igate Mastech, Inc., the company for which plaintiff currently works.  In this corporation's first I-140 petition, the labor certification specified that a bachelor's degree was required.  The I-140 was denied because plaintiff did not possess such a degree.  See Exhibit 11.  Igate Mastech filed a second labor certification, this time specifying that the degree requirement could be met through a combination of training, experience, and education.  See Exhibit 9 at p. 3.  USCIS approved this petition on January 17, 2007.  See Exhibit 10 at p. 1.

training and experience for the job is a college degree or "bachelor's or equivalent," it can hardly be said to be arbitrary, capricious, an abuse of discretion or not in accordance with law for USCIS to have concluded that a bachelor's degree or an equivalent foreign <u>degree</u> was required for the job.  USCIS carefully analyzed the evidence presented by the Corporation and plaintiff against the applicable statute and the regulatory guidelines promulgated by the agency.  Based upon the record, USCIS correctly determined that plaintiff did not have the requisite equivalent foreign four year degree, and did not satisfy the requirements as stated in the ETA 750.  Therefore, plaintiff's I-140 petition was appropriately denied.

## V. CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court dismiss this

action, or in the alternative, grant its motion for summary judgment.

Respectfully submitted,


 /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


 /s/
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


 /s/
MARIAN L. BORUM
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W.- Civil Division
Washington, D.C. 20530
202-514-6531

Of Counsel:
Allen Kenny
Service Center Counsel
U.S. Department of Homeland Security
Citizen and Immigration Services
Nebraska Service Center
P.O. Box 82521
Lincoln, Nebraska  68501

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that service of the foregoing Motion to Dismiss or, in the Alternative, for

Summary Judgment, was made by the Court's Electronic Case Filing System, and regular mail,

this 5th day of July, 2007 to:

Michael E. Piston
Michael E. Piston, P.C.
4000 Livernois, Suite 110
Troy, Michigan 48098

/s/
MARIAN L. BORUM
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W.- Civil Division
Washington, D.C. 20530
(202) 514-6531

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **VENKATA MARAMJAYA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil No. 06-2158 (RCL)** |
| **v.** | ) | |
| | ) | |
| **UNITED STATES CITIZENSHIP AND** | ) | |
| **IMMIGRATION SERVICES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

This matter is before the Court on defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment. Upon consideration of this Motion and the entire record of this case, it is this _____ day of _____, 2007,

**ORDERED** that Defendant's Motion to Dismiss should be and hereby is GRANTED.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Marian L. Borum
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, DC  20530

Michael E. Piston
Michael E. Piston, P.C.
4000 Livernois, Suite 110
Troy, Michigan 48098

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **VENKATA MARAMJAYA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil No. 06-2158 (RCL)** |
| **v.** | ) | |
| | ) | |
| **UNITED STATES CITIZENSHIP AND** | ) | |
| **IMMIGRATION SERVICES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

This matter is before the Court on defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment. Upon consideration of this Motion and the entire record of this case, it is

this _____ day of _____, 2007,

**ORDERED** that Defendant's Motion for Summary Judgment should be and hereby is GRANTED.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Marian L. Borum
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, DC  20530

Michael E. Piston
Michael E. Piston, P.C.
4000 Livernois, Suite 110
Troy, Michigan 48098

# <u>Venkata Maramjaya</u>
## v.
# <u>United States Citizenship and</u> <u>Immigration Services</u>

# Civil Action No. 06-2158 (RCL)

# Exhibit 1

# Immigrant Petition for Alien Worker

## START HERE - Please Type or Print.

**FOR INS USE ONLY**

### Part 1. Information about the person or organization filing this petition.

If an individual is filing, use the top name line. Organizations should use the second line.

| Family Name | Given Name | Middle |
|---|---|---|
| | | |

Company or Organization  **Covansys Corporation**

Address - Attn:  **Shannon McGrath**

| Street Number and Name  **32605 W. 12 Mile Road** | Room **250** |
|---|---|

| City **Farmington Hills** | State or Province **MI** |
|---|---|

| Country **U.S.A.** | Zip/Postal Code  **48334-3339** |
|---|---|

E-mail Address:

| IRS Tax # 38-____ | Social Security # (if any) |
|---|---|

### Part 2. Petition type.

This petition is being filed for (check one)

a.  ☐ An alien of extraordinary ability
b.  ☐ An outstanding professor or researcher
c.  ☐ A multinational executive or manager
d.  ☐ A member of the professions holding an advanced degree or an alien of exceptional ability (who is **NOT** seeking a National Interest Waiver.)
e.  ☒ A skilled worker (requiring at least two years of specialized training or experience) or professional (Item F - no longer available)
g.  ☐ Any other worker (requiring less than two years of training or experience)
i.  ☐ An alien applying for a national interest waiver (who IS a member of the professions holding an advanced degree or an alien of exceptional ability)

### Part 3. Information about the person you are filing for.

| Family Name **MARAMJAYA** | Given Name **Venkata Ramamohan Rao** | Middle |
|---|---|---|

Address - C/O

| Street # and Name | Apt # |
|---|---|

| City | State or Province |
|---|---|

| Country | Zip/Postal Code |
|---|---|

E-mail Address:

| Date of Birth (Month/Day/Year) | Country of Birth **India** |
|---|---|

| Social Security # (if any) | A # (if any) |
|---|---|

If in the U.S.

| Date of Arrival (Month/Day/Year) **9/10/01** | I-94 # |
|---|---|

| Current Nonimmigrant Status **H-1B** | Expires on (Month/Day/Year) **4/1/04** |
|---|---|

**FOR INS USE ONLY**

Receipt

LIN-03-204-53548

JUN 19 2003 - 3:45 AM 2025

06/19/2003

**Classification:**
☐ 203(b)(1)(A) Alien of Extraordinary Ability
☐ 203(b)(1)(B) Outstanding Professor or Researcher
☐ 203(b)(1)(C) Multi-national executive or manager
☐ 203(b)(2) Member of professions w/adv. degree or exceptional ability
☐ 203(b)(3) (A) (i) Skilled Worker
☐ 203(b)(3) (A) (ii) Professional
☐ 203(b)(3) (A) (iii) Other worker

**Certification:**
☐ National Interest Waiver (NIW)
☐ Schedule A, Group I
☐ Schedule A, Group II

| Priority Date | Consulate |
|---|---|

Remarks

Action Block

Form I-140 (Rev. 12/04/01)Y

-1-

## Part 4.    Processing Information.

Please complete the following for the person named in Part 3: (Check one)

☐ Alien will apply for a visa abroad at the American
Consulate in:                                    City: _____        Foreign
                                                                              Country: _____

☒ Alien is in the United States and will apply for adjustment of status to that of lawful permanent resident.

Alien's Country of Nationality:    India

Alien's country of current residence or, if now in the U.S., last permanent residence abroad: _____

If you provided a U.S. address in Part 3, print the person's foreign address: # _____

If the person's native alphabet is other than Roman letters, write the person's foreign name and address in the native alphabet:

_____

| | | |
|---|---|---|
| Are you filing any other petitions or applications with this one? | ☒ No | ☐ Yes-attach an explanation |
| Is the person you are filing for in removal proceedings? | ☒ No | ☐ Yes-attach an explanation |
| Has any immigrant visa petition ever been filed by or on behalf of this person? | ☐ No | ☒ Yes-attach an explanation ✳ |

If you answered yes to any of these questions, please provide the case number, office location, date of decision and disposition of the decision on a separate sheet of paper.                                    ✳ ( SEC COVER SHEET)

## Part 5.    Additional information about the petitioner.

Type of petitioner (Check one).

☒ Employer      ☐ Self      ☐ Other (Explain, e.g., Permanent Resident, U.S. Citizen or any other person filing on behalf of the alien.)

If a company, give the following:
Type of business    Computer Consulting and Software Development     NAICS Code:  | 5 | 4 | 1 | 5 | 1 | 1 |

| Date Established 1985 | Current # of employees Approx. 2400 | Gross Annual Income Approx $382 million | Net Annual Income Approx $4 million |
|---|---|---|---|

If an individual, give the following
Occupation                                        Annual Income

## Part 6.    Basic information about the proposed employment.

Job title Programmer/Analyst                              SOC Code:  | 1 | 5 | — | 1 | 0 | 5 | 0 |

Nontechnical description of job Analysis and development of s/w systems.

Address where the person will work
if different from address in Part 1. Same as Part 1. Will be assigned to various unanticipated client sites throughout the U.S.

| Is this a full-time position? | ☒ Yes | ☐ No (hours per week: _____ ) | Wages per week $ 58,000/yr |
|---|---|---|---|

| Is this a permanent position? | ☒ Yes | ☐ No | Is this a new position? | ☐ Yes | ☒ No |
|---|---|---|---|---|---|

## Part 7.    Information on spouse and all children of the person you are filing for.

List husband/wife and all children related to the individual for whom the petition is being filed. Provide an attachment of additional family members, if needed.

| (Name) | (Relationship) | (Date of Birth) | (Country of Birth) |
|---|---|---|---|
| | Spouse | - | India |
| | | | |
| | | | |
| | | | |

**Part 8.    Signature.** *Read the information on penalties in the instructions before completing this section. If someone helped you prepare this petition, he or she must complete Part 9.*

I certify, under penalty of perjury under the laws of the United States of America, that this petition and the evidence submitted with it are all true and correct. I authorize the release of any information from my records which the Immigration and Naturalization Service needs to determine eligibility for the benefit I am seeking.

| Petitioner's Signature | Print Name | Date | Daytime Telephone No. |
|---|---|---|---|
| X | Joanne Cordeiro, VP, HR | 6/16/03 | |

E-mail Address:

**Please Note:** *If you do not completely fill out this form or fail to submit required documents listed in the instructions, you may not be found eligible for the requested benefit and this petition may be denied.*

**Part 9.    Signature of person preparing form, if other than above.** *(Sign below)*

I declare that I prepared this petition at the request of the above person and it is based on all information of which I have knowledge.

| Signature | Print Name | Date | Daytime Telephone No. |
|---|---|---|---|
| Shannon S McGrath /aye | Shannon S. McGrath | 6/16/03 | |

Firm's Name
and Address    32605 West 12 Mile Road, Suite 250
Farmington Hills, MI 48334

E-mail Address:

---

To Be Completed by *Attorney or Representative, if any.*

[X] Fill in box if G-28 is attached to represent the petitioner.

VOLAG No.    ATTY State License No. P54000

Attorney or Representative Signature:

Note: In the event of a Request for Evidence (RFE) may the INS contact you by Fax or E-mail    [X] Yes   [ ] No

Fax Number:    E-mail Address:

---

<u>Venkata Maramjaya</u>
v.
<u>United States Citizenship and
Immigration Services</u>

Civil Action No. 06-2158 (RCL)

Exhibit 2

APPLICATION

ALIEN EMPLOYMENT CERTIFICATION

PRINT legibly in ink... typewriter. If you need more space to... sheet in original signature.

To knowingly furnish any false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a felony punishable by $10,000 fine or 5 years in the penitentiary, or b...

**PART A. OFFER OF EMPLOYMENT**

| 1. Name of Alien (Family name in capital letter, First, Middle, Maiden) |
|---|
| MARAMJAYA   Venkata Ramamohan Rao |

2. Present Address of Alien (Number, Street, City and Town, State ZIP Code or Province, Country)

The following information is submitted as evidence of an offer of employment.

| 3. Type of Visa (If U.S.) |
|---|
| H-1B |

4. Name of Employer (Full name of organization)

Covansys Corporation

5. Telephone (Area Code and Number)

6. Address (Number, Street, City or Town, County, State, Zip Code)
32605 W. 12 Mile Road, #250, Farmington Hills, MI 48334-3339 U.S.A.

7. Address Where Alien Will Work (if different from item 6)

Home base as in #6 above. Will be assigned to various unanticipated client sites throughout the U.S.

| 8. Nature of Employer's Business Activity | 9. Name of Job Title | 10. Total Hours Per Week | | 11. Work Schedule (Hourly) | 12. Rate of Pay | |
|---|---|---|---|---|---|---|
| Computer Consulting and Software Development | Programmer/Analyst | a. Basic | b. Overtime | 8:00 a m 5:00 p m | a. Basic $69,200 per year | b. Overtime $-- per hour |
| | | 40 | -- | | | |

13. Describe Fully the Job to be Performed (Duties)

Carry out the program analysis, program design, coding and testing of software application systems utilizing JAVA, WINDOWS, DB2.

14. State in detail the MINIMUM education, training, and experience for a worker to perform satisfactorily the job duties described in item 13 above

| EDU-CATION (Enter number of years) | Grade School | High School | College | College Degree Required (specify) Bachelor's or equivalent |
|---|---|---|---|---|
| | -- | -- | 4 | Major Field of Study Computer Sc. or MIS or Engrg. |
| TRAINING | No. Yrs. | | No Mos. | Type of Training ---- |
| EXPERI-ENCE | Job Offered | | Related Occupation | Related Occupation (specify) Systems Analysis &/or Programming &/or S/W Engrg &/or Computer Consulting |
| | Number Yrs. Mos. | | Yrs. Mos | |
| | 1 | 0 | 1 0 | |

15. Other Special Requirements

Work expr. with JAVA and DB2.

Employer is a s/w consulting/development firm. Relocation to various client sites throughout the U.S. for periods of 6 mos. to 2 yrs. required.

