UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **VENKATA MARAMJAYA,** | ) ) ) | |
| **Plaintiff,** | ) ) | Civil No. 06-2158 (RCL) |
| v. | ) ) ) | |
| **UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,** | ) ) ) ) | |
| **Defendant.** | ) ) | |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant, through counsel, the United States Attorney for the District of Columbia, respectfully files this reply memorandum in response to Plaintiff's Response to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment. ("Pltf's Resp.").

Plaintiff brought this action pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq., and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., seeking review of the decision of the United States Citizenship and Immigration Services ("USCIS") denying an Immigration Petition for Alien Worker ("I-140") which was filed on plaintiff's behalf. Plaintiff complains that the decision was arbitrary, capricious, an abuse of discretion and[] not in accordance with the law . . . ." See Complaint at p. 11. However, the I-140 was properly denied. USCIS decisions regarding the admission of aliens into the United States are entitled to deference. In addition, USCIS's actions were in accordance with the law, and were not arbitrary, capricious or an abuse of discretion.

Accordingly, for reasons stated in defendant's motion and herein, defendant respectfully

reiterates its request that the Court dismiss this suit or enter summary judgment in defendant's favor.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Covansys Corporation's Submission of the I-140 Petition

Plaintiff, Venkata Maramjaya, is a citizen of India. Id. at ¶ 1. On or about March 1, 1999, plaintiff became employed by the Covansys Corporation (the "Corporation"), located in Farmington Hills, Michigan. See Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Defendant's Motion"), Exhibit 9 (ETA Form 9089, U.S. Department of Labor, Application for Permanent Employment Certification, p. 7). On June 19, 2003, the Corporation, on plaintiff's behalf, filed an I-140 petition with USCIS. Complaint at ¶ 6, 7. This petition sought plaintiff's "classif[ication] as a professional or skilled worker under Section 203(b)(3)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1153(b)(3)(A)(i)[,]" specifically as a Programmer Analyst. Id.

As required by applicable regulations, prior to filing the I-140 petition, the Corporation submitted an Application for Alien Employee Certification ("ETA-750" or "labor certification") with the Department of Labor ("DOL"). See Defendant's Motion, Exhibit 2. As part of this application process, on Part 14 of the ETA 750, the employer must "[s]tate in detail the MINIMUM education, training, and experience for a worker to perform satisfactory (sic) the job duties . . . ." Id. In support of this requirement, the Corporation indicated, on Part 14 of the ETA 750, that the minimum education, training, and experience required to perform the job was a four year college degree with a "Bachelor's or equivalent." Id. The major field of study was Computer Science or MIS Engineering. See id. In addition, one year of experience was required

in the job offered or a related occupation.  Id.  The related occupation could be "Systems Analysis &/or Programming &/or S/W Eng[ineering] &/or Computer Consulting."  Id.

On November 18, 2002, the Department of Labor, Employment and Training Administration, approved the Corporation's ETA 750.[1]  See Defendant's Motion, Exhibit 3.  The Corporation was instructed to attach the ETA 750 to the I-140 petition, and forward it to USCIS for review.  See id.  Plaintiff filed the I-140, ETA 750 and evidence of plaintiff's foreign academic credentials with USCIS.  Complaint at ¶¶ 9-12.

**B. USCIS's Denial of the I-140 Petition**

On May 27, 2004, USCIS denied the Corporation's I-140 petition.  See Defendant's Motion, Exhibit 4.  The denial was based upon the fact that "the petitioner ha[d] not demonstrated that the [plaintiff] met the minimum requirements[, as stated in Part 14 . . . of the] ETA 750 . . . ."  Id.  USCIS noted that the Corporation merely had "resubmitted a duplicate petition of a previously denied petition on behalf of [plaintiff].  With th[e current petition,] the [Corporation] . . . submitted a new foreign academic credential evaluation . . . ."  Id.[2]  This evaluation assessed plaintiff's academic credentials and concluded that they were equivalent to a U.S. bachelor's degree.  However, the previous petition indicated that plaintiff's academic credentials were equivalent to a U.S. high school diploma and Associate's degree.  USCIS informed the Corporation that "where inconsistencies appear in the record, it is incumbent on the petitioner to resolve or explain those discrepancies by independent, objective evidence."  Id.

