UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **VENKATA MARAMJAYA,** | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-2158 (RCL) |
| **UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,** | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter comes before the Court on defendant's motion to dismiss [11] or, in the alternative, for summary judgment [12]. Upon consideration of the motion, plaintiff's opposition, the reply, the entire record herein, and applicable law, the Court will GRANT summary judgment on behalf of defendant.

### I.   BACKGROUND

#### A.   Statutory Framework

This case is brought by plaintiff Venkata Maramjaya, a citizen of India, who seeks immigrant status based on employment in the United States. Under federal law, aliens seeking permanent legal status based on employment must utilize a three-step process, involving the Department of Labor ("DOL"), the United States Citizenship and Immigration Services ("USCIS"), and the Department of State. *See United States v. Ryan-Webster*, 353 F.3d 353, 355 (4th Cir. 2003). First, an alien must have a prospective employer in the United States and that employer must petition DOL for a "labor certification" using Form ETA-750, Application for

Alien Employment Certification.[1]  *See* 8 U.S.C. § 1153(b)(3)(C); 8 C.F.R. § 204.5(l)(3)(i).  The DOL certifies an application for labor certification upon making two determinations: (1) there are not sufficient United States workers who are able, willing, qualified, and available for the employment, and (2) "the employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed."  8 U.S.C. § 1182(a)(5)(A)(i).

In the second step of the process, once DOL has issued a labor certification, the alien's prospective employer files with USCIS the labor certification along with Form I-140, Immigration Petition for Alien Worker.  *See Ryan-Webster*, 353 F.3d at 356.  The Form I-140 petition constitutes a request that the alien named in the labor certification be classified as eligible to apply for designation within a specified visa preference employment category.  *See id.* (citing 8 U.S.C. § 1153(b)).  If USCIS approves a given Form I-140 and classifies the certified alien as so eligible, the alien receives a *priority date*, which would be the date that DOL accepted for processing the Form ETA-750 request for labor certification.  *See* 8 C.F.R. § 204.5(d).  The Department of State uses the priority date to determine an applicant's place in line for an immigrant visa number.  An alien who receives a priority date upon approval of a Form I-140 petition keeps that priority date for subsequently approved employment-based petitions.  *See id.* § 204.5(e).

In the final step of the three-part process, a resident who has received an immigrant visa number, applies to adjust his non-immigrant status to that of a permanent resident entitled to live

---

[1] This procedure applies to both "professionals" and "skilled workers," the two classifications relevant to this suit.  *See* 8 C.F.R. § 204.5(l).

and work in the United States. *See* 8 U.S.C. § 1255(a); 8 C.F.R. § 204.5(n)(1). There is however no guarantee that an application for an immigrant visa will be granted.

    B.    <u>**Underlying Case Background**</u>

Plaintiff's suit challenges denial of Covansys Corporation's Form I-140 petition on behalf of plaintiff. (Compl. ¶ 1.) In June 2003, Covansys, a computer consulting and software development company, filed a Form I-140 to classify plaintiff as a professional or skilled worker under 8 U.S.C. § 1153(b)(3)(A). (*Id.* ¶ 6; *see* Form I-140, Admin. R. at 1–3.) Covansys included a DOL-certified Form ETA-750 with its Form I-140, which indicated that plaintiff would work in the capacity of a programmer or analyst. (Compl. ¶ 7; *see* Form ETA-750, Admin. R. at 5–9.) The DOL had accepted Covansys's Form ETA-750 for processing on November 5, 2001. (*See* Admin. R. at 5.) The Form ETA-750 listed the minimum education required for plaintiff's desired job. (*See id.* at 6.) In the space provided for "College Degree Required," Covansys indicated that a "Bachelor's or equivalent" in the field of study of computer science, MIS (management information systems), or engineering was required. (*Id.*) In the space reserved for entering the number of years of college required, Covansys entered "4." (*Id.*)

In an effort to establish that plaintiff met the minimum requirements for the job position, Covansys filed several documents in support of its Form I-140 petition. (Compl. ¶ 9–11.) Among these documents is a diploma in Electronics and Communication Engineering from the State Board of Technical Education ("SBTE"), an Indian institution. (*See* SBTE Diploma, Admin. R. at 88–92.) This diploma confirms that plaintiff completed a "*3 Year* full-time Diploma Course of study." (*Id.* at 88) (emphasis added). Additionally, plaintiff passed the

"Sections A&B Examinations" of the Institution of Engineers (India).  (*See* Certificate, Admin. R. at 40.)  According to a submitted non-binding foreign credentials assessment, passage of these exams is equivalent to a United States bachelor's degree in electronics engineering.  (Admin. R. at 10.)  Another non-binding evaluation states that the three-year SBTE degree and "Sections A&B Examinations" are equivalent to a bachelor's degree in electrical engineering.  (Admin. R. at 46.)

