UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VENKATA MARAMJAYA,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendant. | Civil Action No. 06-2158 (RCL)<br><br>STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR REHEARING |

### STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR REHEARING

Plaintiff has moved for a rehearing on the Court's Memorandum Opinion and Order of March 26, 2008 granting Defendant's Motion for Summary Judgment. This is in effect a Motion for Reconsideration of that Decision which the Court may grant if the decision was based upon mistake of fact, *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (C.A.5, 2004) or clear error of

STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR REHEARING - 1

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

law, *National Center for Mfg. Sciences v. Department of Defense,* 199 F.3d 507, 511 (C.A.D.C., 2000).

I. THE OPINION MISTOOK PLAINTIFF'S EDUCATIONAL CREDENTIALS

Both grounds for rehearing are applicable here. First, the Memorandum Opinion contains a glaring error of fact regarding the Plaintiff's credentials.  As the Memorandum Opinion itself noted "(P)laintiff passed the 'Sections A&B Examinations' of the Institution of Engineers (India). (*See* Certificate, Admin. R. at 40.) According to a submitted non-binding foreign credentials assessment, passage of these exams is equivalent to a United States bachelor's degree in electronics engineering. (Admin. R. at 10.)" Memorandum Opinion at 3-4 (parenthetical material in the original).

Nevertheless the Opinion held that "It is also clear that plaintiff only meets this requirement (of a Bachelor's degree or its equivalent) if his three-year diploma may be combined with other credentials such as his 'Sections A&B Examinations' documentation" *Id.* at 13. (parenthetical material added).

STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR REHEARING - 2

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

This is certainly a mistake of fact. The Plaintiff met the requirement of a bachelor's degree or its equivalent based upon his completion of the Sections A and B examination of the Society of Engineers (India), and not solely on the basis of three-year diploma may be combined with other credentials such as his 'Sections A&B Examinations' documentation. This mistake was material because it prevented the Court from properly considering the Plaintiff's argument that the Defendant's Decision was arbitrary and capricious because it was not supported by substantial evidence.

Had the Court been aware of the true facts it would have realized that the evidence that Plaintiff passed the 'Sections A&B Examinations' of the Institution of Engineers (India) was a single educational credential equivalent to a United States bachelor's degree and therefore found that the United States Citizenship and Immigration Service's (USCIS) Decision to the contrary lacks substantial evidence and so was arbitrary and capricious. *National Treasury Employees Union v. Horner*, 272 U.S. App. D.C. 81 at 27 (D.C. Cir. 1988). Accordingly, the Memorandum Opinion was based upon a material mistake of fact and should be vacated.

STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR REHEARING - 3

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

## II. THE OPINION FAILED TO DETERMINE WHETHER THE DECISION WAS IN ACCORDANCE WITH LAW

The Memorandum Opinion also contained multiple errors of law. It held in effect that the Defendant's Decision could not be reviewed under the Administrative Procedure Act (APA) so long as it was reasonable and displayed a rational connection between the facts and the Defendant's action. Memorandum Opinion at 13. But this is only one of several tests which an administrative agency's decision must pass to be upheld under the APA and the Opinion's treatment of it as the only test was clear error.

As the Opinion acknowledged, "a court may set an agency's action aside only if its decision was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law." Memorandum Opinion at 11. However, nowhere in the Opinion is the Defendant's Decision tested to determine whether it is in fact in accordance with the law. This error is material because the Defendant's Decision certainly was not, in that it was contrary to at least eight precedent decisions of its predecessor agency, the

STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR REHEARING - 4

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

Immigration and Naturalization Service (INS), dating back over 40 years.

The INS repeatedly held that "experience may be substituted for formal education" for the purpose of establishing that a petition beneficiary had the equivalent of a U.S. baccalaureate degree. *E.g. Matter of Sea,* Inc., 19 I. & N. Dec. 817 (Com 1988), *Matter of Caron International, Inc.*, 19 I&N Dec. 791 (Comm. 1988), *Matter of Portugues Do Atlantico Information Bureau, Inc.*, 19 I&N Dec. 194 (Comm. 1984), *Matter of Yaakov,* 13 I&N Dec. 203 (R.C. 1969), *Matter of Arjani,* 12 I&N Dec. 649 (R.C. 1967), *Matter of Sun,* 12 I&N Dec. 535 (D.D. 1966), *Matter of Bienkowski,* 12 I&N Dec. 17 (D.D. 1966), and *Matter of Devnani,* 11 I&N Dec. 800 (Acting D.D. 1966).[1]

While the Defendants have cited unpublished Administrative Appeals Office (AAO) decisions which support the AAO here, nevertheless, as the USCIS itself explained to its officers in its Adjudicator's Field Manual, unpublished AAO decisions are to be treated as mere "correspondence" in USCIS decisionmaking, which

---

[1] See also *Matter of Rajagopalamenon* 13 I&N Dec. 110 (D.D. 1968), holding that foreign educational credentials not including a single 4 year degree could be considered the equivalent of a Bachelor's

STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR REHEARING - 5

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

are "advisory in nature, intended only to convey the author's point of view". Adjudicator's Field Manual at 3.4, accessed online on August 14, 2007 at http://www.uscis.gov/propub/ProPubVAP.jsp?dockey=724ce55f1a60168e48ce159d286150e2.

