UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VENKATA MARAMJAYA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)　Civil No. 06-2158 (RCL)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S
### MOTION FOR RECONSIDERATION

Defendant, United States Citizenship and Immigration Services, by and through its undersigned counsel, respectfully submits this Memorandum in Opposition to Plaintiff's Motion for Reconsideration of the Court's Order of March 16, 2008.

### I.  INTRODUCTION

Plaintiff's Motion does not meet the stringent standards governing relief under Federal Rule of Civil Procedure 59(e), pursuant to which it was filed.  Instead, Plaintiff improperly seeks to utilize the Motion for Reconsideration as a vehicle to reargue points which the Court has already rejected.  For this reason,  Plaintiff's motion should be denied.

### II.  ARGUMENT

**A.  Standards Governing Motions to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e).**

The reconsideration and amendment of a final order under Rule 59(e) of the Federal Rules of Civil Procedure is an extraordinary measure. *Niedermeier v. Office of Baucus*, 153 F. Supp.2d 23, 28 (D.D.C. 2001) ("Motions under Fed. R. Civ. P. 59(e) are disfavored and relief

from judgment is granted only when the moving party establishes extraordinary circumstances.")

*(citing Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998)). *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)(motions for reconsideration, however denominated, are subject to a "stringent standard"). Relief can be granted under Rule 59(e) only when there is an intervening change of controlling law, new evidence becomes available, or there is a "need to correct a clear error or prevent manifest injustice."[1] *Anyanwutaku*, 151 F.3d at 1057-58. *See Jung v. Ass'n of Am. Med. Colleges*, 184 Fed. Appx. 9, 13 (D.C. Cir. 2006); *Firestone*, 76 F.3d at 1208; *Consolidated Edison Co. of New York v. O'Leary*, 184 F.R.D. 1, 2 (D.D.C. 1998) ("A motion for reconsideration . . . should not be granted unless the movant presents either newly discovered evidence or errors of law or fact which need correction.") (internal quotations omitted); *Natural Resource Defense Council, Inc. v. U.S. Env'l Prot. Agency*, 705 F. Supp. 698, 702 (D.D.C. 1989), *vacated on other grounds*, 707 F. Supp. 3 (D.D.C. 1989) (a clear error of law must "compel" a change in the court's ruling).

A Rule 59(e) motion is not a second opportunity for the movant to present previously argued points on which the court has already ruled or theories, facts, or evidence that could have been presented earlier but were not. *Niedermeier*, 153 F. Supp.2d at 28. *See Lightfoot v. District of Columbia*, 355 F.Supp.2d 414, 421 (D.D.C. 2005)("Rule 59(e) motions are not granted if the

---

[1] The tests for showing "clear error" or "manifest injustice" under Rule 59(e) are very demanding. *See Piper v. U.S. Dep't of Justice*, 312 F.Supp.2d 17, 21 (D.D.C. 2004) (Clear error should conform to a "very exacting standard" and District courts should have "a clear conviction of error" before finding that a final judgment was predicated on clear error.). *Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C. Cir. 2004)("manifest injustice does not exist where . . . a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered.")

court suspects the losing party is using the motion as an instrumentality for arguing the same theory or asserting new arguments that could have been raised prior to final judgment."); *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997), *aff'd sub nom. Hicks v. United States*, 1999 U.S. App. LEXIS 13376 (D.C. Cir. 1999) (motion to reconsider a matter "is not a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier."); *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995) ("A Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled"); *U.S. v. Western Elec. Co., Inc.*, 690 F. Supp. 22, 25 (D.D.C. 1988) ("A Rule 59(e) motion cannot be used as a vehicle to relitigate matters already argued and disposed of").  Given the judicial and societal interest in the finality of judgments and orders, motions to relook or reconsider "will not be lightly granted."  *Ctr. for Pub. Integrity v. Fed. Commc'n Comm'n*, 515 F. Supp. 2d, 167, 168 (D.D.C. 2007). [2]