16. Occupational Title of Person Who Will Be Alien's Immediate Supervisor ➤ Project Manager

17. Number of Employees Alien Will Supervise ➤ 0

ENDORSEMENTS (Make no entry in section for government use only)

| Date Forms Received | |
|---|---|
| L.O. 11-1-2001 | S.O. 11-1-2001 |
| R.O. | N.O. |
| Ind Code 1379 | Occ Code 030.162-014 |
| Occ Title Programmer Analyst | |

NOV 1 8 2002

Replaces MA-750-A, B and C (Apr. 1970 edition) which is obsolete

ETA 750 (Oct 1979)

**20  STATEMENT FOR LIVE-AT-WORK JOB OFFERS**  *(Complete for Private Household Job ONLY)*

a  Description of Residence

| ("X" one) | Number of Rooms | b  No Persons Residing at Place of Employment | | | | |
|---|---|---|---|---|---|---|
| ☐ House | | Adults | BOYS | Children | | c  Will free board and private room not shared will any one be provided? |
| ☐ Apartment | | | | | Ages | |
| | | | GIRLS | | | ("X" one) ☐ YES ☐ |

**21  DESCRIBE EFFORTS TO RECRUIT U.S. WORKERS AND THE RESULTS**  *(Specify Sources of Recruitment by Name)*

We have already conducted a recruiting program which is the basis of our waiver application. Please see attachment

**22.** Applications require various types of documentation. Please read PART II of the instructions to assure that appropriate supporting documentation is included with your application.

**23  EMPLOYER CERTIFICATIONS**

*By virtue of my signature below, I HEREBY CERTIFY the following conditions of employment.*

a.  I have enough funds available to pay the wage or salary offered the alien

b.  The wage offered equals or exceeds the prevailing wage and I guarantee that if a labor certification is granted for wage paid to the alien when the alien begins work will equal or exceed the prevailing wage which is applicable at the time the alien begins work.

c.  The wage offered is not based on commissions, bonuses, or other incentives, unless I guarantee a wage paid on a weekly, bi-weekly or monthly basis

d.  I will be able to place the alien on the payroll on or before the date of the alien's proposed entrance into the United States

e.  The job opportunity does not involve unlawful discrimination by race, creed, color, national origin, age, sex, religion, handicap, or citizenship

f.  The job opportunity is not:

(1)  Vacant because the former occupant is on strike or is being locked out in the course of a labor dispute involving a work stoppage

(2)  At issue in a labor dispute involving a work stoppage.

g.  The job opportunity's terms, conditions and occupational environment are not contrary to Federal, State or local law

h.  The job opportunity has been and is clearly open to any qualified U.S. worker.

**24. DECLARATIONS**

DECLARATION OF EMPLOYER ➤ *Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury the foregoing is true and correct.*

SIGNATURE

| NAME  *(Type or Print)* | | DATE |
|---|---|---|
| Pankaj        Ved | TITLE | 6/6/06 |

AUTHORIZATION OF AGENT OF EMPLOYER ➤ *I HEREBY DESIGNATE the agent below to represent me for the purposes of labor certification and I TAKE FULL RESPONSIBILITY for accuracy of any representations made by my agent*

SIGNATURE OF EMPLOYER

Senior Director, Human Resources

| NAME OF AGENT  *(Type or Print)*  Shannon S. McGrath | | DATE |
|---|---|---|
| | ADDRESS OF AGENT  *(Number, Street, City, State, ZIP Code)* | 6/20/06 |
| | Cowsert,  32605 West 12 Mile Road, Suite 250, Farmington Hills, MI 48334 | |

CONCERNING REQUIREMENTS FOR ALIEN EMPLOYMENT CERTIFICATION. Refer ... N

Immigration and Naturalization Service. If alien is outside U.S., submit to nearest U.S. consulate, or contact nearest office of

IMPORTANT - READ ATTACHED INSTRUCTIONS BEFORE COMPLETING THIS FORM

Print legibly in ink or use a typewriter. If you need space to fully answer any questions on this form, use a separate sheet. Identify each answer with the number of the corresponding question. Sign and date each sheet.

**1. Name of Alien** *(Family name in capital letters)*

MARAMJAYA

First Name: Venkata Ramamohan Rao

Middle Name

Maiden Name

**2. Present Address** *(No., Street, City or Town, State or Province and ZIP Code)*

#0    ...

Country: ...

**3.** Type of Visa (if in U...)

**4. Alien's Birth date** *(Month, Day, Year)*

**5. Birthplace** *(City or Town, State or Province)*

Country

H-1B

**6. Present Nationality or Citizenship** *(Country)*

India

**7. Address in United States Where Alien Will Reside**

Farmington Hills, Michigan

India

**8. Name and Address of Prospective Employer** If alien has job offer in U.S.

Covansys Corporation

32605 W. 12 Mile Road, #250, Farmington Hills, MI 48334-3339 U.S.A.

**9.** Occupation in which Alien is Seeking Work

Programmer/Analyst

**10.** "X" the appropriate box below and furnish the information required for the box marked

a. ☐ Alien will apply for a visa abroad at the American Consulate in →

City in Foreign Country

Foreign Country

b. ☒ Alien is in the United States and will apply for adjustment of status to that of a lawful permanent resident in the office of the Immigration and Naturalization Service at →

City: Lincoln

State: NE

Foreign Country

**11.** Names and Addresses of Schools, Colleges and Universities Attended *(Include trade or vocational training facilities)*

| Names and Addresses of Schools | Field of Study | FROM Month | FROM Year | TO Month | TO Year | Degree or Certificate Received |
|---|---|---|---|---|---|---|
| State Board of Technical Education and Training, Andhra Pradesh, India | Electronics and Communications Engrg | 09 | 1986 | 02 | 1990 | Diploma |
| The Institution of Engineers, India | Electronics and Communications Engrg | 11 | 1991 | 11 | 1995 | Bachelor's |

*These studies have been evaluated to be equivalent in level, scope and purpose, to a bachelor's degree in Electronics and Communication Engineering from a regionally accredited institution in the United States.*

**SPECIAL QUALIFICATIONS AND SKILLS**

**12.** Additional Qualifications and Skills Alien Possesses and Proficiency in the use of Tools, Machines or Equipment Which Would Help Establish, if Alien Meets Requirements for Occupation in Item 9

**13.** List Licenses *(Professional, journeyman, etc.)*

**14.** List Documents Attached Which are Submitted as Evidence that Alien Possesses the Education, Training, Experience, and Abilities Represented

Endorsements

*(Make no entry in this section -- FOR Government Agency USE ONLY)*

DATE REC. DOL

O.T. & C.

*(Items continued on next page)*

seeking certification as indicated in item 9.

he occupation for which the alien is

a. NAME AND ADDRESS OF EMPLOYER
Covansys, 32605 W 12 Mile Rd. Farmington Hills, MI 48334-3339.

| NAME OF JOB | DATE STARTED | | DATE LEFT | | KIND OF BUSINESS |
|---|---|---|---|---|---|
| Programmer/Analyst | Month | Year | Month | Year | Software Consulting and Development |
| | 03 | 1999 | to | date | |

DESCRIBE IN DETAIL THE DUTIES PERFORMED, INCLUDING THE USE OF TOOLS, MACHINES, OR EQUIPMENT

NO. OF HOURS PER WEEK
40

Carries out the analysis and development of software applications including quality control, utilizing VISUAL AGE, JDK, JAV
Web server, RATIONAL ROSE, CRYSTAL REPORTS,, OBJECT Modeling, Internet Technologies.

b. NAME AND ADDRESS OF EMPLOYER
Metamore Global Solutions, E9, NEPZ, Noida 201305, India.

| NAME OF JOB | DATE STARTED | | DATE LEFT | | KIND OF BUSINESS |
|---|---|---|---|---|---|
| Software Engineer | Month | Year | Month | Year | Software Consulting and Development |
| | 07 | 1997 | 02 | 1999 | |

DESCRIBE IN DETAIL THE DUTIES PERFORMED, INCLUDING THE USE OF TOOLS, MACHINES, OR EQUIPMENT

NO. OF HOURS PER WEEK
40

Carried out the analysis and development of software application systems including implementation and quality control, utilizing
XPEDITOR, SPUFI, PENTIUM based servers, IBM 3090, IBM PC/compatibles, IBM mainframe.

c. NAME AND ADDRESS OF EMPLOYER
Syntel Software (P) Ltd. 69 SDP III, SEEPZ, Andheri, Mumbai 400096, India.

| NAME OF JOB | DATE STARTED | | DATE LEFT | | KIND OF BUSINESS |
|---|---|---|---|---|---|
| Programmer/Analyst | Month | Year | Month | Year | Software Consulting and Development |
| | 12 | 1995 | 06 | 1997 | |

DESCRIBE IN DETAIL THE DUTIES PERFORMED, INCLUDING THE USE OF TOOLS, MACHINES, OR EQUIPMENT

NO. OF HOURS PER WEEK
40

Carried out the analysis and development of software application systems including implementation and quality control, utilizing
MICRO FOCUS tools, SPIFI, Pentium based servers, and IBM mainframe.

**16. DECLARATIONS**

DECLARATION OF ALIEN ➤ ➤  Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury the foregoing is true and correct.

SIGNATURE OF ALIEN

X M JV Roohan Rao

DATE
X 10/22/01

AUTHORIZATION OF AGENT OF ALIEN ➤  I hereby designate the agent below to represent me for the purpose of labor certification and I take full responsibility for accuracy of any representations made by my agent.

SIGNATURE OF ALIEN

X M JV Roohan Rao

DATE
X 10/22/01

NAME OF AGENT (Type or Print)  Shannon S. McGrath

X

ADDRESS OF AGENT (No., Street, City, State, ZIP Code)

Covansys   32605 West 12 Mile Road, Suite 250, Farmington Hills, MI 48334

**ICETS** | INTERNATIONAL CREDENTIALS EVALUATION AND TRANSLATION SERVICE
315 FIFTH AVENUE, 10TH FLOOR, NEW YORK, NY 10016
TEL: 212.695.7508  FAX: 212.643.4885  WWW.ICETS.COM

# FOREIGN ACADEMIC CREDENTIALS EQUIVALENCY EVALUATION

THE FOLLOWING DIPLOMA(S) HAS/HAVE BEEN EVALUATED BY INTERNATIONAL CREDENTIALS EVALUATION AND TRANSLATION SERVICES ON BEHALF OF THE CANDIDATE NAMED BELOW:

CANDIDATE:

MARAMJAYA, Venkata Rama Mohan

CREDENTIAL(S) EVALUATED:

(1) Passage of Sections A & B of the Institution of Engineers of India Examinations
AWARDED BY: The Institution of Engineers, India, 1991 & 1995

UNITED STATES DEGREE EQUIVALENT:

# BACHELOR OF SCIENCE DEGREE IN ELECTRONICS ENGINEERING

This foreign credentials assessment is non-binding, advisory in nature, and complies with the U.S Department of Justice, Immigration and Naturalization Service ["INS"] 8CFR 214.2(h)(4)(3)(d) et seq. International Credentials Evaluation and Translation Services assumes no liability for damages resulting in the use of this foreign credentials assessment. Copies of documents furnished by representatives of Mr. Maramjaya attest that Mr. Maramjaya successfully achieved Passage of Sections A & B of the Institution Examinations in Engineering of the Institution of Engineers, India (1991 & 1995). To the best of our knowledge said documents are copies of actual documents issued by the aforementioned institution(s). A detailed analysis of the submitted credentials, consistent with the AACRAO documents listed under references is also provided.



## ANALYSIS OF FOREIGN EDUCATION CREDENTIALS

Mr. Maramjaya was awarded a Sections A & B Examination Certificate in Electronics and Communication Engineering from The Institution of Engineers of India in 1991 and 1995 respectively. The Institution of Engineers, India is a nationally-recognized professional association for the Engineering profession, which grants membership to individuals who have achieved advanced standing in the profession and have passed the requisite qualifying examinations. Mr. Maramjaya satisfactorily completed the academic requirements of students in the Sections A & B Institution Examination Certificate program of The Institution of Engineers of India. Students in the Sections A & B Examination Certificate program of the Institution complete sufficient specialized coursework in Electronics Engineering, Systems Management, Communication Engineering, Circuit and Field Theory, Pulse and Digital Circuits, Electronic Devices and Circuits, Computer Engineering, Control Systems, Instrumentation and Control, Engineering Mathematics, and related courses at the Institution of Engineers.

The Institution of Engineers is a regionally accredited institution of higher education in India. The academic criterion maintained by The Institution of Engineers, India in the Sections A & B Examination Certificate program significantly parallel those parameters upheld by accredited colleges and universities of precedence in the United States. Calculations based on course duration and composition indicate that Mr. Maramjaya satisfied similar requirements to the completion of specialized academic coursework in Electronics Engineering in a Bachelor of Science Degree program at an accredited institution of tertiary education in the United States.

The academic criterion maintained by the Institution of Engineers significantly parallel those parameters upheld by accredited colleges and universities of precedence in the United States. Calculations based on course duration and composition in the Sections A & B Institution Examinations program of the Institution of Engineers indicate that Mr. Maramjaya satisfied



similar requirements to the completion of a Bachelor of Science Degree in Electronics Engineering from an accredited institution of tertiary education in the United States.

CORPORATE SEAL

*[signature: William Edelson]*

May, 2003

William Edelson, Ph.D.: Bachelor of Electrical Engineering, City College of New York; M.S. in Mathematics, New York University; Doctor of Philosophy, Polytechnic Institute of New York. Foreign Credentials Evaluator. Professor and Quondam Chair, Department of Computer Science, Long Island University, Brooklyn, New York. For detailed statement of qualifications and experience , see attached resume.

REFERENCES:

1. *Trends in Degrees Conferred by Institutions of Higher Education : 1984 – 1985 through 1990 – 1991.* Washington, D.C. : U.S. Department of Education, the National Center for Education Statistics. U.S. Government Printing Office, 1993.