---

[1] The role of the DOL in the labor certification process is to determine whether there are U.S. workers available for the position, and whether hiring a foreign worker would adversely affect the conditions of U.S. workers.

[2] USCIS noted that "foreign credential[] assessments are non-binding evaluations."  Id.

(citing Matter of Ho, 19 I&N Dec. 582 (BIA 1988)).

### C. Appeal to the Administrative Appeals Office

The Corporation appealed USCIS's denial of the petition to the Bureau of Citizen and Immigration Services, Administrative Appeals Office ("AAO").  See Defendant's Motion, Exhibit 5.  On November 22, 2005, the AAO affirmed the decision of USCIS, and dismissed the appeal.  See id., Exhibit 6.  In its decision the AAO noted that, on December 27, 2002, the petitioner had filed a previous I-140 petition for plaintiff which was denied.[3]  For the current petition, the Corporation merely re-submitted much of same evidence as that submitted with the December 27, 2002 petition.

The Corporation argued that, although plaintiff did not have the required four years of college culminating in a bachelor's degree, "the Indian government recognize[d] passage of sections A and B of the Institution of Engineers examination as the equivalent of a bachelor's degree.  Id. at 4.  The Corporation also submitted two new credential evaluations.[4]  Nevertheless,

---

[3]With the December 27, 2002 petition, the Corporation submitted, inter alia, an August 19, 1998 report from a credential evaluation service.  That report stated that:
> the petitioner's 1990 diploma in electronics and communication engineering from the State Board of Technical Education and Training in Andra Pradesh, India [was] the equivalent of a U.S. high school graduation and associates degree. [In addition, petitioner's] . . . Associate Membership Certificate from the Institution of Engineers in India was attained through [his] previous education and professional experience and an examination, and . . . it is the equivalent of a U.S. bachelor's degree.

Id. at 3.  This petition was denied because the evidence submitted did not establish that plaintiff actually had a United States bachelor's degree or an equivalent foreign degree.  In addition, it appeared that plaintiff's associate membership in the Institution of Engineers was attained, not through four years of college studies, but, in part, through education, experience and an examination.  Id.

[4]A credential evaluation, dated December 2, 2003, stated that the plaintiff's "passage of the A and B examinations of the Institution of Engineers is equivalent, in itself, to a bachelor's

4

the AAO found that "[n]one of the [credential] evaluations submitted demonstrate[d] that [plaintiff] ha[d] a U.S. bachelor's degree or an equivalent foreign degree." Id. "The various submissions stating that the beneficiary's Associate Membership Certificate from the Institution of Engineers in India is the equivalent of a U.S. bachelor's degree d[id] not demonstrate that it [was], in fact, a bachelor's degree or a foreign equivalent degree." Id. The AAO stated that plaintiff was "obliged to show, not that [plaintiff's] degree plus additional education and employment experience [were] the equivalent of a U.S. bachelor's degree, but that [plaintiff] ha[d] either a U.S. bachelor's degree or a foreign degree that [was] the equivalent of a U.S. bachelor's degree." Id. at 4-5. This was because the laws and regulations pertinent to the I-140 visa category did not sanction a substitution for a bachelor's degree. Id. at 5.

> The AAO held that:
>
> To determine whether a beneficiary is eligible for [this] visa, the [USCIS] must ascertain whether [plaintiff] is in fact qualified for the certified job. In evaluating [plaintiff's] qualifications, [USCIS] must look to the [ETA 750 or] labor certification to determine the required qualifications for the position.