On May 27, 2004, USCIS denied Covansys's petition and stated that plaintiff had not demonstrated that he met the minimum requirement of having "a Bachelor's or equivalent degree." (Petition Decision, Admin. R. at 28.)  On June 22, 2004, Covansys appealed the denial to the USCIS Administrative Appeals Office ("AAO").  (Admin. R. at 30–33.)  The AAO denied the appeal on November 22, 2005 and concluded that "[t]he Form ETA 750 states that the proffered position requires four years of college and a bachelor's degree or equivalent.  The record does not demonstrate that the beneficiary has four years of college and does not demonstrate that he has a U.S. bachelor's degree or an equivalent foreign degree."  (AAO Decision, Admin. R. at 70.)

Plaintiff—not Covansys—filed this suit on January 3, 2007 seeking relief pursuant to the Administrative Procedure Act ("APA").  *See* 5 U.S.C. § 702.  Plaintiff asserts that relief is warranted under 5 U.S.C. § 706(2) because USCIS's denial of Covansys's petition was arbitrary, capricious, an abuse of discretion, not in accordance with the agency precedent or the law, and unsupported by substantial evidence.  (*See* Compl. ¶ 16–25.)  Defendant counters that plaintiff does not meet the threshold requirements of standing and a live controversy, and that even if

4

plaintiff were entitled to a decision on the merits, USCIS's decision was not arbitrary, capricious, an abuse of discretion, contrary to law, or unsupported by substantial evidence.

## II.   ANALYSIS

### A.   Threshold Issues

#### 1.   Mootness

Defendant USCIS argues that plaintiff's claim is moot because as of December 17, 2004, plaintiff was no longer employed by Covansys (*See* Admin. R. at 217), and plaintiff's new employer, Igate Mastech ("Igate") filed an I-140 petition on plaintiff's behalf that was approved by USCIS on January 17, 2007.  (Igate Form I-140, Admin. R. at 204.)  Thus, according to USCIS, to the extent that plaintiff asks this Court for relief that would cause USCIS to grant the Form I-140 petition, this has already occurred.  (*See* Mot. to Dismiss Mem. at 8.)

Federal courts may only decide "actual, ongoing controversies." *Clarke v. United States*, 915 F.2d 699, 700–01 (D.C. Cir. 1990) (en banc) (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)).  "Even where litigation poses a live controversy when filed, the doctrine [of mootness] requires a federal court to refrain from deciding it if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Id.* at 701 (internal quotation and citations omitted).  However, an intervening event will render the case moot only if the event completely eliminates the effect of the alleged violation and there is no reason to believe the alleged violation will recur.  *See Honig v. Students of the Cal. Sch. for the Blind*, 471 U.S. 148, 149 (1985).  But, if a plaintiff retains some personal stake in the controversy and there are some outstanding issues that a court may

resolve, those claims may proceed for review. *See Longwood Vill. Rest., Ltd. v. Ashcroft*, 157 F. Supp. 2d 61, 66 (D.D.C. 2001) (citing *Hartmann v. Loudoun County Bd. of Educ.*, 118 F.3d 996, 1000 n.1 (4th Cir. 1997)). The burden of establishing mootness rests on the party raising the issue and it is a heavy burden. *Id.* (citing *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979)) (other citations omitted).

Here, the Court finds that plaintiff's case is not moot because he maintains claims for relief and retains a personal stake in the controversy. The Form ETA-750 request for labor certification included with plaintiff's Form I-140 petition was accepted for filing on November 5, 2001. Thus, if Covansys's petition were approved, plaintiff would be entitled to a priority date of November 5, 2001. *See* 8 C.F.R. § 204.5(d)–(e). However, in the absence of USCIS approval of the Covansys Form I-140, plaintiff would have a November 20, 2006 priority date—the date when DOL accepted for processing Igate's Form ETA-9089[2] request for labor certification. (*See* Admin. R. at 210.)

The Court finds that the intervening event, approval of the Igate petition, did not wholly divest plaintiff of all personal interest in the outcome of this controversy. Plaintiff has a continuing interest in receiving an earlier priority date, which may permit him to obtain permanent United States residency significantly earlier than he otherwise would. *See Longwood Vill. Rest.*, 157 F. Supp. 2d at 67 (holding that the ability to obtain a visa using a later priority date does not render a case moot). Thus, defendant has not carried the heavy burden of establishing mootness.