By contrast, precedent decisions, such as those cited by Plaintiff above, are "binding on all USCIS officers and must be adhered to unless and until revised, rescinded or superseded by law, regulation or subsequent policy, either specifically or by application of more recent policy material." 8 C.F.R. § 103.3(c). The Defendants have not identified any law, regulation or subsequent policy which supersedes these decisions. In particular, the Immigration Act of 1990, Pub.L. 101-649, 104 Stat. 5048, contains no definition of the term "equivalent" in the immigrant visa petition context which supersedes the cited cases. While the INS did subsequently adopt regulations which discussed the qualifications required to be classified as a "professional" for immigrant visa purposes, those regulations are irrelevant where, as here, the beneficiary is

STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR REHEARING - 6

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

applying for classification as a "skilled worker".[2]

Although here the plaintiff relies solely upon foreign education to establish that he qualifies for the position, the INS's long history of permitting experience to be substituted for formal education for the purpose of establishing that a petition beneficiary had the equivalent of a U.S. baccalaureate degree demonstrates that it was not INS's (nor, therefore USCIS's) policy that one may only establish the equivalent of a bachelor's degree through a single four year degree program. Therefore by deciding this petition in a manner inconsistent with its precedent decisions, the Defendant has not acted in accordance with the law.

III. THE DECISION IS NOT ENTITLED TO DEFERENCE

---

[2] Note that *Yaakov, Arjani, Sun, Bienkowski* and *Devnani* are all cases involving petitions for immigrant worker, while the remainder involve nonimmigrant "H-1" petitions. However, there is no reason why the reasoning applicable to H-1 petitions approved prior to the Immigration Act of 1990 should not be applicable to petitions for immigrant worker today. The special definition of "specialty occupation worker" which expressly allowed for the substitution of experience for education was not adopted until the Immigration Act of 1990. Before that there was no express statutory endorsement of the substitution of experience for education in the H-1 context and therefore no reason why the reasoning applicable to H-1 petitions should not be applicable to immigrant visa petitions as well.

SUPPORT OF PLAINTIFF'S MOTION FOR REHEARING - 7

4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

Furthermore, the Opinion clearly erred when it indicated that the USCIS's Decision in this matter was entitled to deference under *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984) (Chevron) where, as here, it conflicts with agency regulations. It is agency regulations, and not the aberrant decisions of rogue officers, to which *Chevron* requires deference.

In *Chevron* the Supreme Court held that "The power of an administrative agency to administer a congressionally created ... program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly, by Congress. *Morton v. Ruiz,* 415 U.S. 199, 231, 94 S.Ct. 1055, 1072, 39 L.Ed.2d 270 (1974). If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation. Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.* 467 U.S. 837, 843-844 (1984).

Thus, in *Chevron,* what the Supreme Court held must be granted deference are the *regulations* of an administrative agency. But, as seen above, the regulations of the USCIS require that its officers comply with its precedent decisions, which expressly allow

STATEMENT OF POINTS AND AUTHORITIES IN
SUPPORT OF PLAINTIFF'S MOTION FOR
REHEARING - 8

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

for qualifications other than a single four year degree to be considered the equivalent of a bachelor's degree, exactly the opposite of the conclusion that the AAO arrived at in this case. Therefore *Chevron* deference, far from requiring that the Decision of the AAO be upheld in this case, actually requires its reversal.

IV. **THE DEFENDANT ABUSED ITS DISCRETION BY INEXPLICABLY DEPARTING FROM ITS PRECEDENTS WITHOUT A REASONED EXPLANATION**

Finally, the Opinion's determination that the Defendant's Decision is not an abuse of discretion merely because its conclusion that the Form ETA-750 "required a single four-year degree equivalent to a United States bachelor's degree … is reasonable and that the denial displays the requisite rational connection between the facts and USCIS's action;" entirely ignored the U.S. Court of Appeals for the District of Columbia's repeated decisions that an agency acts arbitrarily and capriciously when it departs from precedent without a reasoned explanation. *Graphic Communications Int'l Union, Local 554 v. Salem-Gravure,* 843 F.2d 1490, 1493 (D.C. Cir. 1988), cert. denied, 489 U.S. 1011 (1989); *Checkosky v. SEC (in Re Checkosky),* 306 U.S. App. D.C. 144 (D.C. Cir. 1994).

STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR REHEARING - 9

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

Since the Defendant made no explanation whatsoever for departing from the eight precedent decisions holding that one may establish the equivalency of a U.S. baccalaureate degree with qualifications other than a single four year bachelor's degree, the Opinion's conclusion that it did not abuse its discretion in denying this petition is clear error.

## CONCLUSION

Since the Memorandum Opinion contains a mistake of fact and multiple clear errors of law, it and the Order of this Court granting Defendant's Motion for Summary Judgment should be vacated.

Respectfully submitted this 3rd day of April, 2008.

s/MICHAEL E. PISTON
Piston & Carpenter P.C.
4000 Livernois, Suite 110
Troy, MI 48098
248-524-1936
248-680-0627 facsimile
michael@piston.net

STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR REHEARING - 10

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

I HEREBY CERTIFY that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

    JEFFREY A. TAYLOR, United States Attorney

    RUDOLPH CONTRERAS, Assistant United States Attorney

    MARIAN L. BORUM, Assistant United States Attorney

I further certify that I have mailed by United States Postal Service the foregoing document to the following non CM/ECF participant, addressed as follows:

    None

Dated this 3rd day of April, 2008.

    s/MICHAEL E. PISTON
    Piston & Carpenter P.C.
    4000 Livernois, Suite 110
    Troy, MI 48098
    248-524-1936
    248-680-0627 facsimile
    michael@piston.net

STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR REHEARING - 11

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net