### B. Plaintiff's Motion Fails to Meet the Standards for Relief under Rule 59(e).

Plaintiffs' motion should be denied because it fails to meet the stringent standards for relief under Rule 59(e).  It does not even purport to assert that there has been an intervening change of controlling law or that new evidence has become available.  Nor could it do so.  The law applicable to this case has not changed nor has any new evidence appeared.  Indeed, the facts

---

[2] A motion for reconsideration is committed to the sound discretion of the trial court. "A trial court has broad discretion to grant or deny a motion for reconsideration." *McDonnell-Douglas v. Nat'l Aeronautics & Space Admin.*, 109 F.Supp.2d 27, 28 (D.D.C. 2000); *see also Firestone*, 76 F.3d at 1208 (reviewing trial court's ruling on 59(e) motion under "abuse of discretion" standard).

set out by Plaintiff in his motion were known to him when the Court granted final judgment. Plaintiff also fails to establish either clear error or manifest injustice. Instead, plaintiff offers four reasons why the March 26, 2008 Order was mistaken. First, that "the Opinion mistook Plaintiff's educational credentials." Plaintiff's Motion for Reconsideration (Pltf's Motion) at p. 2. Second, that "the Opinion failed to determine whether the decision was in accordance with law." *Id*. at 4. Third, "the decision [wa]s not entitled to deference." *Id*. at 7. Fourth, that the "Defendant abused its discretion by inexplicably departing from its precedents . . . ." *Id*. at 9. All of Plaintiff's reasons fail to meet the standard for relief.

1. The Opinion Did Not Mistake Plaintiff's Educational Credentials.

Plaintiff argues that the Opinion contains a "glaring error of fact" because

> Plaintiff met the requirement of a bachelor's degree or its equivalent based upon his completion of the 'Section A and B examinations' of the Society of Engineers (India), and not solely on the basis of the three-year diploma . . . combined with other credentials . . . .

*Id*. at 3. Plaintiff argues that, if the Court had known this, it would have found that Defendant's decision denying his petition was arbitrary and capricious. *Id*. at 3. However, the Court was aware of Plaintiff's assertions regarding his educational credentials, and did not make a mistake of fact.

Rather, the more critical point is that, on the Application for Alien Employee Certification ("ETA 750"), Covansys Corporation indicated that the minimum education, training and experience required to perform the job was a four-year college degree with a Bachelor's Degree or equivalent. Defendant's Motion to Dismiss or, in the Alternative, for Summary

Judgment ("Defendant's Motion"), Exhibit 2.  A plain reading of the language on the ETA 750 suggests that a U.S. bachelor's degree or some other degree that was equivalent to a bachelor's degree, such as a foreign degree, was required for the job.[3]  USCIS determined that the plaintiff must have a single four-year degree equivalent to a United States Bachelor's degree. USCIS must look to the labor certification to determine the required qualifications for the position.[4]  It may not ignore a term of the labor certification, nor impose additional requirements.  *See Madany v. Smith*, 696 F.2d 1008 (D.C. Cir. 1983).  Therefore, USCIS's holding was not arbitrary or capricious, and the Court properly agreed.

> 2. The Opinion Did Not Fail to Determine Whether USCIS's Decision was in Accordance with Law.

Plaintiff argues that the Court's Opinion held that:

> in effect that the Defendant's Decision could not be reviewed under the Administrative Procedure Act (APA) so long as it was reasonable and displayed a rational connection between the facts and the Defendant's action.

Pltf's Motion at 4 *citing* Mem. Op. at 13.  Plaintiff misconstrues the Opinion.

The Court found that USCIS's determination that a four-year degree was required was reasonable, and its denial of the petition "display[ed] the requisite rational connection between the facts and USCIS's action."  Mem. Op. at 13.  *See Bowen v. Am. Hosp. Ass'n*, 476 U.S. 610,

---

[3] As the Court noted, "[t]he record d[id] not demonstrate that [plaintiff] ha[d] four years of college and d[id] not demonstrate that he ha[d] a U.S. bachelor's degree or an equivalent degree." Memorandum Opinion of March 26, 2008 ("Mem Op.") at p. 4.