2. *International Academic Credentials Handbook, Volume III.* Washington, D.C : AACRAO/NAFSA, 1988.

3. Taylor, Ann[ed.]. *International Handbook of Universities and Other Institutions of Higher Education, 12th Edition.* New York : Stockton Press, 1991.

4. Foreign Educational Credentials Required for Consideration of Admission to Universities and Colleges in the United States, 4th Edition. Washington, D.C : AACRAO, 1994.

5. Sweeney, Leo J. and Valerie Woolston. *The Admission and Placement of Students from Bangladesh, India, Pakistan and Sri Lanka.* Washington, D.C. : AACRAO, 1986.

6. Sweeney, Leo J. and Kalhur, Ravi. *India: A Special Report on the Higher Education System and Guide to the Academic Placement of Students in the United States,* Washington, D.C.: AACRAO, 1998.

# METAMOR
## GLOBAL SOLUTIONS

*1*

Date: 19th Feb, 1999

### To Whom It May Concern:

This is to confirm that **M J V Ramamohan Rao** worked in Metamor Global Solutions, from July 14,1997 to Feb 19,1999 as a **Software Engineer.**

During this time, he worked on the following projects for the company:

- Re-Engineering and Conversion of Various Application Systems for our company's clients.  He did Impact Analysis, Implementation and QA for existing systems.
- CSX Rail Road Application (Conversion Project): He developed and tested for on-line and batch programs under Windows and MVS environment.
- Maintenance Support for RAILINC Applications: He participated in Design and Implementation for client application He developed and tested programs on IBM 3090.

During his employment with our company, He obtained expertise and experience on the following:

- Analysis & Design, Implementation and Quality Control of various Software Projects under Windows and MVS Environment.
- Various languages, including COBOL, JAVA, CICS, DB2, IMS, VSAM, JCL
- Pentium based Servers and Workstations and IBM 3090 series of mainframes.
- Testing tools, Reporting tools and Various QA methodologies.

Sincerely,

*Anupam Jauhari*
**Anupam Jauhari**
**Manager (H R)**

FB-2, NSIC-STP, Okhla industrial Estate, New Delhi-110 020  Tel. : 91-11-6932979, 6824732 Fax . 91-11-682752
E-9 & E-10, SDF, NEPZ, NOIDA (U.P.)-201 305 Tel.: 91-11-8-568210-216 (7 Lines) Fax : 91-11-8-568227 - 228 (2 Lines)
Pawani Plaza (3rd Floor) 6-3-698/4, Punjagutta, Hyderabad-500 008 Tel.: 91-40-3328539, 3326495 3326501 Fax : 91-40-3325241
Elnet Software City, TS- 140 Block 2 & 9 CPT Road, Taramani, Chennai-600 113
Tel: 011 -91 -44-2353337 / 2300610- 12 Fax : 011 -91 -44- 2351090

SYNTEL SOFTWARE (P) LTD.

Regd. Office : Unit 69, SDF-III, Seepz, Andheri (East), Mumbai - 400 096. Tel. : 838 92 70 / 92 71 / 92 89 / 93 16 Fax 836 91 78

Date: 27th June, 97

## TO WHOM IT MAY CONCERN

This is to certify that M J V Ramamohan Rao worked as Programmer Analyst for Syntel Software(P) Ltd , from 11th Dec,95 to 27th June,97. During this time, he worked on various projects for our company.

He has experience in Analysis, Implementation, Re-Engineering, Testing and QA areas. He expertise in COBOL II, CICS, DB2, JCL, VSAM on IBM Mainframes.

Sincerely,

PRAMOD S PANDE
(Assistant Manager Human Resources)

Date:30th Nov 95

## TO WHOMSOEVER IT MAY CONCERN

This is to certify that Mr.*M J V RAMAMOHAN RAO* has worked in our Organization from 17/01/94 to 30/11/95. At the time of leaving the Organization his designation was **PROGRAMMER**.

For KRISN INFORMATION TECHNOLOGIES

(L V Subbaraju);
HR-MANAGER      20|11|95.

# <u>Venkata Maramjaya</u>
v.
# <u>United States Citizenship and Immigration Services</u>

# Civil Action No. 06-2158 (RCL)

# Exhibit 3

**U.S. DEPARTMENT OF LABOR**
**EMPLOYMENT AND TRAINING ADMINISTRATION**
230 South Dearborn Street
Chicago, Illinois 60604

---

### FINAL DETERMINATION

Ref. No. 220336MSN
P2002-MI-05413333

In reply refer to: 5TGE-J  BM

November 18, 2002

Venkata Maramjava
Alien's name

Programmer Analyst
Alien's Occupation

Convansys Corporation
Shannon McGrath
c/o Covansys
32605 W. 12 Mile Rd Suite 250
Farmington Hills, MI 48334-3339

November 5, 2001
Date of acceptance for processing

The Department of Labor has made a determination on your Application for Employment Certification pursuant to Title 20, Code of Federal Regulations, Part 656 and as required by the Immigration and Nationality Act, as amended.

Form ETA 750 has been certified and is enclosed. This certification must be attached to the I-140 petition and filed with the Immigration and Naturalization Service, U.S. Department of Justice, Nebraska Service Center, P.O. Box 82521, Lincoln, NE 68501-2521.

Sincerely,

SARAH CARROLL
Certifying Officer

Attachments: ETA 750A, ETA 750B

cc:    State ES Agency
       Pankaj Ved

ETA 7145PA(REV_MAR.,1990)

<u>**Venkata Maramjaya**</u>
**v.**
<u>**United States Citizenship and**</u>
<u>**Immigration Services**</u>

**Civil Action No. 06-2158 (RCL)**

**Exhibit 4**

**U.S. Department of Justice**
Immigration and Naturalization Service

*Nebraska Service Center*
*P.O. Box 82521*
*Lincoln, NE  68501-2521*

**MAY 2 7 2004**
Refer To File No.

LIN 03 204 53548

COVANSYS CORPORATION
C/O SHANNON S MC GRATH
32605 W 12 MILE RD STE 250
FARMINGTON HILLS MI 48334

### DECISION

Upon consideration, it is ordered that your Immigrant Petition for Alien Worker be denied for the following reasons:

### "SEE ATTACHMENT"

You may, if you wish, appeal this decision.  You must submit such an appeal to THIS OFFICE with a filing fee of $110.00.  If you do not file an appeal within the time allowed, this decision is final. Appeal in your case may be made to:

_____  The Board of Immigration Appeals (Board) in Falls Church, Virginia.  It must reach this office within 15 calendar days from the date this notice is served (18 days if this notice is mailed).

__X__  The Administrative Appeals Unit (AAU) in Washington, D.C.  It must reach this office within 30 calendar days from the date this notice is served (33 days if this notice is mailed).

Do NOT send your appeal directly to the Board or to the AAU.  Please direct any questions you may have to the Immigration and Naturalization Service office nearest your residence.

Sincerely,

Gregory W. Christian
Acting Director

NSC/mlw329

Enclosure (s)
I-290B

This petition, filed on June 19, 2003, seeks to classify the beneficiary as an immigrant under Section 203(b)(3)(A)(ii) of the Immigration and Nationality Act, as amended. That section of law refers to "qualified immigrants who hold baccalaureate degrees and who are members of the professions."

The record indicates that the petitioner desires the services of the beneficiary as a Programmer/ Analyst.

In order to be considered "qualified," the beneficiary must have met all of the minimum requirements as stated in part 14 and 15 of Form ETA-750 (Application For Alien Employment Certification) as of the date the request for certification was accepted for processing by any office within the employment service system of the Department of Labor. This is in keeping with **Matter of Katigbak**, 14 I&N Dec. 45 and **Matter of Wing's Tea House**, 16 I&N Dec. 158.

The petitioner has resubmitted a duplicate petition of a previously denied petition in behalf of the same beneficiary, Venkata R. Maramjaya. However, in this petition, the petitioner has submitted a new foreign academic credentials evaluation that appears to assess the beneficiary's educational credentials to a different conclusion. It is noted for the record that the foreign credentials assessments are non-binding evaluations.

In **Matter of Ho**, 19 I&N Dec. 582 (BIA 1988), it was held that where inconsistencies appear in the record, it is incumbent on the petitioner to resolve or explain those discrepancies by independent, objective evidence.

Form ETA-750 was accepted on November 1, 2001. In part 14 and 15 of that form the petitioner required that, at a minimum, a prospective employee would have a Bachelor's or equivalent degree in Computer Services, MIS, or Engineering. As the petitioner has not demonstrated that the beneficiary met the minimum requirements at the time Form ETA-750 was accepted, he cannot be found to be qualified.

The burden of proof in these proceedings rests solely with the petitioner. See Matter of Treasure Craft of California, 14 I&N Dec. 190. In this case the petitioner has not sustained that burden.

In view of the above, the petition is denied.

<u>**Venkata Maramjaya**</u>
v.
<u>**United States Citizenship and**</u>
<u>**Immigration Services**</u>

**Civil Action No. 06-2158 (RCL)**

**Exhibit 5**

U.S. Department of Justice
Immigration Case 1:06-cv-02158-RCL    Document 11-6    Filed 07/05/2007    Page 2 of 2
Notice of App      the
    ...    eals Page 2 of 2

**Important:** See instructions on other side.

Fee

07/06/2004    LIN-04-200-513BB   LINDAP01

In the Matter of:

File Number:  LIN 03  264 53548

---

1.  I am filing an appeal from the decision dated:

May 27, 2004

---

| Person Filing Appeal |
| --- |

SIGNATURE  Micheal Mel Brenner

Name  Micheal Brenner

Address  32605  W. 12 Mile #250
         Number          Street

Farmington Hills, MI      4833_
City          State        ZIP Code

Date  6/15/04

☑ I am  an attorney or representative, and I represent:

Counsel + Beneficiary
Person and/or organization for whom you are appearing

You must attach a Notice of Entry of Appearance (Form G-28) if you are an attorney or representative and did not submit such a form before.

---

2.  Please check the **one** block which applies:

☐ I am *not* submitting a separate brief or evidence.

☑ I am submitting a separate brief and/or evidence with this form.

☐ I am sending a brief and/or evidence *to the AAU* within 30 days.

☐ I need _____ days to submit a brief and/or evidence _o the AAU. (*May be granted only for good cause shown. Explain in a separate letter.*)

---

3.  Briefly, state the reason(s) for this appeal:

Beneficiary possesses Educational Equivalent to Bachelors as required on ETA-750

Denied because Not a " Bachelors Required"

---

Form I-290B (Rev. 01/04/91) N

JUN 22 2004 -9 00 AM2 079

# Venkata Maramjaya
## v.
# United States Citizenship and Immigration Services

## Civil Action No. 06-2158 (RCL)

## Exhibit 6

U.S. Department of Homeland Security
20 Mass. Ave. N.W., Rm A3042
Washington, DC 20529



**U.S. Citizenship
and Immigration
Services**

COVANSYS CORPORATION
ATTN: SHANNON MCGRATH
32605 W 12 MILE ROAD RM 250
FARMINGTON HILLS MI 48334-3339

FILE:          Office: NEBRASKA SERVICE CENTER    Date: NOV 2 2 2005
      LIN 03 204 53548

IN RE:    Petitioner:    COVANSYS CORPORATION
          Beneficiary:   VENKATA RAMAMOHAN RAO MARAMJAYA

PETITION: Immigrant petition for Alien Worker as a Skilled Worker or Professional pursuant to section
203(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1153(b)(3)

ON BEHALF OF PETITIONER:

MICHEAL BRENNER
COVANSYS
32605 W 12 MILE RD STE 250
FARMINGTON HILLS MI 48334

INSTRUCTIONS:

This is the decision of the Administrative Appeals Office in your case. All documents have been returned to
the office that originally decided your case. Any further inquiry must be made to that office.

Robert P. Wiemann, Director
Administrative Appeals Office

**DISCUSSION:** The preference visa petition was denied by the Director, Nebraska Service Center, and is now before the Administrative Appeals Office on appeal. The appeal will be dismissed.

The petitioner is a computer consulting and software development firm. It seeks to employ the beneficiary permanently in the United States as a programmer/analyst. As required by statute, a Form ETA 750, Application for Alien Employment Certification approved by the Department of Labor accompanies the petition. The director determined that the petitioner had not established that the beneficiary has the college degree required by the preference classification for which the petitioner applied and denied the position accordingly.

On appeal, counsel submits a brief.

Section 203(b)(3)(A)(ii) of the Immigration and Nationality Act (the Act), 8 U.S.C. § 1153(b)(3)(A)(ii), provides for granting preference classification to qualified immigrants who hold baccalaureate degrees and are members of the professions.

Section 203(b)(3)(A)(i) of the Immigration and Nationality Act (the Act), 8 U.S.C. § 1153(b)(3)(A)(i), provides for granting preference classification to qualified immigrants who are capable, at the time of petitioning for classification under this paragraph, of performing skilled labor (requiring at least two years training or experience), not of a temporary nature, for which qualified workers are not available in the United States.

The regulation at 8 C.F.R. § 204.5(l)(2) states, in pertinent part:

"*Professional* means a qualified alien who holds at least a United States baccalaureate degree or a foreign equivalent degree and who is a member of the professions."

The regulation at 8 C.F.R. § 204.5(l)(3)(ii)(C) states, in pertinent part:

> *Professionals.* If the petition is for a professional, the petition must be accompanied by evidence that the alien holds a United States baccalaureate degree or a foreign equivalent degree and by evidence that the alien is a member of the professions. Evidence of a baccalaureate degree shall be in the form of an official college or university record showing the date the baccalaureate degree was awarded and the area of concentration of study.