Id. Here, the ETA 750 plainly expressed that a four year college degree with a Bachelor's degree or equivalent was necessary to perform the job. "The Service may not ignore a term of the labor certification, nor may it impose additional requirements." Id. (citing Matter of Silver Dragon Chinese Rest., 19 I&N Dec. 401, 406 (Comm. 1986); Madany v. Smith, 696 F.2d 1008 (D.C. Cir. 1983); Stewart Infra-Red Commissary of Mass., Inc. v. Coomey, 661 F.2d 1 (1st Cir. 1981)). Therefore, plaintiff's I-140 petition for classification as a professional or skilled worker was

---

degree." Id. A credential evaluation, dated January 2, 2004, stated that "the passage of those examinations and [plaintiff's] education, taken together, [were] the equivalent of a bachelor's degree." Id.

5

denied.

## II. ARGUMENT

### A. Plaintiff Lacks Standing to Bring this Lawsuit.

Plaintiff argues that he has standing to bring this lawsuit because it was his status that was "at stake when the agency t[ook] action on [the] preference classification petition." Pltf's Resp. at p. 10 (citing Sanchez-Trujillo v. INS, 620 F.Supp. 1361, 1363 (W.D.N.C. 1985)). However, the petitioner of the I-140 was Covansys Corporation, and the Corporation is not a named party to this lawsuit. In fact, plaintiff stopped working for the Corporation in December of 2004. Defendant's Motion, Exhibit 9, p. 7. Moreover, plaintiff has moved to Pennsylvania where he works for IGate Mastech, Inc. ("IGate") as a programmer analyst. See id., Exhibit 10. An I-140 filed by IGate on behalf of plaintiff, on January 11, 2007, was approved by USCIS on January 17, 2007. Id. There is no evidence in the record that the Corporation continues to seek the employment of plaintiff. A labor certification is filed by, and belongs to, the employer. If the employer has terminated employment, the beneficiary would not have an ownership interest in the labor certification. Indeed, the employer is free to use that labor certification on behalf of another employee.

In a case concerning a non-immigrant visa, this Court was asked to review a consular decision to revoke a nonimmigrant visa and to refuse to reissue a new one. Saavedra-Bruno v. Albright, 197 F.3d 1153 (D.C. Cir. 1999). The alien and his United States citizen employer sponsor argued that they had standing to bring the lawsuit. However, the Court found that neither the alien nor his employer had standing to challenge the denial or revocation of the visa. When the employer's petition was granted, their cognizable interest terminated. Id. at 1164.

Therefore, the citizen sponsors were not "aggrieved" within the meaning of the relevant statute and had no right of review under the Administrative Procedures Act ("APA").  Cf. Blacker, et al. v. Ridge, 436 F.Supp.2d 602, 606 (S.D.N.Y. 2006)(employer, not alien employee, has standing to challenge immigration officials' denial of employee's H1-B visa which employer had filed on employee's behalf.)

>   B.  **USCIS's Action in Denying the I-140 Petition was Not Arbitrary, Capricious or An Abuse of Discretion and is Supported by Substantial Evidence.**

>       1.  <u>In order to qualify for classification as a "professional," an alien must possess a single U.S. bachelor's degree or a foreign degree which is equivalent to a U.S. bachelor's degree.</u>

The term "professional" is defined under the Immigration Act as: "[q]ualified immigrants who hold baccalaureate degrees and who are members of the professions."  8 U.S.C. § 1153(b)(3)(A)(ii).  Federal Regulations implementing this statute define a professional as "a qualified alien who holds at least **a** United States Baccalaureate degree or a foreign equivalent degree and who is a member of the professions."  8 C.F.R. § 204.5(l)(2)(Definitions)(emphasis added)  A profession is defined as "one of the occupations listed in section 101(a)(32) of the Act, as well as any occupation for which a United States baccalaureate degree or its foreign equivalent is the **minimum** requirement for entry into the occupation."  8 C.F.R. § 204.5(k)(2) (Definitions) (emphasis added).

The regulations also identify the types of documentation that an employer must present in order to establish that a beneficiary meets the definition of Professional:

>       (C) Professionals.  If the petition is for a professional, the petition
>       must be accompanied by evidence that the alien holds **a** United
>       States baccalaureate degree or **a** foreign equivalent degree and by
>       evidence that the alien is a member of the professions.  Evidence of

>a baccalaureate degree shall be in the form of **an** official college or university record showing the date the baccalaureate degree was awarded and the area of concentration of study. To show that the alien is a member of the professions, the petitioner must submit evidence showing that the **minimum** of a baccalaureate degree is required for entry into the occupation.