---

[2] As of March 28, 2005, Form ETA-9089 became the DOL's application for permanent employment certification whereas Form ETA-750 had previously been used for that purpose.

**2.     Standing**

For the reasons set forth below, the Court determines that plaintiff has standing to bring this suit. In order to meet Article III of the Constitution's case-or-controversy requirement, a plaintiff must have standing to bring the matter in dispute before the court. *Allen v. Wright*, 468 U.S. 737, 749–51 (1984). There are three threshold criteria that plaintiffs must meet to establish standing. First, a plaintiff must have suffered a "concrete and particularized" injury-in-fact to some legally protected interest. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Second, there must be a causal connection between the injury and the conduct of which the plaintiff complains. *Id.* Finally, a favorable decision must be likely to remedy the wrong inflicted on the plaintiff rather than merely speculative. *Id.* at 561. Once these three constitutional criteria are satisfied, courts may further inquire into the prudence of hearing a plaintiff's claim in other ways, employing "several judicially self-imposed limits on the exercise of federal jurisdiction." *Allen*, 468 U.S. at 751. For example, a plaintiff bringing suit under a particular statute must show show that the interest he seeks to vindicate is within the zone of interests that the statute was designed to protect. *Ass'n of Data Processing Serv. Orgs., Inc. v. Camp*, 397 U.S. 150, 153–54 (1970); *see Abourezk v. Reagan*, 785 F.2d 1043, 1050 (D.C. Cir. 1986).

To support its assertion that plaintiff lacks standing, USCIS directs the Court to this Circuit's opinion in *Saavedra-Bruno v. Albright*, 197 F.3d 1153 (D.C. Cir. 1999). There, the Court held that the doctrine of consular nonreviewability[3] bars a foreign national (and, in almost

---

[3] The doctrine of consular nonreviewability prohibits judicial review of decisions by United States consulates to issue, deny, or revoke visas unless Congress specifically provides otherwise. *Saavedra-Bruno*, 197 F.3d at 1159.

all cases, his employer) from challenging in federal court a consular decision to deny or revoke a visa. *Id.* at 1162–63. This doctrine is an exception to the judicial review of agency actions pursuant to the APA. *Id.* at 1158, 1160. In *Saavedra-Bruno*, consular officers denied an extension of an alien's visa and revoked his current visa because he had been implicated in illicit narcotics trafficking. *Id.* at 1155–56. Federal courts did not have the power to review such decisions. *Id.* at 1162–63; *see* 8 USC § 1201(i) (indicating that consular officers may, in their discretion, revoke visas, and that such decisions are not subject to judicial review). Further, the Court of Appeals found that any cognizable interest that plaintiffs had possessed terminated once INS[4] approved the employer's petition to have Mr. Saavedra-Bruno classified as a managerial employee. *Saavedra-Bruno*, 197 F.3d at 1164.

The present case is distinguishable from *Saavedra-Bruno*. Here, plaintiff does not challenge the visa decision of any consular official. Instead, Mr. Maramjaya contends that USCIS violated the APA by improperly denying a Form I-140 immigrant petition for alien worker, the granting of which is a prerequisite to, but not a guarantee of, an alien employee receiving an immigrant visa. In fact, Form I-140 approval occurs before the Department of State becomes involved in the immigration process. Thus, this case has not procedurally progressed to the point where consular immunity would bar judicial review, and the doctrine of consular non-reviewability does not apply to the instant scenario.

USCIS also argues that only employers, not the alien beneficiaries of petitions, have legal standing to challenge USCIS petitions. *See Blacher v. Ridge*, 436 F. Supp. 2d 602, 606 n.3

---

[4] In 2003, the INS became USCIS, a bureau within the United States Department of Homeland Security.