[4] Covansys Corporation could have amended the labor certification application to define the meaning of "Bachelor's or equivalent," thereby removing all doubt regarding whether an actual degree was required for the position.  However, the corporation did not do so.

4

626 (1986)(in making a decision, "at a minimum, the agency must have . . . articulated an explanation establishing a rational connection between the facts found and the choice made."). However, nowhere in the Opinion did the Court state that USCIS's decision could not be reviewed under the Administrative Procedure Act.  To the contrary, the Court clearly stated its review was subject to the standard of review set forth in 5 U.S.C. § 706, and that it could "set aside an agency's action only if its decision was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law.  Mem. Op. at p. 11 *citing Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 413-14 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)(additional citation omitted).

### 3. USCIS's Decision Was Entitled to Deference.

Plaintiff states that USCIS's decision was not entitled to deference because it "conflicts with agency regulations."  Pltf's Motion at p. 8.  However, agency action is arbitrary or capricious "only when it is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."  *Wilson v. U.S. Dep't of Agric.*, 991 F.2d 1211, 1215 (5th Cir. 1993), *cert. denied*, 510 U.S. 1192 (1994).  This highly deferential standard presumes the agency action to be valid.  *See Kisser v. Cisneros*, 14 F.3d 615, 619 (D.C. Cir. 1994); *see also Int'l Bhd. of Teamsters v. United States*, 735 F.2d 1525, 1534 (D.C. Cir. 1984).

Here, USCIS reviewed the statute and documentation submitted by plaintiff, and determined that the ETA 750 specifically indicated that the employee must have a four-year degree with a Bachelor's degree or equivalent.  Plaintiff did not establish that he possess[ed] a four-year degree.  Therefore, USCIS's decision was "within the bounds of reasoned decision

5

making" and is entitled to deference. *Baltimore Gas & Elec. Co. v. Natural Res. Defense Council*, 462 U.S. 87, 105 (1983).

The plaintiff argues that USCIS failed to follow precedent decisions which allow for substitution of experience for formal education for purposes of establishing that a beneficiary has the equivalent of a U.S. bachelor's degree. This argument is erroneous for at least three reasons. First, this case is about identifying whether the beneficiary meets the terms required by the employer's labor certification. The labor certification in this case clearly required that potential employees possess either a U.S. Bachelor's degree or a foreign degree equivalent to a U.S. bachelor's degree. The Service may not ignore a term of the labor certification, nor impose additional requirements. *See Madany v. Smith*, 696 F.2d 1008 (D.C. Cir. 1983).

The second error in plaintiff's argument is that he confuses meeting the terms of a labor certification in an immigrant visa petition context versus meeting the requirements of a federal regulation in the non-immigrant context. There are no current precedent decisions which allow for substitution of education, training, or experience to satisfy a bachelor's degree requirement in the context of an <u>immigrant</u> visa petition.

The first three decisions cited by the plaintiff simply do not apply to the facts of this case.[5] These three cases relate to petitions for temporary H-1 <u>non-immigrant</u> workers pursuant to section 214 of the Act, not <u>immigrant</u> visa petitions pursuant to section 204 of the Act. Further, unlike the case before this court, these cases do not relate to interpreting terms used in an employer's labor certification. It was clear in each case that the employer required a bachelor's

---

[5]*See Matter of Sea, Inc.*, 19 I&N Dec. 817 (Reg. Comm. 1988); *Matter of Caron Int'l, Inc.*, 19 I&N Dec. 791 (Reg. Comm. 1988); *Matter of Portugues Do Atlantico Information Bureau, Inc.,* 19 I&N Dec. 194 (Comm. 1984).

degree. Instead, they related to whether the beneficiary met requirements for satisfaction of a bachelor's degree under the applicable federal regulations for non-immigrant workers.