If the petition is for a professional pursuant to 8 C.F.R. §204.5(l), then, the petitioner must demonstrate that the beneficiary received a United States baccalaureate degree or an equivalent foreign degree prior to the priority date, the day the Form ETA 750 was accepted for processing by any office within the employment system of the Department of Labor. Here, the Form ETA 750 was accepted for processing on November 5, 2001. The Form ETA 750 states that the proffered position requires four years of college culminating in a "Bachelor's [degree] or equivalent" and, in addition, one year of experience in the job offered.

The petitioner filed a previous petition for the instant beneficiary on December 27, 2002.[1] With that petition, counsel submitted (1) a secondary school certificate showing that the beneficiary was born on April 12, 1971 and passed the examination to graduate from secondary school during April of 1986, (2) a provisional certificate from the Andra Pradesh, India State Board of Technical Education and Training stating that the petitioner received a three-year diploma in Electronics and Communication Engineering and became eligible to receive that diploma on February 28, 1990, (3) transcripts from that institution showing the classes the beneficiary attended and the marks he obtained, (4) test results pertinent to sections A and B of the Examination in the Electronics and Communication Engineering Branch of the Institution of Engineers in Calcutta, India, (5) a certificate dated August 28, 1996, from that institution stating that that the beneficiary had passed sections A and B of the Institution Examinations in the Electronics and Communication Engineering Branch, (6) a memorandum, date August 16, 1978, from the Ministry of Education & Social Welfare in India, stating that the Government of India recognizes passage of sections A and B of the Institution of Engineers examination as the equivalent of a bachelor's degree in the appropriate field of Engineering, a certificate stating that the beneficiary was elected as an Associate in the Institution of Engineers on May 27, 1996, (7) documents pertinent to the beneficiary's qualifications as a Sun Certified Programmer and in Java and completion of a course in Java, and (8) documents pertinent to the beneficiary's professional employment.

Counsel also submitted a report, dated August 19, 1998, from a credential evaluation service. That report states that the petitioner's 1990 diploma in electronics and communication engineering from the State Board of Technical Education and Training in Andra Pradesh, India is the equivalent of a U.S high school graduation and associates degree. That report further states that the Associate Membership Certificate from the Institution of Engineers in India was attained through the beneficiary's previous education and professional experience and an examination, and that it is the equivalent of a U.S. bachelor's degree.

The director determined that the evidence submitted did not establish that the beneficiary has a United States baccalaureate degree or an equivalent foreign degree, and, on May 22, 2003, denied the petition. The director noted that the petitioner's certificate from and associate membership in the Institution of Engineers was attained, in part, based on the beneficiary's previous professional experience. This office further notes that it does not appear to require four years of college studies.

Subsequently, the petitioner submitted the instant petition. With the petition counsel submitted a new credential evaluation, dated May 2003. The new evaluation also states that the beneficiary's associate membership in the Institution of Engineers is based, in part, on his advanced standing in his profession.

On May 27, 2004 the Director, Nebraska Service Center, denied the instant petition, noting that the evidence does not demonstrate that the beneficiary has the requisite bachelor's degree or foreign equivalent degree.

On appeal counsel submits photocopies of much of the previously submitted evidence. In a brief, counsel notes that the approved Form ETA 750 labor certification requires that the beneficiary have four years of college culminating in a bachelor's degree in computer science, management information systems, or engineering or equivalent. Counsel correctly asserts that, because the beneficiary does not have a bachelor's

---

[1] LIN 03 061 52938.

degree, the only salient issue in this case is the interpretation of the phrase "or equivalent" and whether the beneficiary has such an equivalent.

Counsel observes that, as stated in its memorandum, the Indian government recognizes passage of sections A and B of the Institution of Engineers examination as the equivalent of a bachelor's degree. Counsel provides a letter, dated July 7, 1997 from the Assistant Academic Registrar at Osmania University in Hyderabad, India stating that the university recognizes passage of those examinations as the equivalent, for their own purposes, of a bachelor's degree.

Counsel also submits two new credential evaluations, one dated December 2, 2003 and the other dated January 2, 2004. The first evaluation states that the beneficiary's passage of the A and B examinations of the Institution of Engineers is equivalent, in itself, to a bachelor's degree. The second evaluation states that the passage of those examinations and the beneficiary's education, taken together, are the equivalent of a bachelor's degree.

Counsel argues that the Nebraska Service Center is using unpublished non-precedent opinions to find that the word "equivalent" necessarily means a four-year degree. Counsel states that no other Service Centers are using that interpretation. This office notes, however, that the decision in this case does not appear to rely on any unpublished or non-precedent decisions.

In support of his position, counsel submits letters, dated January 7, 2003, and July 23, 2003, from the Director, Business and Trade Services, of the INS, which is now the CIS

The first of those letters states that the language of 8 C.F.R. § 204.5(k)(2), "a foreign equivalent degree," is not meant to preclude a beneficiary with several degrees. That letter makes clear, therefore, that it pertains to a petition under a visa category other than that in the instant case.

The second letter states, *inter alia*, that a three-year foreign bachelor's degree may be combined with additional education to form the equivalent of a four-year U.S. bachelor's degree meeting the requirements of 8 C.F.R. § 204.5(k)(2). This, again, makes clear that the director was addressing the question in the context of an alien with an advanced degree petitioning for a visa pursuant to 8 C.F.R. § 204.5(k), rather than a beneficiary similarly situated to the beneficiary in the instant case.

That other immigrant classification requires an advanced degree, in addition to a bachelor's degree, or exceptional ability in the salient field. One issue presented to the director in those letters was whether possession of two advanced degrees, rather than one, would preclude satisfying the degree requirement. The director found that possession of two degrees, rather than one, did not bar satisfaction of the degree requirement of 8 C.F.R. § 204.5(k)(2). The other issue was whether salient employment experience could be substituted for the advanced degree. The regulation provides for that substitution in that particular visa category and the director found that substitution to be permissible. Neither of those findings is relevant to the instant case.

The petitioner is obliged to show, not that the beneficiary's degree plus additional education and employment experience are the equivalent of a U.S. bachelor's degree, but that the petitioner has either a U.S. bachelor's

degree or a foreign degree that is the equivalent of a U.S. bachelor's degree. The laws and regulations pertinent to the visa category in the instant case sanction no substitution for that degree.[2]

In the instant case, the first two evaluations submitted, dated August 19, 1998 and May 2003, make clear that the evaluators were considering the beneficiary's professional employment experience in stating that he has the equivalent of a bachelor's degree. One of the evaluations submitted on appeal states that it is considering the beneficiary's passage of those two examinations by itself in finding that the beneficiary has the equivalent of a bachelor's degree. The other states that the passage of those examinations and the beneficiary's education, taken together, are the equivalent of a bachelor's degree. None of the evaluations submitted demonstrate that the petitioner has a U.S. bachelor's degree or an equivalent foreign degree.

The Service will not accept a degree equivalency when a labor certification plainly and expressly requires a specific degree. To determine whether a beneficiary is eligible for a third preference immigrant visa, the Service must ascertain whether the alien is in fact qualified for the certified job. In evaluating the beneficiary's qualifications, the Service must look to the job offer portion of the labor certification to determine the required qualifications for the position. The Service may not ignore a term of the labor certification, nor may it impose additional requirements. See *Matter of Silver Dragon Chinese Restaurant*, 19 I&N Dec. 401, 406 (Comm. 1986). See also *Madany v. Smith*, 696 F.2d 1008 (D.C. Cir. 1983); *K.R.K. Irvine, Inc. v. Landon*, 699 F.2d 1006 (9th Cir. Cal. 1983); *Stewart Infra-Red Commissary of Massachusetts, Inc. v. Coomey*, 661 F2d 1 (1st Cir. 1981).

The various submissions stating that the beneficiary's Associate Membership Certificate from the Institution of Engineers in India is the **equivalent** of a U.S. bachelor's degree do not demonstrate that it is, in fact, a bachelor's degree or a foreign equivalent degree.

This office further notes that the result in this case would be the same if the petition were considered to be for a skilled worker. The Form ETA 750 states that the proffered position requires four years of college **and a** bachelor's degree or equivalent. The record does not demonstrate that the beneficiary has four years of college and does not demonstrate that he has a U.S bachelor's degree or an equivalent foreign degree.

The petitioner failed to submit evidence sufficient to demonstrate that the beneficiary has a United States baccalaureate or an equivalent foreign degree. The instant petition, submitted pursuant to 8 C.F.R.§204.5(l), may not be approved.

The burden of proof in these proceedings rests solely with the petitioner. Section 291 of the Act, 8 U.S.C. § 1361. The petitioner has not met that burden.

ORDER: The appeal is dismissed.
COEXM:RHWAUGH:305-3217
         :11/21/05:AAORHW01

---

[2] As was noted above, the applicable statute, section 203(b)(3)(A)(ii) of the Immigration and Nationality Act (the Act), 8 U.S.C. § 1153(b)(3)(A)(ii), provides for granting preference classification to qualified immigrants who hold baccalaureate degrees and are members of the professions. That statute makes no allowance for educational equivalence to a bachelor's degree. The pertinent regulation, 8 C.F.R. §204.5 (l)(ii)(C) states that, if the petition is for a professional, the petitioner must demonstrate that the beneficiary has "a United States baccalaureate degree or a foreign equivalent degree." That regulation also contains no provision for substitution of experience for all or part of a required degree.

<u>**Venkata Maramjaya**</u>
**v.**
<u>**United States Citizenship and**</u>
<u>**Immigration Services**</u>

**Civil Action No. 06-2158 (RCL)**

**Exhibit 7**

U.S. Department of Homeland Security
20 Mass. Ave., N.W. Rm 3000
Washington, DC 20192



**U.S. Citizenship
and Immigration
Services**

COVANSYS CORPORATION
ATTN: SHANNON MCGRATH
32605 W 12 MILE ROAD RM 250
FARMINGTON HILLS MI 48334-3339

FILE:          Office: NEBRASKA SERVICE CENTER          Date: MAR 0 7 2007
    LIN 03 204 53548

IN RE:     Petitioner:     COVANSYS CORPORATION
        Beneficiary:     VENKATA RAMAMOHAN RAO MARAMJAYA

PETITION: Immigrant petition for Alien Worker as a Skilled Worker or Professional pursuant to section
203(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1153(b)(3)

ON BEHALF OF PETITIONER:

MICHAEL E. PISTON
MICHAEL E. PISTON, P.C.
4000 LIVERNOIS, SUITE 110
TROY, MI 48098

INSTRUCTIONS:

The Director, Nebraska Service Center, denied the immigrant petition and the Administrative Appeals Office
(AAO) dismissed a subsequent appeal on November 22, 2005. The AAO is reopening this matter on motion
pursuant to 8 C.F.R. § 103.5(a)(5)(ii) for purposes of entering a new decision. You are permitted a period of
30 days in which to submit a brief. If you do not wish to submit a brief, you may waive this 30-day period in
writing and fax the waiver to the AAO at (202) 272-1262.

Robert P. Wiemann, Chief
Administrative Appeals Office

# <u>Venkata Maramjaya</u>
## v.
# <u>United States Citizenship and Immigration Services</u>

## Civil Action No. 06-2158 (RCL)

## Exhibit 8

U.S. Department of Homeland Security
20 Mass. Ave., N.W., Rm. 3000
Washington, DC 20529



**U.S. Citizenship
and Immigration
Services**

COVANSYS CORPORATION
ATTN: JOANNE CORDEIRO
32605 W. 12 MILE ROAD RM 250
FARMINGTON HILLS MI 48334-3339

### Notice of Derogatory Information

File:
      LIN 03 204 53548

Date:    JUN 0 4 2007

In re:       VENKATA RAMA MOHAN RAO MARAM JAYA

On June 19, 2003, you filed a petition seeking to classify Venkata Rama Mohan Rao Maram Jaya as a professional pursuant to Section 203(b)(3)(A)(ii) of the Immigration and Nationality Act (the Act), 8 U.S.C. § 1153(b)(3)(A)(ii).

You signed the Form I-140, Immigrant Petition for Alien Worker, thereby certifying under penalty of perjury that "this petition and the evidence submitted with it are true and correct."

Subsequently, on May 27, 2004, the Director, Nebraska Service Center, denied your petition. You appealed that decision. The appeal was dismissed on November 22, 2005. The Administrative Appeals Office (AAO) reopened this matter on motion pursuant to 8 C.F.R. § 103.5(a)(5)(ii) for purposes of entering a new decision.

The regulations define a third preference category professional as a "qualified alien who holds at least a United States baccalaureate degree or a foreign equivalent degree and who is a member of the professions." *See* 8 C.F.R. § 204.5(*l*)(2). The regulation at 8 C.F.R. § 204.5(*l*)(3)(ii)(C) states the following:

> If the petition is for a professional, the petition must be accompanied by evidence that the alien holds a United States baccalaureate degree or a foreign equivalent degree and by evidence that the alien is a member of the professions. Evidence of a baccalaureate degree shall be in the form of an official college or university record showing the date the baccalaureate degree was awarded and the area of concentration of study. To show that the alien is a member of the professions, the petitioner must submit evidence showing that the minimum of a baccalaureate degree is required for entry into the occupation.

The petition was accompanied by the Form ETA 750, Application for Alien Employment Certification, approved by the U. S. Department of Labor (DOL). The beneficiary set forth his credentials on the Form ETA 750B and signed his name on October 22, 2001, under a declaration that the contents of the form are true and correct under the penalty of perjury. On the Form ETA 750B at item 11, which elicits information of the names and addresses of schools, colleges and universities attended (including trade or vocational training facilities), the beneficiary represented that he had a diploma in electronics and communications engineering from the State Board of Technical Education and Training, Andhra Pradesh, India, [SBTET (India)], where he attended from

September 1986 through February 1990. He also represented that he had a bachelor's degree in electronics and communication engineering from the Institution of Engineers (India), where he attended from November 1991 until November 1995. He does not provide any additional information concerning his education on that form.