8 C.F.R. § 204.5(l)(3)(ii)(C) (initial evidence)(emphasis added).

An agency's interpretation of its own regulations is entitled to substantial deference and must be upheld unless plainly erroneous or inconsistent with the regulatory text. 5 U.S.C. § 706(2)(E). Here, the plain language of the statute requires a "professional" to possess at least **a** baccalaureate degree, and the plain language of the implementing regulation states that this requirement can be met with **a** United States baccalaureate degree or a foreign equivalent degree. The use of the word "a" in the language of the regulation clearly indicates that a single degree is necessary to qualify for classification as a "professional." Further, the requirement that the alien possess "at least a" bachelor's degree suggests that other education, training, or experience cannot be used to meet this requirement. This interpretation is supported by the comments to the regulations, which state:

>. . . both the Act and its legislative history make clear that, in order to qualify as a professional under the third classification or to have experience equating to an advanced degree under the second, an alien must have at least **a** bachelor's degree.

56 Fed. Reg. 60897, 60900 (November 29, 1991) (emphasis added).

The language used in the cited regulations is significant in that the regulation governing at least one other type of employment-related visa *does* allow for "stacking" of education, experience, and/or training in meeting a bachelor's degree requirement. See 8 C.F.R. § 214.2(h)(4)(iii)(C)-(D) (for H-1B non-immigrant "specialty occupation" classification, 8 U.S.C. §

1184(i), 8 C.F.R. § 214(i), a beneficiary can fulfill the degree requirement by showing education, specialized training, and/or experience equivalent to completion of a U.S. baccalaureate or higher degree in the specialty occupation and having recognized expertise in the area.)  The absence of such language in the law defining "professional," 8 U.S.C. § 1153(b)(A)(ii) and 8 C.F.R. § 203(b)(3)(A)(ii), as well as the use of the singular article "a," dictates that the alien must possess a single equivalent foreign degree in order to qualify as a "professional."

> 2.  <u>In order to qualify for classification as a "skilled worker," an alien must meet the definition of skilled worker found in the federal immigration regulations, and must meet **all** requirements reflected on the labor certification.</u>

Plaintiff now appears to concede that he does not qualify as a "professional," but contends that, because he cannot meet the "professional" requirement, he automatically qualifies as a "skilled worker."  This belief is inconsistent with the plain language of the regulations relating to the skilled worker classification.

In order to be classified as a "skilled worker," an alien has the burden of establishing that he is capable, at the time of petitioning for classification, of performing skilled labor (requiring at least 2 years of training or experience), not of a temporary or seasonal nature, for which qualified workers are not available in the United States.  It may appear that plaintiff is capable of meeting this requirement because he does have some college education, training and experience.  However, this requirement is not the <u>only</u> requirement that must be met for classification in this category.  Rather, the regulations also require that a visa petition for a "skilled worker" be accompanied by evidence that the alien meets the educational, training or experience, <u>and any</u>

9

other requirements of the individual labor certification. 8 C.F.R. § 204.5(l) (emphasis added).[5] DOL regulation 20 C.F.R. § 656.21(b)(5) requires that the employer set forth in its labor certification the "actual minimum requirements for the job opportunity."