(S.D.N.Y. 2006) (dismissing employee's complaint for lack of standing as a beneficiary of a visa petition); 8 C.F.R. § 103.3(a)(1)(iii)(B) (stating that the person with legal standing to appeal an initial denial of an application or petition "does not include the beneficiary of a visa petition"). However, this Court, finding no authority directly on point in this Circuit, agrees with plaintiff's argument and the Seventh Circuit that USCIS "regulations and [agency] case law addressing the issue of standing to appeal a denial or revocation of a visa petition within the INS" do not necessarily determine standing in federal court. *See Ghaly v. INS*, 48 F.3d 1426, 1434 n.6 (7th Cir. 1995) (citing 8 C.F.R. 103.3(a)(1)(iii)(B)). An alien "within the zone of interest regulated or protected" by an immigration statute and who is "adversely affected" within the meaning of the relevant statute for the purposes of the APA has standing. *See Id.* (citing *Sanchez-Trujillo v. INS*, 620 F. Supp. 1361, 1363 (W.D.N.C. 1985) ("The immigrant beneficiary is more than just a mere onlooker; it is her own status that is at stake when the agency takes action on a preference classification petition.")) (other citations omitted); *see also Taneja v. Smith*, 795 F.2d 355, 358 n.7 (4th Cir. 1986) (stating that "where the alien is presently in this country, the Department of Labor has made the certification required . . . and the prospective employer has submitted the [ ] preference visa application," the alien is within the statute's "zone of interest" and has standing to challenge denial of his petition).

     Based on this standard, the Court finds that Mr. Maramjaya is within the zone of interest created by the statutory framework governing Form I-140 petitions and that the denial adversely affected him by at a minimum delaying his ability to apply for permanent residency. Further, this Court finds that there is sufficient injury-in-fact, causal connection between USCIS's action and plaintiff's injury, and redressability to establish standing. This Court's relief, although it

9

would not automatically entitle plaintiff to his ultimate goal of permanent residency, would adequately remedy the injury resulting in plaintiff not receiving a priority date of November 5, 2001. For these reasons, plaintiff has standing to pursue his claim.

### B.     Summary Judgment

#### 1.     Legal Standard

##### i.     Summary Judgment Standard

Defendant has filed a motion to dismiss or, in the alternative for summary judgment. Because the Court will look to materials outside the pleadings, particularly to the administrative record, in resolving the motion, the Court will treat the motion as one for summary judgment. *Zuurbier v. MedStar Health, Inc.*, 306 F. Supp. 2d 1, 5 (D.D.C. 2004) (citing FED. R. CIV. P. 12(b)).

Under Federal Rule of Civil Procedure 56(c), a court must grant summary judgment when the evidence in the record demonstrates that there are no disputed issues of material fact and that the moving party is entitled to judgment on the undisputed facts as a matter of law. FED. R. CIV. P. 56(c). A genuine issue of material fact exists if the evidence, when viewed in light most favorable to the non-moving party, "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party must provide more than "a scintilla of evidence" in support of its position; the quantum of evidence must be such that a jury could reasonably find for the moving party. *Id.* at 252. The burden is on the movant to make the initial showing of the absence of a genuine issue of material fact in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party is then entitled to judgment as a matter of law if the non-moving party "fails to make a

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

### ii.    Standard of Review Under the APA

Here, plaintiff brings his suit under the APA. Thus, the Court's review is subject to the limited standard of review set forth in 5 U.S.C. § 706. Under this standard, a court may set an agency's action aside only if its decision was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law. *See Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 413–14 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, (1977); *C & W Fish Co. v. Fox*, 931 F.2d 1556, 1562–65 (D.C. Cir. 1991). In making this inquiry, the Court asks whether the agency considered the relevant factors and whether or not it made a clear error of judgment. *See Republic of Transkei v. INS*, 923 F.2d 175, 177 (D.C. Cir. 1991). "At a minimum, the agency must have considered relevant data and articulated an explanation establishing a rational connection between the facts found and the choice made." *Bowen v. Am. Hosp. Ass'n*, 476 U.S. 610, 626 (1986). The scope of review is narrow and a court is not to substitute its judgment for that of the agency. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Automobile Ins. Co.*, 463 U.S. 29, 43 (1983). Rather, the agency action under review is entitled to a presumption of regularity. *See Envtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 283 (D.C. Cir.1981). Under the arbitrary and capricious standard, the burden of proof is on the party challenging the decision. *See Cleary, Gottlieb, Steen & Hamilton v. Dep't of Health & Human Servs.*, 844 F. Supp. 770, 783 (D.D.C. 1993) (citing *Schweiker v. McClure*, 456 U.S. 188 (1982)).

### 2.     USCIS Is Entitled to Summary Judgment

At issue in this case is USCIS's determination that plaintiff did not meet the minimum requirements listed on Covansys's Form ETA-750.  USCIS based this determination on plaintiff's not possessing the equivalent of a four-year bachelor's degree because he had not obtained a single four-year degree.  Plaintiff essentially asks this Court to find that USCIS abused its discretion by refusing to allow other relevant education or experience to supplement plaintiff's three-year degree so as to be the equivalent of a four-year bachelor's degree.  As explained below, when giving proper deference to USCIS's decision, this Court finds that it was not arbitrary, capricious, an abuse of discretion, contrary to law, or unsupported by substantial evidence.