The regulations governing adjudication of H-1 visa petitions, <u>do</u> allow for "stacking" of education, experience, and/or training in demonstrating equivalency. *See* 8 C.F.R. 214.2(h)(4)(iii)(C)-(D) (for H-1b non-immigrant "specialty occupation" classification, 8 U.S.C. 1184(i)/INA 214(i), a beneficiary can fulfill the degree requirement by showing education, specialized training, and/or experience equivalent to completion of a U.S. baccalaureate degree or higher degree in the specialty occupation and having recognized expertise in the area). However, the plaintiff in this case is not seeking a <u>temporary non-immigrant</u> H-1 visa. Instead, he is seeking favorable adjudication of a <u>permanent I-140 immigrant</u> petition for alien worker. Some immigrant visa categories require bachelor's degrees while others do not. However, where the employer's labor certification clearly requires a degree, the regulations relating to permanent immigrant workers, found at 8 C.F.R. 204.5, simply do not allow the Service to circumvent the employers intent by allowing the beneficiary to meet the requirement of a foreign equivalent degree through "stacking" of experience, education and training, i.e., a lesser degree combined with additional training.

The third error in plaintiff's argument that USCIS did not follow precedent decisions is that, even were this case about interpreting federal regulations rather than interpreting the terms of the labor certification, he fails to address amendments to the Immigration and Nationality Act and Federal Regulations. The plaintiff cites five cases for the proposition that the requirement of

a bachelor's degree may be met by substituting experience for an actual bachelor's degree.[6]  The most recent of these cases was published on January 3, 1969.  The Immigration and Naturalization Act has undergone many amendments since that decision almost 40 years ago.

Eighteen years ago, Congress passed an amendment to the INA referred to as IMMACT 90.  The administrative history of the implementing regulations for IMMACT 90 clearly reflects that under the new amendments, an alien seeking to establish that he meets a visa classification that requires a bachelor's degree must show that he possesses a single degree equivalent to a U.S. baccalaureate.  In 1991, when the final rule for 8 C.F.R. 204.5 was published in the Federal Register, the Immigration and Naturalization Service (INS)[7] responded to criticism that the regulation required an alien to have a bachelor's degree as a minimum and that the regulation did not allow for the substitution of experience for education.

> Several commentors were perplexed that no substitute of experience alone for a baccalaureate was allowed.  Some pointed to past service case law which allowed for substitution of experience for academic work.   Some pointed to the Services regulations pertaining to H-1B non-immigrants which allow for equivalence of experience . . . .

 After examining the 1990 Act and considering public comments to the proposed regulations, the INS rejected the suggestion that requiring a bachelor's degree or its foreign

---

[6] *See Matter of Yaakov*, 13 I&N Dec. 203 (Reg. Comm. 1969); *Matter of Arjani*, 12 I&N Dec. 649 (Reg. Comm. 1967); *Matter of Sun*, 12 I&N Dec. 17 (D.D. 1966); *Matter of Bienkowski*, 12 I&N Dec. 17 (DD 1966); and *Matter of Devnani*, 11 I&N Dec. 800 (Acting D.D. 1966).

[7] The Homeland Security Act abolished the INS effective March 1, 2003 and transferred its functions to various agencies within the Department of Homeland Security, one being Citizenship and Immigration Services (CIS), defendant in this case.  Pub. L. 107-296, 116 Stat. 2135, 2192.

equivalent was too restrictive, and relied on both the INA and its legislative history to support its conclusion that an alien must have at least a bachelor's degree to qualify for a visa classification that has a bachelor's degree requirement as the minimum. *See* 56 Fed. Reg. 60897- 60899-60900 (November 29, 1991).

In short, plaintiff's argument that Defendant is not following precedent decisions is flawed. None of the eight cases cited by the plaintiff are on point with the issues in this case. None address the issue of how to interpret the terms used in an employer's labor certification. Instead, the cases address the separate and distinct question of whether the regulations relating to classification of immigrant workers allow substitution of experience for a visa category that requires a bachelor's degree. The first three cases do not even relate to immigrant visa petitions. Instead, they relate to non-immigrant petitions which are governed by separate rules and regulations. The holdings in the remaining five cases have been superseded by IMMACT 90 and its implementing regulations.