With the petition, the petitioner submitted a copy of a diploma in electronics and communications engineering from the SBTET (India), which the beneficiary received after completing a three-year educational program at the SBTET (India). The petitioner also submitted transcripts from the SBTET (India) which show the marks the beneficiary received and the coursework he completed. In addition, the petitioner submitted the beneficiary's certification issued by the Institution of Engineers (India) in 1996 indicating that the beneficiary completed sections A and B of the Institution Examinations in 1991 and 1995, respectively, together with transcripts of his examination results and a notification from the government of India which indicates that completion of the sections A and B examinations conducted by the Institution of Engineers (India) is equivalent to a bachelor's degree in the appropriate branch of engineering from the recognized universities in India. Also submitted into the record was a certificate which states that the beneficiary was an Associate in the Institution of Engineers (India). In addition, included in the record and submitted in support of the instant petition are several educational equivalency or credentials evaluations.

This office notes that the website of the Institution of Engineers (India) indicates that this institution does not provide for four years of educational studies, but that it is instead "a multi-disciplinary engineering professional society." *See* http://www.ieindia.org (accessed April 24, 2007). Thus it appears that the beneficiary became an Associate Member of the Institution of Engineers (India) by passing certain examinations in 1991 and 1995, as reflected by the above-referenced certificate and transcripts. The transcripts and certificate, however, do not represent the attendance and completion of four continuous years of college-level studies from 1991 through 1995 at the Institution of Engineers, culminating in a bachelor's degree. The website for the Institution of Engineers confirms that in order to become a member one need only pay fees to this institution and pass two examinations. *See Id.* A bachelor's degree is not required to be admitted to this institution, nor does the institution confer bachelor's degrees. *See Id.* This institution is a professional society for engineers who have already completed their formal education. *See Id.* The institution also provides an avenue by which individuals who have not received a formal education in engineering to acquire entry into the profession of engineering in India. *See Id.* This institution is not a college or university. *See Id.* The Form ETA 750B at item 11 specifically requests that the beneficiary provide information about the "Names and Addresses of Schools, Colleges and Universities Attended (Include trade or vocational training facilities)." As the record currently stands, the beneficiary's assertion on the Form ETA 750B that he attended the Institution of Engineers from November 1991 until November 1995 and that he received a bachelor's degree from this institution appears to be a willful misrepresentation of a material fact.

That is, if membership in the Institution of Engineers (India) professional society is based on the successful completion of two examinations, and not on completion of four continuous years of educational studies, the beneficiary's assertion that he completed a four-year college-level educational program at the Institution of Engineers (India) may be a misrepresentation of a fact. This fact is material in that the Form ETA 750, as certified, requires that the beneficiary or any person in the proffered position have completed four years of college-level study, culminating in a U.S. bachelor's degree or the foreign equivalent degree. The record indicates that this misrepresentation of a material fact may have been made willfully in order to mislead the DOL and Citizenship and Immigration Services (CIS) into believing that the beneficiary had a four-year bachelor's degree, so that the beneficiary might secure an immigrant visa fraudulently.

This office notes further that the adjudication and certification of the labor certification application by DOL may have been impacted by this factual misrepresentation of the beneficiary's academic achievements. If DOL determines the meaning of "bachelor's degree or equivalent foreign degree" as stated by the petitioner

on the Form ETA 750 as the actual minimum requirements of the proffered position, in part, based upon the beneficiary's representations of his own academic achievements on part B of that form, then, in this instance, the DOL would define an equivalent foreign degree as the four-year, foreign bachelor's degree in engineering such as the one which the beneficiary claimed to have earned from the Institution of Engineers (India).

However, in reality, the record of proceeding reflects that the petitioner intends to qualify the beneficiary for the proffered position through a combination of the beneficiary's three year diploma from the SBTET (India) and his membership in the Institution of Engineers (India) professional society. The labor certification application, as certified, does not demonstrate that DOL was aware when it oversaw the petitioner's labor market test that the petitioner would accept a combination of a three-year degree, or a lesser degree than a bachelor's degree, and professional society membership which individually and in combination are less than a four-year U.S. bachelor's degree or its foreign equivalent.

In light of the fact that the beneficiary does not have a four-year bachelor's degree in electronics and communication engineering as represented on the labor certification, it is evident that information contained in the labor certification is incorrect in two regards. First, the beneficiary does not have a U.S. bachelor's degree or its foreign equivalent degree. Second, the proffered position may not have actually been open to qualified U.S. citizens or other lawful U.S. resident workers holding less than a U.S. bachelor's degree or a foreign degree equivalent. This may have led to the issuance of a labor certification that would not otherwise have been granted. *See Matter of Silver Dragon Chinese Restaurant*, 19 I&N Dec. 401 (Comm. 1986).

Willful misrepresentation of a material fact in these proceedings may render the beneficiary inadmissible to the United States. *See* section 212(a)(6)(C) of the Act.[1] A finding of misrepresentation may also lead to the invalidation of the Form ETA 750. *See* 20 C.F.R. § 656.30(d).[2]

This office also notes that the beneficiary's transcripts from the SBTET (India) show examination results for the beneficiary during the years 1988 through 1990. The transcripts do not establish that the beneficiary attended the SBTET (India) from September 1986 until February 1990 as indicated on the Form ETA 750B.

The record of proceeding for a Form I-140 petition filed on January 4, 2006 by a separate employer on behalf of the beneficiary is also included in the beneficiary's A-file record. On the Form ETA 750B filed in connection with that petition, the beneficiary indicated at item 11 that he attended the Institution of Engineers in India from *January* 1991 through November 1995 and that he received a "certificate of passing," rather than a bachelor's degree from that institution.

---

[1] Section 212(a)(6)(C) of the Act provides:

> *Misrepresentation.* – (i) in general. – Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this Act is inadmissible.

[2] The regulation 20 C.F.R. § 656.30(d) states the following regarding the invalidation of labor certifications: "[A]fter issuance, a labor certification is subject to invalidation by the DHS or by a Consul of the Department of State upon a determination, made in accordance with those agencies' procedures or by a court, of fraud or willful misrepresentation of material fact involving the labor certification application.

Case 1:06-cv-02158-RCL     Document 11-9     Filed 07/05/2007     Page 5 of 6

On that petition and its corresponding Form ETA 750B, the petitioner and the beneficiary omitted all references to the beneficiary's education at the SBTET (India). The beneficiary's education at the SBTET (India) is material to whether the beneficiary has completed four years of college-level study and earned a U.S. bachelor's degree or a foreign equivalent degree as required to perform the duties of the proffered position according to the Form ETA 750 as certified by the DOL.[3] The record suggests that the beneficiary chose to purposely conceal his diploma from the SBTET (India) in the second filing because this three-year diploma raised questions as to his eligibility in the first filing. Concealing a material fact for the sake of gaining entry into the United States is a punishable violation according to section 275(a) of the Act.[4] Moreover, the concealment of this material fact viewed in conjunction with the several other discrepancies in the record discussed above seriously compromises the credibility of the remaining evidence of record.

In *Matter of Ho*, 19 I&N Dec. 582, 591 (BIA 1988), the Board states:

> Doubt cast on any aspect of the petitioner's proof may, of course, lead to a reevaluation of the reliability and sufficiency of the remaining evidence offered in support of the visa petition.

It is incumbent upon the petitioner to resolve any inconsistencies in the record by independent objective evidence, and attempts to explain or reconcile such inconsistencies, absent competent objective evidence pointing to where the truth, in fact, lies, will not suffice. *See Id.*

This office also notes certain inconsistencies in the beneficiary's credentials evaluations in the record. According to a credentials evaluation from World Education Services, Inc. (WES) dated August 19, 1998, the beneficiary's three-year degree from the SBTET (India) was deemed the equivalent of a U.S. high school diploma and an associates degree in electronics and communication engineering technology. The evaluation states further that the beneficiary's associate membership certificate from the Institution of Engineers (India) was attained through the beneficiary's previous education, professional experience and certain examinations, and that it is the equivalent of a U.S. bachelor's degree. A copy of the evaluation is enclosed. The credentials evaluation from the Foundation for International Services, Inc. (FIS) dated January 2, 2004 indicates that the beneficiary's three-year diploma in electronics and communication engineering from the SBTET (India) is equivalent to graduation from high school plus one year of university level credit in electronics and communication from an accredited community college in the United States. The evaluation from FIS also states that the beneficiary's certificate from the Institution of Engineers (India) is equivalent to a bachelor's degree in electrical engineering with a specialization in electronics and communication engineering from an accredited college or university in the United States. A copy of the evaluation is enclosed. According to the

---

3 This office notes that the instructions to item 11 of the Form ETA 750B state: "Item 11. *Education Training.* Identify **all** educational facilities including trade or vocational schools, attended by alien, which give evidence of the alien's education and training related to the occupation listed in Item 9." (Emphasis added.) *See* http://www.foreignlaborcert.doleta.gov/750inst.cfm (accessed April 24, 2007). Thus, the instructions to the Form ETA 750B require the beneficiary to list *all* educational facilities he attended which provided education related to the proffered position. However, the beneficiary omitted on the Form 750B signed on December 22, 2005 all references to his three-year educational program at the SBTET (India) which apparently included college-level work in electronics and communication engineering.

4 Section 275(a) of the Act provides that "[a]ny alien who . . . attempts to enter or obtains entry to the United States by a willfully false or misleading representation or the wilful concealment of a material fact, shall, for the first commission of any such offense, be fined under title 18, United States Code, or imprisoned not more than 6 months, or both, and for a subsequent commission of any such offense, be fined under title 18, United States Code, or imprisoned for more than 2 years, or both."

credentials evaluation dated December 2, 2003 from Multinational Education & Information Services, Inc. (MEI Services) the beneficiary's completion of the sections A and B examinations of the Institution of Engineers (India) in 1995 is equivalent to a bachelor of engineering degree in electronics engineering from an accredited college or university in the United States. A copy of the evaluation is enclosed. The credentials evaluation from International Credentials Evaluation and Translation Services (ICETS) dated May 2003 states that the beneficiary's passage of sections A and B of the Institution of Engineers (India) examinations in 1991 and 1995 is deemed the U.S. degree equivalent of a bachelor of science degree in electronics engineering.[5] A copy of the evaluation is enclosed.

Two of the above-referenced evaluations find that the beneficiary's education at the SBTET (India) combined with his associate membership certificate from the Institution of Engineers (India) is the equivalent of a U.S. bachelor's degree. However, the other two evaluations contradict these conclusions in that they deem the beneficiary's passage of certain examinations of the Institution of Engineers (India) *alone* as demonstrating that he has the equivalent of a U.S. bachelor's degree, without consideration of the beneficiary's education at the SBTET (India).

Doubt cast on any aspect of the petitioner's proof may lead to a reevaluation of the reliability and sufficiency of the remaining evidence offered in support of the visa petition. It is incumbent on the petitioner to resolve any inconsistencies in the record by independent objective evidence, and attempts to explain or reconcile such inconsistencies, absent competent objective evidence pointing to where the truth, in fact, lies, will not suffice. *Matter of Ho*, 19 I&N Dec. 582, 591-592 (BIA 1988).

That is, the inconsistencies described above cast doubt not only on the reliability of the credentials evaluations, but also cast doubt on all other evidence in the record and on the truth of all factual assertions made by the petitioner, the beneficiary and counsel.

Pursuant to 8 C.F.R. § 103.2(b)(16)(i), we hereby notify you of this derogatory information and provide you with an opportunity to respond before we render our final decision.

The regulation at 8 C.F.R. § 103.2(b)(16)(i) does not specify the amount of time afforded to an applicant or petitioner to respond to derogatory evidence. We consider thirty (30) days to be ample time for this purpose. Therefore, you are hereby afforded 30 days from the date of this letter in which to respond to this notice. If you choose to respond, please submit your response to the address shown on the first page of this letter. Also, please reference the A-number A96 161 170 and receipt number LIN 03 204 53548 in your response.

Robert P. Wiemann, Chief
Administrative Appeals Office

---

[5] The evaluation notes that the Institution of Engineers (India) is a professional association for the engineering profession in India.

# Venkata Maramjaya

v.

# United States Citizenship and Immigration Services

## Civil Action No. 06-2158 (RCL)

## Exhibit 9

OMB Approval: 1205-0451
Expiration Date: 03/31/2008

Application for Permanent Employment Certification
ETA Form 9089
U.S. Department of Labor



## E. Agent or Attorney Information (If applicable)

1. Agent or attorney's last name                First name                    Middle initial

2. Firm name

3. Firm EIN                                          4. Phone number          Extension

5. Address 1

   Address 2

6. City                          State/Province              Country           Postal code

7. E-mail address

## F. Prevailing Wage Information (as provided by the State Workforce Agency)

1. Prevailing wage tracking number (if applicable)           2. SOC/O*NET(OES) code
   2843-2006                                                  15-1031.00

3. Occupation Title                                          4. Skill Level
   Computer Software Engineer                                Level I

5. Prevailing wage        Per: (Choose only one)
   $ 44,283.00     [ ] Hour  [ ] Week  [ ] Bi-Weekly  [ ] Month  [✓] Year

6. Prevailing wage source (Choose only one)
   [✓] OES  [ ] CBA  [ ] Employer Conducted Survey  [ ] DBA  [ ] SCA  [ ] Other

6-A. If Other is indicated in question 6, specify:

7. Determination date                      8. Expiration date
   09/15/2006                                 03/31/2007

## G. Wage Offer Information

1. Offered wage
   From:            To: (Optional)
   $ 65,000.00     $               Per: (Choose only one)
                                   [ ] Hour  [ ] Week  [ ] Bi-Weekly  [ ] Month  [✓] Year

## H. Job Opportunity Information (Where work will be performed)

1. Primary worksite (where work is to be performed) address 1
   1000 Commerce Drive (and at unanticipated locations throughout the U.S)
   Address 2
   Suite 500

2. City                          State                    Postal code
   Pittsburgh                     PA                       15275

3. Job title
   Programmer Analyst

4. Education: minimum level required:
   [ ] None  [ ] High School  [ ] Associate's  [✓] Bachelor's  [ ] Master's  [ ] Doctorate  [ ] Other

4-A. If Other is indicated in question 4, specify the education required:

4-B. Major field of study
   Computer Science,Mathematics,Engineering,Science or Business/Commerce

5. Is training required in the job opportunity?
   [ ] Yes  [✓] No                5-A. If Yes, number of months of training required:

ETA Form 9089

ETA Case Number: A-06324-82124

OMB Approval: 1205-0451
Expiration Date: 03/31/2008

Application for Permanent Employment Certification
ETA Form 9089
U.S. Department of Labor



Please read and review the filing instructions before completing this form. A copy of the instructions can be found at http://workforcesecurity.doleta.gov/foreign/.