    Here, the Corporation indicated that the minimum requirement was a four-year college degree with a "bachelor's or equivalent" in Computer Science, MIS, or Engineering. The record reflects that plaintiff does not possess such a degree. Plaintiff did represent that he has a four-year diploma in electronics and engineering after attendance at the State Board of Technical Education and Training ("SBTET") from September 1986 through February 1990, and a four-year bachelor's degree in electronics and communication engineering after attendance at The Institution of Engineers ("IE") from November 1991 to November 1995. However, plaintiff's actual credentials reflected a 3-year bachelor's degree from SBTET, and membership in a professional engineering society after completion of two examinations. Therefore, the AAO issued a notice of derogatory information. Of additional concern to the AAO was plaintiff's representation of his educational credentials on the labor certification application submitted with the I-140 filed by IGate. On that I-140, plaintiff completely omitted his SBTET credentials, and represented that he attended IE from January 1991 to November 1995, and received a certificate of passing.[6] As plaintiff is aware, it was not until IGate modified its minimum requirements to specify that equivalent education, training or experience <u>could be</u> substituted for the bachelor's

---

    [5]This requirement exists to uphold the integrity of the process in order to protect U.S. workers from unfair competition and discrimination.

    [6]Because of the misrepresentations made, the AAO is prepared to make a finding of fraud and material misrepresentation. However, the AAO is providing the Corporation with a final opportunity to respond.

degree requirement, that IGate's I-140 petition in the "skilled worker" classification was approved. Defendant's Motion, Exhibits 9, 10.

In order to support his argument that the Corporation's I-140 petition should not have been denied under the "skilled worker" classification, plaintiff argues that "[t]he DOL and the employer, not [US]CIS, have the authority to set the requirements for the position proffered in the labor certification." Pltf's Resp. at p. 13. However, the role of the DOL in the labor certification process is limited to determining whether there are U.S. workers available for the position, and whether hiring a foreign worker would adversely affect the conditions of U.S. workers. The role of USCIS is to determine whether the beneficiary meets the qualifications of the labor certification. Here, USCIS is not attempting to set the requirements for the position. Rather, USCIS is requiring that the regulations be adhered to, and the minimum requirements established by the employer in its own labor certification be followed. Here, plaintiff clearly is attempting to circumvent those requirements.

Plaintiff claims that despite the requirements set forth in the employer's own labor certification, he should have been granted the requested visa in the "skilled worker" classification because he has education, experience, and training that are "equivalent" to the types of degrees listed in the labor certification. However, to allow an employer to hire an alien who does not meet the labor certification's stated requirements through the substitution of education, training and experience is precluded by 8 C.F.R. § 204.5(l)(3)(iii)(B). Moreover, such a substitution would undermine the purpose behind the DOL certification.

Plaintiff argues there is support for his position in the comments to the implementing regulations. Specifically, plaintiff cites the following excerpt:

> Persons formerly qualifying for third preference by virtue of
> education and experience equating to a bachelor's degree will
> qualify for the third employment category as skilled workers with
> more than two years of training and experience. These individuals
> as well as holders of baccalaureate degree will fall into the same
> preference category.

56 Fed. Reg. 60897, 60900 (November 29, 1991). However, the agency (formerly INS) responsible for crafting the regulations is in the best position to explain what they mean. In providing this explanation, one must examine the words in the context of the entire comment, rather than cherry-pick one sentence from the whole to apply an unintended meaning.

Specifically, the language in the comments indicates that, after the change in the regulations, an individual could no longer meet the bachelor's degree required for the professional category by substituting other education and experience. However, these individuals <u>could</u> still be employed in the United States if they were petitioned for under the "skilled worker" category. Importantly, this does not equate to the notion that anyone who fails to qualify as a "professional" automatically qualifies as a "skilled worker." It also does not mean that where a labor certification requires a degree, that an alien filing under the "skilled worker" category is excused from possessing one. The requirement that the beneficiary meet all educational, training, or experience requirements set forth in the labor certification remains. 8 C.F.R. § 204.5(l)(3)(iii)(B).[7]

The interpretation of the regulations relating to "skilled worker" must also be read in the

---

[7]If the employer wished to pursue a "skilled worker" classification for the beneficiary in this case, he could do so, in circumstances where the job requirements are not too advanced for categorization under the skilled worker category. In addition, the employer must do so at the beginning of the process rather than playing "bait and switch" with Department of Labor and USCIS.

context of the regulations relating to other employment-based visas. Specifically, the regulations relating to the issuance of H-1b <u>non-immigrant</u> petitions <u>do</u> allow for substitution of education, training, or experience for a degree requirement. <u>See</u> 8 C.F.R. § 214.2(h)(4)(iii)(C)-(D) (for H-1b Specialty Occupation petition). The absence of similar language in the regulations relating to <u>immigrant</u> petitions strongly supports defendant's argument that a degree requirement cannot be met by education, training, and experience in the EB-3 immigrant petition context. If substitution were allowed, it would clearly state so in the "skilled worker" regulations.