The Form I-140 in question indicates that Covansys sought to qualify plaintiff as either a professional or skilled worker.  By statute, *professionals* "hold baccalaureate degrees and [ ] are members of the professions."  8 U.S.C. § 1153(b)(3)(A)(ii).  And, the applicable USCIS regulation indicates that a professional "holds at least *a* United States baccalaureate degree or *a* foreign equivalent degree and [ ] is a member of the professions."  8 C.F.R. § 204.5(l)(2) (emphasis added).  The use of the singular "*a*" in this regulation is significant, particularly when a regulation for a different type of visa explicitly allows for the combination of educational experiences to meet a bachelor's degree requirement.  *See* 8 C.F.R. § 214.2(h)(4)(iii)(C)–(D) (stating that to qualify for a "specialty occupation" an alien may have "education, specialized training, and/or progressively responsible experience that is equivalent to completion of a United States baccalaureate . . . degree").  The Court finds entirely reasonable USCIS's determination

that a four-year degree was required.[5]  Thus, to the extent plaintiff seeks qualification as a professional, USCIS's denial for lack of a four-year bachelor's degree was well within its discretion.

*Skilled workers* are capable of "performing skilled labor (requiring at least two years training or experience), not of temporary or seasonal nature, for which qualified workers are not available in the United States."  8 U.S.C. § 1153(b)(3)(A)(i); *see* 8 C.F.R. § 204.5(l)(2).  Skilled workers must also submit evidence that they meet the minimum job requirements of the individual labor certification as set out on the relevant Form ETA-750.  *See* 8 C.F.R. § 204.5(l)(3)(ii)(B).  Here, the Form ETA-750 clearly states that "Bachelor's or equivalent" is the minimum required education and that this is a four-year education requirement.  It is also clear that plaintiff only meets this requirement if his three-year diploma may be combined with other credentials such as his "Sections A&B Examinations" documentation.[6]  USCIS determined that the language in question required a single four-year degree equivalent to a United States bachelor's degree and consequently denied the petition.  This Court finds that this conclusion is reasonable and that the denial displays the requisite rational connection between the facts and USCIS's action; thus defendant acted within its discretion, and when viewing facts in a light most beneficial to plaintiff, summary judgment in favor of USCIS is required.[7]

---

[5] The Court does not view the applicable statutory language as particularly ambiguous, but even if it were, USCIS's reasonable interpretation of an ambiguity within a statutory definition would be entitled to this Court's deference.  *See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S.837, 843 (1984).

[6] Plaintiff does not assert that the three-year Indian diploma is alone equivalent to a four-year U.S. degree.

[7] Plaintiff does not believe that USCIS's decision is entitled to deference because, in plaintiff's view, the minimum requirements for a job position can only be answered by looking

**III.     CONCLUSION**

In this case, there are no disputed issues of material fact, and USCIS is entitled to judgment as a matter of law on the undisputed facts.  Thus, summary judgment will be GRANTED in favor of defendant USCIS.

A separate order shall issue this date.

Signed by United States District Judge Royce C. Lamberth, March 26, 2008.

---

to DOL and the employer's intent.  However, plaintiff misinterprets the proper role of USCIS, DOL, and the employer in this process.  This Circuit has recognized that "the statutory division of authority between DOL's labor certification determination and [USCIS's] preference classification decision can lead to some discontinuity insofar as DOL-imposed job requirements are subject to interpretation by [USCIS] in its review of the alien's qualifications." *Madany v. Smith*, 696 F.2d 1008, 1015 (D.C. Cir. 1983).  Thus, USCIS should coordinate DOL and USCIS interpretations and "must also recognize that DOL bears the authority for setting the *content* of the labor certification and that it cannot impose job qualifications beyond those contemplated therein." *Id.*  Here, the Court cannot say that USCIS imposed its own job requirement content nor displayed insensitivity to DOL's role.  Additionally, the Court would be hesitant to focus on Covansys's subjective intent because DOL assesses requests for labor certification based on the language used in the Form ETA-750.  If USCIS referenced employer intent, situations could arise where DOL verified that American workers were unavailable to fill the relevant job position based on a narrowed labor pool only to have USCIS approve a Form I-140 petition on behalf of an alien beneficiary who corresponds to a broader labor pool dictated by a given employer's supposed intent.  Such scenarios would defeat Congress' directive that these types of employment preference visas only issue when qualified American workers are unavailable.  For these reasons, the Court maintains that deference to USCIS's decision is appropriate.