The plaintiff argues that the regulations relating to qualification as a professional are irrelevant to the issue of whether he qualifies as a skilled worker. However, it is <u>not</u> the regulation relating to the classification of "professional" that presents the obstacle to this visa petition. Instead, it is the regulation relating to "skilled worker." Specifically, 8 C.F.R. 204.5(l)(3)(ii)(B) provides:

> (B) Skilled workers. If the petition is for a skilled worker, the petition
> must be accompanied by evidence that the alien meets the educational,
> training, or experience, and any other requirements of the individual labor
> certification . . . .

In this case, the labor certification clearly required that the beneficiary possess a bachelor's

9

degree or a foreign degree equivalent to a bachelor's degree. Since the plaintiff could not meet all requirements of the labor certification, he likewise could not qualify as a skilled worker.

### 4. Defendant Did Not Depart From Its Precedents.

Plaintiff argues that the Court's conclusion that Defendant did not abuse its discretion was in error because Defendant departed from its precedents which allow one to "establish the equivalency of a U.S. baccalaureate degree with qualifications other than a single four-year bachelor's degree with [other] qualifications . . . ." Pltf's Motion at p. 10. However, Defendant did not depart from its precedents. Rather, it applied applicable law.

Under Section 203(b)(3)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1153(b)(3)(A)(i), a "professional" is defined as a "[q]ualified immigrant[] who hold[s a] baccalaureate degree[] . . . ." Plaintiff does not meet the definition of a professional under the terms of the statute.[8] Moreover, in order to be a recipient of the I-140 petition at issue, Plaintiff still had to meet the minimum requirements of the ETA-750. As indicated *supra*, Plaintiff clearly did not.[9]  *See* Defendant's Motion at pp. 12-17.

---

[8] The Court noted that it did "not view the applicable statutory language as particularly ambiguous, but even if it [did], USCIS's reasonable interpretation of an ambiguity within a statutory definition would be entitled to th[e] Court's deference. Mem. Op. at p. 13 *citing Chevron U.S.A., Inc., v. Natural Resources Defense Counsel, Inc.,* 467 U.S. 837, 843 (1984).

[9] Moreover, Plaintiff did not meet the qualifications of a skilled worker. In order to establish that a beneficiary meets the definition of "skilled worker," an employer must present "evidence that the alien meets the educational, training or experience, **and** any other requirements of the individual labor certification . . . ." 8 C.F.R. § 204.5(l)(emphasis added). Plaintiff did not meet the requirements of the individual labor certification.

### III.  CONCLUSION

For the foregoing reasons, plaintiff's Memorandum in Opposition to Plaintiff's Motion for Reconsideration should be denied.

>Respectfully submitted,


>/s/
>JEFFREY A. TAYLOR, D.C. BAR # 498610
>United States Attorney


>/s/
>RUDOLPH CONTRERAS, D.C. BAR #  434122
>Assistant United States Attorney


>/s/
>MARIAN L. BORUM
>Assistant United States Attorney
>United States Attorney's Office
>555 Fourth Street, N.W.- Civil Division
>Washington, D.C. 20530
>202-514-6531

Of Counsel:
Allen Kenny
Service Center Counsel
U.S. Department of Homeland Security
Citizen and Immigration Services
Nebraska Service Center
P.O. Box 82521
Lincoln, Nebraska  68501

**CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing Motion to Dismiss or, in the Alternative, for Summary Judgment, was made by the Court's Electronic Case Filing System, and regular mail, this 22nd day of April, 2008 to:

Michael E. Piston
Michael E. Piston, P.C.
4000 Livernois, Suite 110
Troy, Michigan 48098

/s/
MARIAN L. BORUM
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W.- Civil Division
Washington, D.C. 20530
(202) 514-6531