Employing or continuing to employ an alien unauthorized to work in the United States is illegal and may subject the employer to criminal prosecution, civil money penalties, or both.

### A. Refiling Instructions

**1. Are you seeking to utilize the filing date from a previously submitted Application for Alien Employment Certification (ETA 750)?** ☐ Yes ☑ No

1-A. If Yes, enter the previous filing date

1-B. Indicate the previous SWA or local office case number OR if not available, specify state where case was originally filed:

### B. Schedule A or Sheepherder Information

**1. Is this application in support of a Schedule A or Sheepherder Occupation?** ☐ Yes ☑ No

If Yes, do NOT send this application to the Department of Labor. All applications in support of Schedule A or Sheepherder Occupations must be sent directly to the appropriate Department of Homeland Security office.

### C. Employer Information (Headquarters or Main Office)

1. Employer's name
IGATE MASTECH, INC., AN IGATE COMPANY

2. Address 1
1000 COMMERCE DRIVE

Address 2
SUITE 500

| 3. City | State/Province | Country | Postal code |
|---|---|---|---|
| PITTSBURG | PA | UNITED STATES OF AMERICA | 15275 |

4. Phone number
412-787-2100
Extension
9563

5. Number of employees
5910

6. Year commenced business
1986

7. FEIN (Federal Employer Identification Number)

8. NAICS code
541511

9. Is the employer a closely held corporation, partnership, or sole proprietorship in which the alien has an ownership interest or is there a familial relationship between the owners, stockholders, partners, corporate officers, incorporators, and the alien? ☐ Yes ☑ No

### D. Employer Contact Information (This section must be filled out. This information must be different from the agent or attorney information listed in Section E).

| 1. Contact's last name | First name | Middle initial |
|---|---|---|
| Noorani | Tripti | A |

2. Address 1
1000 Commerce Drive

Address 2
Suite 500

| 3. City | State/Province | Country | Postal code |
|---|---|---|---|
| Pittsburgh | PA | UNITED STATES OF AMERICA | 15275 |

4. Phone number
Extension
9563

5. E-mail address

ETA Form 9089

ETA Case Number: A-06324-82124

- 2 -

OMB Approval: 1205-0451
Expiration Date: 03/31/2008

Application for Permanent Employment Certification
ETA Form 9089
U.S. Department of Labor



**H. Job Opportunity Information Continued**

5-B. Indicate the field of training:
**N/A**

| 6. Is experience in the job offered required for the job? | 6-A. If Yes, number of months experience required: |
|---|---|
| [✓] Yes     [ ] No | 12 |

7. Is there an alternate field of study that is acceptable?

| 7-A. If Yes, specify the major field of study: | [ ] Yes   [✓] No |
|---|---|

| 8. Is there an alternate combination of education and experience that is acceptable? | [✓] Yes   [ ] No |
|---|---|

8-A. If Yes, specify the alternate level of education required:
[ ] None  [ ] High School  [ ] Associate's  [ ] Bachelor's  [ ] Master's  [ ] Doctorate  [✓] Other

8-B. If Other is indicated in question 8-A, indicate the alternate level of education required:
**Bachelor's Degree or equivalent in education,training and/or experience**

8-C. If applicable, indicate the number of years experience acceptable in question 8:
**3**

| 9. Is a foreign educational equivalent acceptable? | [✓] Yes   [ ] No |
|---|---|

| 10. Is experience in an alternate occupation acceptable? | 10-A. If Yes, number of months experience in alternate occupation required: |
|---|---|
| [ ] Yes   [✓] No | |

10-B. Identify the job title of the acceptable alternate occupation:
**N/A**

11. Job duties – If submitting by mail, add attachment if necessary. Job duties description must begin in this space.
Structural systems analysis, design, development, testing, quality assurance, implementation, integration, maintenance and support of IBM mainframes and mid-range systems for business application systems in Pittsburgh and unanticipated locations throughout the US.

12. Are the job opportunity's requirements normal for the occupation?

*If the answer to this question is No, the employer must be prepared to provide documentation demonstrating that the job requirements are supported by business necessity.*   [✓] Yes   [ ] No

13. Is knowledge of a foreign language required to perform the job duties?

*If the answer to this question is Yes, the employer must be prepared to provide documentation demonstrating that the language requirements are supported by business necessity.*   [ ] Yes   [✓] No

14. Specific skills or other requirements – If submitting by mail, add attachment if necessary. Skills description must begin in this space.
Must have at least four of: DBMS: DB2, IMS DB, IDMS DB, CICS, IMS DC, IDMS DC, ADS/O, OMF, VSAM, MF-Workbench, TELON, IEF, ADW, CSP, APS, PPCS, MACPAC, Magics, KPG/400, CL, COBOL/400, SQL/400, Query/400, C, APPC, APPN, SYNON and AS/SET.

Must be willing to relocate frequently.

ETA Form 9089

ETA Case Number: A-06324-82124

3

Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**



**H. Job Opportunity Information Continued**

| | | |
|---|---|---|
| 15. Does this application involve a job opportunity that includes a combination of occupations? | ☐ Yes ☑ No | |
| 16. Is the position identified in this application being offered to the alien identified in Section J? | ☑ Yes ☐ No | |
| 17. Does the job require the alien to live on the employer's premises? | ☐ Yes ☑ No | |
| 18. Is the application for a live-in household domestic service worker? | ☐ Yes ☑ No | |
| 18-A. If Yes, have the employer and the alien executed the required employment contract and has the employer provided a copy of the contract to the alien? | ☐ Yes ☐ No ☐ NA | |

**I. Recruitment Information**

**a. Occupation Type – All must complete this section.**

| | |
|---|---|
| 1. Is this application for a **professional occupation**, other than a college or university teacher? Professional occupations are those for which a bachelor's degree (or equivalent) is normally required. | ☑ Yes ☐ No |
| 2. Is this application for a college or university teacher? **If Yes, complete questions 2-A and 2-B below.** | |
| 2-A. Did you select the candidate using a competitive recruitment and selection process? | ☐ Yes ☑ No |
| 2-B. Did you use the basic recruitment process for professional occupations? | ☐ Yes ☐ No |

**b. Special Recruitment and Documentation Procedures for College and University Teachers – Complete only if the answer to question I.a.2-A is Yes.**

| |
|---|
| 3. Date alien selected: |
| 4. Name and date of national professional journal in which advertisement was placed: |
| 5. Specify additional recruitment information in this space. Add an attachment if necessary. |

**c. Professional/Non-Professional Information – Complete this section unless your answer to question B.1 or I.a.2-A is YES.**

| | |
|---|---|
| 6. Start date for the SWA job order<br>09/19/2006 | 7. End date for the SWA job order<br>10/19/2006 |
| 8. Is there a Sunday edition of the newspaper in the area of intended employment? | ☑ Yes ☐ No |
| 9. Name of newspaper (of general circulation) in which the first advertisement was placed:<br>**Pittsburgh Post-Gazette** | |
| 10. Date of first advertisement identified in question 9:<br>09/24/2006 | |
| 11. Name of newspaper or professional journal (if applicable) in which second advertisement was placed:<br>**Pittsburgh Post-Gazette** | ☑ Newspaper ☐ Journal |

ETA Form 9089

ETA Case Number: A-06324-82124

OMB Approval: 1205-0451
Expiration Date: 03/31/2008

Application for Permanent Employment Certification
ETA Form 9089
U.S. Department of Labor



**I. Recruitment Information Continued**

| 12. Date of second newspaper advertisement or date of publication of journal identified in question 11: |
|---|
| 10/01/2006 |

**d. Professional Recruitment Information – Complete if the answer to question I.a.1 is YES or if the answer to I.a.2-B is YES.   Complete at least 3 of the items.**

| 13. Dates advertised at job fair<br>From:          To: | 14. Dates of on-campus recruiting<br>From:          To: |
|---|---|
| 15. Dates posted on employer web site<br>From: 09/19/2006 To: 09/26/2006 | 16. Dates advertised with trade or professional organization<br>From:          To: |
| 17. Dates listed with job search web site<br>From: 09/19/2006 To: 09/26/2006 | 18. Dates listed with private employment firm<br>From:          To: |
| 19. Dates advertised with employee referral program<br>From: 09/20/2006 To: 09/27/2006 | 20. Dates advertised with campus placement office<br>From:          To: |
| 21. Dates advertised with local or ethnic newspaper<br>From:          To: | 22. Dates advertised with radio or TV ads<br>From:          To: |

**e. General Information – All must complete this section.**

| 23. Has the employer received payment of any kind for the submission of this application? | [ ] Yes [✓] No |
|---|---|
| 23-A. If Yes, describe details of the payment including the amount, date and purpose of the payment: | |
| 24. Has the bargaining representative for workers in the occupation in which the alien will be employed been provided with notice of this filing at least 30 days but not more than 180 days before the date the application is filed? | [ ] Yes [ ] No [✓] NA |
| 25. If there is no bargaining representative, has a notice of this filing been posted for 10 business days in a conspicuous location at the place of employment, ending at least 30 days before but not more than 180 days before the date the application is filed? | [✓] Yes [ ] No [ ] NA |
| 26. Has the employer had a layoff in the area of intended employment in the occupation involved in this application or in a related occupation within the six months immediately preceding the filing of this application? | [✓] Yes [ ] No |
| 26-A. If Yes, were the laid off U.S. workers notified and considered for the job opportunity for which certification is sought? | [✓] Yes [ ] No [ ] NA |

**J. Alien Information (This section must be filled out. This information must be different from the agent or attorney information listed in Section E).**

| 1. Alien's last name<br>MOHAN RAO MARAM JAYA | First name<br>VENKATA RAMA MOHAN R | Full middle name |
|---|---|---|
| 2. Current address 1 | | |
| Address 2 | | |
| 3. City<br>i | State/Province | Country<br>UNITED STATES OF AMERICA | Postal code |
| 4. Phone number of current residence | | |
| 5. Country of citizenship<br>INDIA | 6. Country of birth<br>INDIA | |
| 7. Alien's date of birth | 8. Class of admission<br>H-1B | |
| 9. Alien registration number (A#) | 10. Alien admission number (I-94) | |
| 11. Education: highest level achieved relevant to the requested occupation:<br>[ ] None  [ ] High School  [ ] Associate's  [ ] Bachelor's  [ ] Master's  [ ] Doctorate  [✓] Other | | |

ETA Form 9089

ETA Case Number: A-06324-82124

OMB Approval: 1205-0451
Expiration Date: 03/31/2008

Application for Permanent Employment Certification

ETA Form 9089
U.S. Department of Labor



### J. Alien Information Continued

**11-A.** If Other indicated in question 11, specify
COMPLETION CERTIFICATE

**12.** Specify major field(s) of study
ELECTRONICS AND COMMUNICATION ENGINEERING

**13.** Year relevant education completed
1995

**14.** Institution where relevant education specified in question 11 was received
THE INSTITUTION OF ENGINEERS

**15.** Address 1 of conferring institution
8 GOKHALE ROAD

Address 2

| 16. City | State/Province | Country | Postal code |
|---|---|---|---|
| KOLKATA | WEST BENGAL    INDIA | | 700 020 |

**17.** Did the alien complete the training required for the requested job opportunity, as indicated in question H.5?  ☐ Yes  ☐ No  ☑ NA

**18.** Does the alien have the experience as required for the requested job opportunity indicated in question H.6?  ☑ Yes  ☐ No  ☐ NA

**19.** Does the alien possess the alternate combination of education and experience as indicated in question H.8?  ☑ Yes  ☐ No  ☐ NA

**20.** Does the alien have the experience in an alternate occupation specified in question H.10?  ☐ Yes  ☐ No  ☑ NA

**21.** Did the alien gain any of the qualifying experience with the employer in a position substantially comparable to the job opportunity requested?  ☐ Yes  ☑ No  ☐ NA

**22.** Did the employer pay for any of the alien's education or training necessary to satisfy any of the employer's job requirements for this position?  ☐ Yes  ☑ No

**23.** Is the alien currently employed by the petitioning employer?  ☑ Yes  ☐ No

### K. Alien Work Experience

List all jobs the alien has held during the past 3 years. Also list any other experience that qualifies the alien for the job opportunity for which the employer is seeking certification.