  Plaintiff next argues that "the employer certainly did not intend to require a single four year degree" because the employer filed the application for labor certification on plaintiff's behalf. Pltf's Resp. at p. 18. However, there are two problems with this argument. First, an employer is not allowed to tailor a labor certification for a specific worker. Instead, he is supposed to identify the actual minimum qualifications required for the position to fairly offer the position to qualified U.S. workers. Indeed, following plaintiff's logic, the employer could require a Master's degree in the certification but hire a foreign worker high school graduate on the theory that if he had meant to require a Master's degree he would not have listed a beneficiary with only a high school diploma. Of course, the public would not be aware of this and would see only a job advertisement which requires that the applicant possess a Master's degree. U.S. workers with the same qualifications as the beneficiary would not apply because the advertisement indicated they would only be considered if they actually possessed Masters degrees.

  Secondly, as indicated <u>supra</u>, the role of the DOL in the labor certification process is

limited to a determination regarding whether there are U.S. workers available for the position, and whether hiring a foreign worker would adversely affect the conditions of U.S. workers.[8] The role of determining whether the beneficiary meets the qualifications of the labor certification is reserved for USCIS.  8 U.S.C. § 1154(b); Madany, 696 F.2d at 1015.  Where an employer is willing to accept other training, experience, and education to meet his stated degree requirement, he must do so by clearly explaining what experience, training, and education would be acceptable.  USCIS "may not ignore a term of the labor certification, nor may it impose additional requirements."  In re [name not provided], AAU EAC 02 042 51325, 2004 WL 3457106 (AAO: Sep. 3, 2004) (citing Matter of Silver Dragon Chinese Restaurant, 19 I&N Dec. at 406).

Plaintiff also argues that the employer's intent should be followed, and the employer must have intended that an applicant be considered for the job even if he did not have a bachelor's degree.  Rather, the degree requirement could be met through a combination of training, experience, and education.  See Pltf's Resp. at pp. 17-18.  However, the record contains no evidence to establish the employer's actual intent.  There is no evidence that the employer made this clarification before the DOL when seeking to receive the certification.  Nor is there any evidence that the employer made it clear when advertising to U.S. employees that it would be willing to waive the degree requirement for individuals who had training, education, and other experience that could be deemed equivalent.

---

[8]The DOL must make two findings as part of the labor certification grant:  (1) that qualified U.S. workers cannot be found at the time of filing the application and in the area of employment, who are available, willing, and able to fill the position being offered to the alien; and (2) that employment of the alien will not adversely affect wages and working conditions of similarly employed U.S. workers.  See 8 U.S.C. § 1182(a)(5)(A), 8 C.F.R. § 212(a)(5)(A).

### 3. USCIS's interpretation of the terms "Bachelor's or foreign equivalent" was not arbitrary and capricious.

Agency action may be reversed under the arbitrary and capricious standard only if the agency has relied on factors that Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view of the product of agency expertise. Advocates for Highway and Auto Safety v. Fed. Motor Carrier Safety, 429 F.3d 1136(D.C. Cir. 2005).

The agency's factual findings are reviewed under the substantial evidence standard. Monjaraz-Munoz v. INS, 327 F.3d 892, 895 (9th Cir.), amended by 339 F.3d 1012 (9th Cir. 2003). The substantial evidence standard is "extremely deferential" and a reviewing court must uphold the agency's findings "unless the evidence presented would compel a reasonable fact-finder to reach a contrary result." See United Steelworkers of Am., AFL-CIO-CLC, Local Union 14534 v. N.L, 983 F.2d 240 (D.C. Cir.1993) citing INS v. Elias-Zacarias, 502 U.S. 478; Monjaraz-Munoz, 327 F.3d at 895. If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the agency. Id.; Bear Lake Watch, Inc. v. FERC, 324 F.3d 1071, 1076 (9th Cir. 2003).