**a. Job 1**

**1.** Employer name
iGate Mastech Inc., an iGate Company

**2.** Address 1
1000 Commerce Drive

Address 2
Suite 500

| 3. City | State/Province | Country | Postal code |
|---|---|---|---|
| Pittsburgh | PA | UNITED STATES OF AMERICA | 15275 |

**4.** Type of business
Computer Software Engineering

**5.** Job title
Programmer Analyst

**6.** Start date
12/14/2005

**7.** End date

**8.** Number of hours worked per week
40

ETA Case Number: A-06324-82124

6



OMB Approval: 1205-0451
Expiration Date: 03/31/2008

Application for Permanent Employment Certification
ETA Form 9089
U.S. Department of Labor

---

**K. Alien Work Experience Continued**

> 9. Job details (duties performed, use of tools, machines, equipment, skills, qualifications, certifications, licenses, etc. Include the phone number of the employer and the name of the alien's supervisor.)
>
> Structural systems analysis, design, development, testing, quality assurance, implementation, integration, maintenance and support of IBM mainframes and mid-range systems for business application systems in Pittsburgh and unanticipated locations throughout the US.
>
> Supervisor: Ravi Kumar
> Phone number:                    o

**b. Job 2**

| 1. Employer name |
|---|
| Emacs Technologies |

| 2. Address 1 |
|---|
| 210 Daniel W. Highway |
| Address 2 |

| 3. City | State/Province | Country | Postal code |
|---|---|---|---|
| Nashua | NH | UNITED STATES OF AMERICA | 03060 |

| 4. Type of business | 5. Job title |
|---|---|
| IT Consulting and Development | Programmer Analyst |

| 6. Start date | 7. End date | 8. Number of hours worked per week |
|---|---|---|
| 01/21/2005 | 12/13/2005 | 40 |

> 9. Job details (duties performed, use of tools, machines, equipment, skills, qualifications, certifications, licenses, etc. Include the phone number of the employer and the name of the alien's supervisor.)
>
> Involved in analysis and development using DB2, Java, HTML, IBM Websphere and OOD.
>
> Supervisor: Raj Chetri
> Phone number:

**c. Job 3**

| 1. Employer name |
|---|
| Covansys |

| 2. Address 1 |
|---|
| 32695 W. 12 Mile Road |
| Address 2 |

| 3. City | State/Province | Country | Postal code |
|---|---|---|---|
| Farmington Hills | MI | UNITED STATES OF AMERICA | 48334 |

| 4. Type of business | 5. Job title |
|---|---|
| IT Consulting and Development | Programmer Analyst |

| 6. Start date | 7. End date | 8. Number of hours worked per week |
|---|---|---|
| 03/01/1999 | 12/17/2004 | 40 |

---

ETA Form 9089

ETA Case Number: A-06324-82124

OMB Approval: 1205-0451
Expiration Date: 03/31/2008

Application for Permanent Employment Certification
ETA Form 9089
U.S. Department of Labor



---

**K. Alien Work Experience Continued**

9. Job details (duties performed, use of tools, machines, equipment, skills, qualifications, certifications, licenses, etc. Include the phone number of the employer and the name of the alien's supervisor.)

Involved in analysis, design and development using DB2, J2EE, Java, HTML, JSP, Struts and Mainframes.

Supervisor: Sarah Crenshaw
Phone number:

---

**L. Alien Declaration**

*I declare under penalty of perjury that Sections J and K are true and correct. I understand that to knowingly furnish false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by a fine or imprisonment up to five years or both under 18 U.S.C. §§ 2 and 1001. Other penalties apply as well to fraud or misuse of ETA immigration documents and to perjury with respect to such documents under 18 U.S.C. §§ 1546 and 1621.*

*In addition, I further declare under penalty of perjury that I intend to accept the position offered in Section H of this application if a labor certification is approved and I am granted a visa or an adjustment of status based on this application.*

| 1. Alien's last name | First name | Full middle name |
|---|---|---|
| MARAM JAYA | VENKATA RAMA MOHAN R | |
| 2. Signature | Date signed 12 13 06 | |

*Note – The signature and date signed do not have to be filled out when electronically submitting to the Department of Labor for processing, but must be complete when submitting by mail. If the application is submitted electronically, any resulting certification MUST be signed immediately upon receipt from DOL before it can be submitted to USCIS for final processing.*

---

**M. Declaration of Preparer**

| 1. Was the application completed by the employer? If No, you must complete this section. | ✓ Yes | ☐ No |
|---|---|---|

*I hereby certify that I have prepared this application at the direct request of the employer listed in Section C and that to the best of my knowledge the information contained herein is true and correct. I understand that to knowingly furnish false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by a fine, imprisonment up to five years or both under 18 U.S.C. §§ 2 and 1001. Other penalties apply as well to fraud or misuse of ETA immigration documents and to perjury with respect to such documents under 18 U.S.C. §§ 1546 and 1621.*

| 2. Preparer's last name | First name | Middle initial |
|---|---|---|
| 3. Title | | |
| 4. E-mail address | | |
| 5. Signature | Date signed | |

*Note – The signature and date signed do not have to be filled out when electronically submitting to the Department of Labor for processing, but must be complete when submitting by mail. If the application is submitted electronically, any resulting certification MUST be signed immediately upon receipt from DOL before it can be submitted to USCIS for final processing.*

---

ETA Form 9089

ETA Case Number: A-06324-82124

8

OMB Approval: 1205-0451
Expiration Date: 03/31/2008

Application for Permanent Employment Certification
ETA Form 9089
U.S. Department of Labor



### N. Employer Declaration

*By virtue of my signature below, I HEREBY CERTIFY the following conditions of employment:*

1. The offered wage equals or exceeds the prevailing wage and I will pay at least the prevailing wage.
2. The wage is not based on commissions, bonuses or other incentives, unless I guarantees a wage paid on a weekly, bi-weekly, or monthly basis that equals or exceeds the prevailing wage.
3. I have enough funds available to pay the wage or salary offered the alien.
4. I will be able to place the alien on the payroll on or before the date of the alien's proposed entrance into the United States.
5. The job opportunity does not involve unlawful discrimination by race, creed, color, national origin, age, sex, religion, handicap, or citizenship.
6. The job opportunity is not:
    a. Vacant because the former occupant is on strike or is being locked out in the course of a labor dispute involving a work stoppage; or
    b. At issue in a labor dispute involving a work stoppage.
7. The job opportunity's terms, conditions , and occupational environment are not contrary to Federal, state or local law.
8. The job opportunity has been and is clearly open to any U.S. worker.
9. The U.S. workers who applied for the job opportunity were rejected for lawful job-related reasons.
10. The job opportunity is for full-time, permanent employment for an employer other than the alien.

I hereby designate the agent or attorney identified in section E (if any) to represent me for the purpose of labor certification and, by virtue of my signature in Block 3 below, I take full responsibility for the accuracy of any representations made by my agent or attorney.

I declare under penalty of perjury that I have read and reviewed this application and that to the best of my knowledge the information contained herein is true and accurate. *I understand that to knowingly furnish false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by a fine or imprisonment up to five years or both under 18 U.S.C. §§ 2 and 1001. Other penalties apply as well to fraud or misuse of ETA immigration documents and to perjury with respect to such documents under 18 U.S.C. §§ 1546 and 1621.*

| 1. Last name | First name | Middle initial |
|---|---|---|
| Nooreni | Tripti | A |
| 2. Title | | |
| Vice President - Immigration | | |
| 3. Signature | Date signed | |
| *Tripta Noorani* | 11/05/2007 | |

*Note* – The signature and date signed do not have to be filled out when electronically submitting to the Department of Labor for processing, but must be complete when submitting by mail. If the application is submitted electronically, any resulting certification MUST be signed *immediately upon receipt* from DOL before it can be submitted to USCIS for final processing.

### O. U.S. Government Agency Use Only

Pursuant to the provisions of Section 212 (a)(5)(A) of the Immigration and Nationality Act, as amended, I hereby certify that there are not sufficient U.S. workers available and the employment of the above will not adversely affect the wages and working conditions of workers in the U.S. similarly employed.

_____
Signature of Certifying Officer

12/1/2006
_____
Date Signed

_____
Case Number

11/20/2006
_____
Filing Date

ETA Form 9089

ETA Case Number: A-06324-82124

9



OMB Approval: 1205-0451
Expiration Date: 03/31/2008

Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**

### P. OMB Information

*Paperwork Reduction Act Information Control Number 1205-0451*

Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.

Respondent's reply to these reporting requirements is required to obtain the benefits of permanent employment certification (Immigration and Nationality Act, Section 212(a)(5)). Public reporting burden for this collection of information is estimated to average 1¼ hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate to the Division of Foreign Labor Certification * U.S. Department of Labor * Room C4312 * 200 Constitution Ave., NW * Washington, DC * 20210.

**Do NOT send the completed application to this address.**

### Q. Privacy Statement Information

In accordance with the Privacy Act of 1974, as amended (5 U.S.C. 552a), you are hereby notified that the information provided herein is protected under the Privacy Act. The Department of Labor (Department or DOL) maintains a System of Records titled Employer Application and Attestation File for Permanent and Temporary Alien Workers (DOL/ETA-7) that includes this record.

Under routine uses for this system of records, case files developed in processing labor certification applications, labor condition applications, or labor attestations may be released as follows: in connection with appeals of denials before the DOL Office of Administrative Law Judges and Federal courts, records may be released to the employers that filed such applications, their representatives, to named alien beneficiaries or their representatives, and to the DOL Office of Administrative Law Judges and Federal courts; and in connection with administering and enforcing immigration laws and regulations, records may be released to such agencies as the DOL Office of Inspector General, Employment Standards Administration, the Department of Homeland Security, and the Department of State.

Further relevant disclosures may be made in accordance with the Privacy Act and under the following circumstances: in connection with federal litigation; for law enforcement purposes; to authorized parent locator persons under Pub. L. 93-647; to an information source or public authority in connection with personnel, security clearance, procurement, or benefit-related matters; to a contractor or their employees, grantees or their employees, consultants, or volunteers who have been engaged to assist the agency in the performance of Federal activities; for Federal debt collection purposes; to the Office of Management and Budget in connection with its legislative review, coordination, and clearance activities; to a Member of Congress or their staff in response to an inquiry of the Congressional office made at the written request of the subject of the record; in connection with records management; and to the news media and the public when a matter under investigation becomes public knowledge, the Solicitor of Labor determines the disclosure is necessary to preserve confidence in the integrity of the Department, or the Solicitor of Labor determines that a legitimate public interest exists in the disclosure of information, unless the Solicitor of Labor determines that disclosure would constitute an unwarranted invasion of personal privacy.

ETA Form 9089

ETA Case Number: A-06324-82124

10

Addendum

K. Alien Work Experience Continued

d. Job 4

| 1. Employer name | | | |
|---|---|---|---|
| **Metamor Global Solutions** | | | |
| 2. Address 1 | | | |
| **E9, NEPZ** | | | |
| Address 2 | | | |
| 3. City | State/Province | Country | Postal code |
| **Noida** | **Uttar Prad, INDIA** | | **201 305** |
| 4. Type of business | | 5. Job title | |
| **IT Consulting and Development** | | **Software Engineer** | |
| 6. Start date | 7. End date | 8. Number of hours worked per week | |
| **07/14/1997** | **02/19/1999** | **40** | |

9. Job details (duties performed, use of tools, machines, equipment, skills, qualifications, certifications, licenses, etc. Include the phone number of the employer and the name of the alien's supervisor.)

Involved in analysis, design, coding and testing using COBOL, Java, CICS, DB2, IMS, VSAM and JCL.

Supervisor: D. Sohan
Phone number:

e. Job 5

| 1. Employer name | | | |
|---|---|---|---|
| **Syntel Software Pvt. Ltd.** | | | |
| 2. Address 1 | | | |
| **69, SDP III, SEEPZ** | | | |
| Address 2 | | | |
| 3. City | State/Province | Country | Postal code |
| **Mumbai** | **Maharashtra INDIA** | | **400 096** |
| 4. Type of business | | 5. Job title | |
| **IT Consulting and Development** | | **Programmer Analyst** | |
| 6. Start date | 7. End date | 8. Number of hours worked per week | |
| **12/11/1995** | **06/27/1997** | **40** | |

9. Job details (duties performed, use of tools, machines, equipment, skills, qualifications, certifications, licenses, etc. Include the phone number of the employer and the name of the alien's supervisor.)

Involved in analysis, implementation, re-engineering, testing and quality analysis using COBOL, CICS, DB2, JCL and VSAM on Mainframes.

Supervisor: Pramod Pande
Phone number:

ETA Form 9089

ETA Case Number: A-06324-82124

Addendum

K. Alien Work Experience Continued

**f. Job 6**

| | | | |
|---|---|---|---|
| 1. Employer name **Krisn Information Technologies** | | | |
| 2. Address 1 **201, 69/A, Vengal Rao Nagar** | | | |
| Address 2 | | | |
| 3. City **Hyderabad** | State/Province **Andhra Pra** | Country **INDIA** | Postal code **500 038** |
| 4. Type of business **IT Consulting and Development** | | 5. Job title **Programmer Analyst** | |
| 6. Start date **01/17/1994** | 7. End date **11/30/1995** | 8. Number of hours worked per week **40** | |

9. Job details (duties performed, use of tools, machines, equipment, skills, qualifications, certifications, licenses, etc. Include the phone number of the employer and the name of the alien's supervisor.)

Involved in analysis, coding and quality assurance using C, COBOL, JCL, VSAM, DB2 and CICS.

Supervisor: Krishna Murthy
Phone number:

| | | | |
|---|---|---|---|
| 1. Employer name | | | |
| 2. Address 1 | | | |
| Address 2 | | | |
| 3. City | State/Province | Country | Postal code |
| 4. Type of business | | 5. Job title | |
| 6. Start date | 7. End date | 8. Number of hours worked per week | |

9. Job details (duties performed, use of tools, machines, equipment, skills, qualifications, certifications, licenses, etc. Include the phone number of the employer and the name of the alien's supervisor.)