In the labor certification at issue, the language used by the employer clearly called for an actual degree. While one could develop an alternative interpretation of that phrase, it cannot be said that USCIS acted in an arbitrary and capricious manner in rejecting the alternative interpretation.

Plaintiff also argues that USCIS' decision regarding the I-140 petition is inconsistent with

policy.  Pltf's Resp. at p. 10.  However, USCIS has consistently interpreted the term "bachelor's or equivalent" on a labor certification as meaning an actual U.S. bachelor's degree or foreign degree equivalent to a U.S. bachelor's degree, in the absence of any other definition provided on the labor certification.  See, e.g., In re [name not provided], AAU EAC 02 042 51325, 2004 WL 3457106 (AAO: Sep. 3, 2004); In re [name not provided], AAU LIN 02 099 51384, 2004 WL 3455613 (AAO: April 19, 2004); In re [name not provided], AAU WAC 01 258 51569, 2004 WL 3455830 (AAO: Feb. 2, 2004); In re Powerfood Inc., A75 307 414 (AAU: June 30, 1997).  Indeed, the AAO has been instructed by the Department of Labor to interpret the use of such terms in this manner.  See In re [name not provided], 1999 WL 33600811 (AAO: Jan. 27, 1999).  Moreover, the AAO is bound by a precedent decision that holds that a 3 year Indian degree is not the equivalent of a 4 year U.S. bachelor's degree.  See Matter of Shah, 17 I&N Dec. 244 (Reg. Comm. 1977).

  The employer could have amended the labor certification application to define the meaning of "Bachelor's or equivalent," thereby removing all doubt regarding whether an actual degree was required.  However, the Corporation failed to do so.  Indeed, by doing so the Corporation undoubtedly would have increased the size of the pool of potentially qualified applicants, such that its application for certification could have been denied.  An employer that attempts to exploit the language used to describe a job requirement in the labor certification in order to narrow the applicant pool should not then be permitted to demand that USCIS adopt the broadest possible definition of the language in order to accommodate a particular beneficiary.  See In re: [name not provided], AAU EAC 01 030 51820, 2003 WL 21000270, 3 (AAO: Jan. 17, 2003) (observing that where the labor certification states that a degree is required for the

16

position, and the beneficiary whom the employer is willing to hire does not have an actual degree, "the question immediately arises as to why the labor certification lists inaccurate and/or inflated requirements"). The interpretation followed by USCIS is entirely reasonable. It is a common sense interpretation of the plain language of the labor certification, no less rational than that urged by plaintiff. See Madany, 696 F.2d at 1014 (court upheld INS's "common sense" interpretation of labor certification job requirement). Where an employer states "bachelor's or equivalent" on its labor certification application form in response to the question "College Degree Required," it is not irrational to arrive at the conclusion that the employer requires a bachelor's degree to be considered for the job.

## IV.  CONCLUSION

WHEREFORE, for the reasons set forth above and in defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, this Court should dismiss plaintiff's Complaint or, in the Alternative, enter summary judgment in defendant's favor.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Washington, D.C.  20530
(202) 514-6531
Attorney for Defendant


Of Counsel:
Allen Kenny
Service Center Counsel
U.S. Department of Homeland Security
Citizen and Immigration Services
Nebraska Service Center
P.O. Box 82521
Lincoln, Nebraska  68501

**CERTIFICATE OF SERVICE**

      I hereby certify that service of the foregoing Motion to Dismiss or, in the Alternative, for Summary Judgment, was made by the Court's Electronic Case Filing System and regular mail, on this 26th day of September, 2007 to:

Michael E. Piston
Michael E. Piston, P.C.
4000 Livernois, Suite 110
Troy, Michigan 48098

                                  /s/
                              MARIAN L. BORUM
                              Assistant United States Attorney