ETA Case Number: A-06324-82124

<u>**Venkata Maramjaya**</u>
**v.**
<u>**United States Citizenship and**</u>
<u>**Immigration Services**</u>

**Civil Action No. 06-2158 (RCL)**

**Exhibit 10**

OMB No. 1615-0015, Exp. 07/31/07

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-140, Immigrant Petition for A~ ~~~ W~~~~~**

**START HERE - Please type or print in black ink.**

**For USCIS**

**Part 1.    Information about the person or organization filing this petition.** If an individual is filing, use the top name line. Organizations should use the second line.

| Family Name (Last Name) | Given Name (First Name) | Full Middle Name |
|---|---|---|
| | | |

Company or Organization Name
iGate Mastech Inc., an iGate Company

Address:  (Street Number and Name)                    Suite #
1000 Commerce Drive                                   500

Attn:
Tripti  A.  Noorani, Vice President - Immigration

City
Pittsburgh

State/Province
Pennsylvania

Country
U.S.A

Zip/Postal Code
15275

IRS Tax #         U.S. Social Security # (if any)        E-Mail Address (if any)
                  N/A

**Part 2.  Petition type.**

This petition is being filed for:  (Check one )

a. ☐ An alien of extraordinary ability.
b. ☐ An outstanding professor or researcher.
c. ☐ A multinational executive or manager.
d. ☐ A member of the professions holding an advanced degree or an alien of exceptional ability (who is NOT seeking a National Interest Waiver).
e. ☑ A professional (at a minimum, possessing a bachelor's degree or a foreign degree equivalent to a U.S. bachelor's degree) or a skilled worker (requiring at least two years of specialized training or experience).
f. ☐ (Reserved )
g. ☐ Any other worker (requiring less than two years of training or experience).
h. ☐ Soviet Scientist.
i. ☐ An alien applying for a National Interest Waiver (who IS a member of the professions holding an advanced degree or an alien of exceptional ability).

**Part 3.  Information about the person you are filing for.**

Family Name (Last Name)         Given Name (First Name)         Full Middle Name
Maram Jaya                      Venkata Rama Mohan Rao

Address:  (Street Number and Name)                                Apt. #

C/O:  (In Care Of)

City                            State/Province

Country        Zip/Postal Code      E-Mail Address (if any)
USA

Daytime Phone # (with area/country codes)      Date of Birth (mm/dd/yyyy)

City/Town/Village of Birth      State/Province of Birth      Country of Birth
Aswaraopet                      Andhra Pradesh               India

Country of Nationality/Citizenship      A # (if any)      U.S. Social Security # (if any)
India

If in the U.S.

Date of Arrival (mm/dd/yyyy)
11/29/2004

I-94 # (Arrival Departure Document)

Current Nonimmigrant Status
H-1B

Date Status Expires (mm/dd/yyyy)
02/27/2007

**For USCIS Use**

Returned

Date

Date

Resubmitted

Date

Date

Reloc Sent

Date

Date

Reloc Rec'd

Date

Date

LIN-07-072-52472 LIMTX001
01/11/2007

JAN 11 2007 -8 30 AM 2 3 1 9

**Classification:**
☐ 203(b)(1)(A) Alien of Extraordinary Ability
☐ 203(b)(1)(B) Outstanding Professor or Researcher
☐ 203(b)(1)(C) Multi-National Executive or Manager
☐ 203(b)(2) Member of Professions w. Adv. Degree or Exceptional Ability
☑ 203(b)(3)(A)(i) Skilled Worker
☐ 203(b)(3)(A)(ii) Professional
☐ 203(b)(3)(A)(iii) Other Worker

**Certification:**
☐ National Interest Waiver (NIW)
☐ Schedule A, Group I
☐ Schedule A, Group II

Priority Date          Consulate
11/20/2006             245 Adj

Concurrent Filing:
☐ I-485 filed concurrently.          3/E 31/05

**Remarks**     APPROVED

**Action Block**

**To Be Completed by**
Attorney or Representative, if any
☐ Fill in box if G-28 is attached to represent the applicant.

ATTY State License #

Form I-140 (Rev. 04/01/06)Y

## Part 4.   Processing Information.

1. Please complete the following for the person named in Part 3: *(Check one)*

☐ Alien will apply for a visa abroad at the American Embassy or Consulate at:

| City | Foreign Country |
|------|-----------------|
|      |                 |

☑ Alien is in the United States and will apply for adjustment of status to that of lawful permanent resident.

Alien's country of current residence or, if now in the U.S., last permanent residence abroad.

India

2. If you provided a U.S. address in Part 3, print the person's foreign address:

3. If the person's native alphabet is other than Roman letters, write the person's foreign name and address in the native alphabet.

4. Are any other petition(s) or application(s) being filed with this Form I-140?

☒ No    ☐ Yes-(check all that apply)    ☐ Form I-485    ☐ Form I-765
                                         ☐ Form I-131    ☐ Other - Attach an explanation.

5. Is the person you are filing for in removal proceedings?    ☒ No    ☐ Yes-Attach an explanation.

6. Has any immigrant visa petition ever been filed by or on behalf of this person?    ☐ No    ☒ Yes-Attach an explanation.

If you answered yes to any of these questions, please provide the case number, office location, date of decision and disposition of the decision on a separate sheet(s) of paper.

## Part 5.   Additional information about the petitioner.

1. Type of petitioner *(Check one.)*

☑ Employer    ☐ Self    ☐ Other (Explain. e.g.. Permanent Resident, U.S. citizen or any other person filing on behalf of the alien.)

2. If a company, give the following.

| Type of Business | Date Established *(mm/dd/yyyy)* | Current Number of Employees |
|------------------|-------------------------------|-----------------------------|
| Computer Software Engineering | 1986 | 5,910 |

| Gross Annual Income | Net Annual Income | NAICS Code |
|---------------------|-------------------|------------|
| $275,992,000 | $6,969,000 | 5 4 1 5 1 1 |

DOL/ETA Case Number

3. If an individual, give the following.

| Occupation | Annual Income |
|------------|---------------|
|            |               |

## Part 6.   Basic information about the proposed employment.

| 1. Job Title | 2. SOC Code |
|--------------|-------------|
| Programmer Analyst | 1 5 — 1 0 5 1 |

3. Nontechnical Description of Job

See attached Labor Certification.

4. Address where the person will work if different from address in Part 1.

5. Is this a full-time position?    ☒ Yes    ☐ No

6. If the answer to Number 5 is "No," how many hours per week for the position?

7. Is this a permanent position?    ☒ Yes    ☐ No

8. Is this a new position?    ☐ Yes    ☒ No

9. Wages per week    $ 65,500 per year

**Part 7.   Information on spouse and all children of the person for whom you are filing.**

List husband/wife and all children related to the individual for whom the petition is being filed. Provide an attachment of additional family members, if needed.

| Name (First/Middle/Last) | Relationship | Date of Birth (mm dd/yyyy) | Country of Birth |
|---|---|---|---|
| | Wife | | India |
| | Daughter | | India |
| | Son | | USA |
| | | | |
| | | | |
| | | | |

**Part 8.   Signature.** *Read the information on penalties in the instructions before completing this section. If someone helped you prepare this petition, he or she must complete Part 9.*

I certify, under penalty of perjury under the laws of the United States of America, that this petition and the evidence submitted with it are all true and correct. I authorize U.S. Citizenship and Immigration Services to release to other government agencies any information from my USCIS (or former INS) records, if USCIS determines that such action is necessary to determine eligibility for the benefit sought.

| Petitioner's Signature | Daytime Phone Number (Area/Country Codes) | E-Mail Address |
|---|---|---|
| *Tripta Noorani* | 412-767-9563 | |

| Print Name | Date (mm/dd/yyyy) |
|---|---|
| Tript. A Noorani, Vice President - Immigration | 01/05/2007 |

NOTE: *If you do not fully complete this form or fail to submit the required documents listed in the instructions, a final decision on your petition may be delayed or the petition may be denied.*

**Part 9.   Signature of person preparing form, if other than above.**    *(Sign below.)*

I declare that I prepared this petition at the request of the above person and it is based on all information of which I have knowledge.

Attorney or Representative: In the event of a Request for Evidence (RFE) may the USCIS contact you by Fax or E-mail? ☐ Yes  ☐ No

| Signature | Print Name | Date (mm/dd/yyyy) |
|---|---|---|
| | | |

Firm Name and Address

| |
|---|
| |

| Daytime Phone Number (Area/Country Codes) | Fax Number (Area/Country Codes) | E-Mail Address |
|---|---|---|
| | | |

## Attachment to Form I-140 – Venkata Rama Mohan Rao Maram Java

6. Has any immigrant visa petition ever been filed by or on behalf of this person?  Yes.

EAC-06-068-52626 filed by iGate Mastech at Vermont Service Center. Application denied 08/08/2006. Appeal filed 09/01/2006 at LIN-06-255-51763.

LIN-03-061-52938 filed by Covansys Corporation at Nebraska Service Center. Application denied.

LIN-03-204-53548 filed by Covansys Corporation at Nebraska Service Center. Application denied 05/27/2004.

# Venkata Maramjaya
## v.
# United States Citizenship and Immigration Services

# Civil Action No. 06-2158 (RCL)

# Exhibit 11



Department of Homeland Security
Lincoln, NE 68501-2521

**U.S. Citizenship
and Immigration
Services**

AUG 0 8 2006

Refer to File Number:
FILE # EAC 06 068 52626

IGATE MASTECH INC
C/O TRIPTI MOORANI
1000 COMMERCE DR 500
PITTSBURGH PA 15275

Dear Sir or Madam:

Case Type: I-140, IMMIGRANT PETITION FOR ALIEN WORKER
Beneficiary: VENKATA RAMA MOHAN RAO MARAM JAYA

## DECISION

This petition, filed on January 5, 2006, seeks to classify the beneficiary as an immigrant under Section 203(b)(3)(A)(ii) of the Immigration and Nationality Act, as amended. That section of law refers to "qualified immigrants who hold baccalaureate degrees and who are members of the professions."

Title 8, Code of Federal Regulations, Part 204.5(l)(3)(ii)(C), states:

> If the petition is for a professional, the petition must be accompanied by evidence that the alien holds a United States baccalaureate degree or a foreign equivalent degree and by evidence that the alien is a member of the professions. Evidence of a baccalaureate degree shall be in the form of an official college or university record showing the date the baccalaureate degree was awarded and the area of concentration of study. To show that the alien is a member of the professions, the petitioner must submit evidence that the minimum of a baccalaureate degree is required for entry into the occupation.

The record indicates that the petitioner desires the services of the beneficiary as Software Engineer – IBM Mainframe.

The petitioner submitted Form ETA-750 and was accepted on October 06, 1997. In part 14 and 15 of that form the petitioner required that, at a minimum, a prospective employee would have four years of college resulting in a "bachelor or equivalent" ONLY, with the major field of study in Computer Science, Engineering Science, or equivalent. For the purposes of third-preference employment-based immigrant petitions, the Service has held that the term "equivalent" standing alone, means an equivalent foreign degree. An equivalent foreign degree is a degree awarded by an institution outside the U. S. for a course that is similar in complexity and length (4 years) to a course of study for which an institution in the U. S. would grant a baccalaureate degree. This does not include experience gained through employment, nor does it include a series of diplomas or certificates.

The Service acknowledges that the petitioner has previously submitted two I-140's (LIN 03-061-52938 & LIN 03-204-53548), both of which have been denied because the evidence (foreign education evaluation) has not supported the claim that the beneficiary has meet the ETA 750 requirements of a U.S. Bachelors degree.

Within the current evidence submitted, the petitioner/beneficiary have submitted a new education evaluation conducted by Multinational Education & Information Services, Inc., dated December 2, 2003, that appears to assess the beneficiary's education credentials to a different conclusion. Specifically, this evaluation concludes that since the beneficiary completed "Sections A & B Examinations of the Institute of Engineers (India)," this "is equivalent to an individual with a Bachelor of Engineering degree in Electronics Engineering from an accredited University in the United States."

The labor certification specifically requires a U. S. baccalaureate degree or equivalent foreign degree. The labor certification does not allow for a combination of educational experiences to be determined the equivalent of a baccalaureate degree. Therefore, the record indicates that the beneficiary is ineligible. 8 CFR, part 103.2, states in pertinent part:

> If there is evidence of ineligibility in the record, an application or petition shall be denied on that basis notwithstanding any lack of required initial evidence.

The Service may, in its discretion, use as advisory opinions statements submitted as expert testimony. However, where an opinion is not in accord with the other information or is in any way questionable, the Service is not required to accept or may give less weight to that evidence. In the present matter, the unsupported evaluation does not establish that the beneficiary meets the minimum requirements of the labor certification.

The burden of proof in these proceedings rests solely with the petitioner. See Matter of Treasure Craft of California, 14 I&N Dec. 190. In this case the petitioner has not sustained that burden.

In view of the above, the petition is denied.

RIGHT TO APPEAL: If you wish to appeal this decision, you may do so. Your Notice of Appeal to the Administrative Appeals Office (AAO), Form I-290B, must be filed with the Nebraska Service Center, P. O. Box 82521, Lincoln, NE 68501-2521. Your Form I-290B must be filed within 30 days from the date of this notice (33 days if this notice was received by mail) and be accompanied by a fee of $110.00 and a brief or other written statement in support of your appeal. If no appeal is filed within the time allowed, this decision is final. Do not send your appeal directly to the Administrative Appeals Office.

Sincerely,

F. Gerard Heinauer
Acting Director

NSC/ADJ030